# Supreme Court of Florida

_____

No. SC16-978
_____

**IN RE: AMENDMENTS TO FLORIDA FAMILY LAW RULES OF PROCEDURE.**

[March 16, 2017]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Family Law Rules of Procedure and Florida Family Law Rules of Procedure Forms. We have jurisdiction. See art. V, § 2(a), Fla. Const.

## BACKGROUND

The Family Law Rules Committee (Committee) has filed an out-of-cycle report recommending the Court adopt multiple amendments to the Florida Family Law Rules of Procedure to create a stand-alone set of rules to govern family law proceedings. The Committee also proposes amendments to several family law forms and proposes several new family law forms. All of the rule and form amendments were approved by the full Committee and the Board of Governors of The Florida Bar.

The Family Law Rules were first adopted by the Court in 1995. See In re Family Law Rules of Procedure, 663 So. 2d 1047 (Fla. 1995). The Committee in that case initially proposed stand-alone rules that incorporated the Florida Rules of Civil Procedure into the Family Law Rules and also included rules unique to family law proceedings. However, at that time, the Board of Governors of The Florida Bar took the position that the Family Law Rules should reference the civil rules where necessary rather than totally incorporate them with significant changes. Id. at 1048. The Court agreed with this position. Although the Court found the Committee's stand-alone approach to the new rules "well intended," it determined that putting the text of the civil rules, with stylistic and substantive changes, into the new rules "would make it difficult for general practitioners to easily discern what differences existed between the civil rules and the family law rules and what changes were in fact substantive and what changes were only stylistic." Id. at 1047. Thus, the Court modified the Committee's proposals "to require that the civil rules apply to family law matters except as set forth in the family law rules." Id. at 1048. The modified rules were adopted by the Court, with some revisions after further comment, and made effective January 1, 1996. See id. at 1049.

At present, the Board of Governors has unanimously voted to approve the proposed amendments in this case, and only three comments were filed in response

to the Court's publication of the proposed amendments—only one of which opposes the stand-alone concept. Further, the Committee explains in its report:

> Over the years, the whole concept of "family law" has grown from simply being "divorce court" into a now distinct court—one that has to constantly find ways to handle a growing number of issues that arise in twenty-first century families, such as paternity proceedings, disputes over time-sharing and visitation, domestic violence, and enforcement proceedings.
>
> The Commission of Family Courts, created in 1990, has recommended "that the Supreme Court require each judicial circuit to submit to the court for approval a local rule establishing a family division in its circuit or a means to coordinate family law matters that affect one family if the circuit or part of the circuit is of such limited size that it is unable to administratively justify such a division." In Re: Report of the Commission on Family Courts, 588 So. 2d 586 (Fla. 1991).
>
> As society went through radical changes, various areas of government developed to assist families, creating an evolution such that the practice of what had simply been "family law," which seemed to fit under the umbrella of the Civil Rules of Procedure, developed into the practice of marital and family law. This practice is now represented in The Florida Bar by its own section and in the Judiciary by each Circuit's Family Law Division.

The Committee also contends that a stand-alone rule set will be helpful and less confusing for pro se litigants in that for most issues they will not have to consult multiple sets of rules for guidance. Given the developments in the practice of marital and family law, the benefit to pro se litigants, and the Board's support for the proposals, we agree that consideration of a stand-alone set of rules for family law cases is warranted.

- 3 -

Prior to submission to the Court, the Committee published its proposals for comment in the August 1, 2015, edition of The Florida Bar News. Comments were received from several attorneys, a general magistrate, and the Family Law Section of The Florida Bar (Section). After consideration of the comments addressing specific rules, the Committee made further revisions to the proposed amendments. The rules that were amended in response to the comments received were then republished in the October 15, 2015, edition of The Florida Bar News. No additional comments were received in response to the second publication of the proposed rule amendments.

After the report was submitted to the Court, the proposals were again published for comment. Comments were received from the Section, Gregory Firestone, Ph.D., and the law firm of Sasser, Cestero & Sasser, P.A. The Committee filed a response to the comments.

Upon consideration of the report, the Committee's proposals, the comments, and the Committee's response thereto, we adopt the proposed rule amendments creating a stand-alone set of Family Law Rules of Procedure, with several

modifications. Those modifications, as well as several issues and concerns raised by the comments filed, are discussed below.[1]

AMENDMENTS[2]

First, the proposed amendment to Florida Family Law Rule of Procedure 12.110 (General Rules of Pleading), in part, adds new subdivision (c) pertaining to verification of documents. As proposed, new subdivision (c)(1) would provide the statement to be included when verification is done in an individual capacity, and new subdivision (c)(2) would provide the statement to be included when verification is done in a representative capacity on behalf of a corporate entity. One of the comments filed takes issue with this proposed new provision pertaining to verification, specifically, the provision containing the oath to be given when a document is verified in a representative capacity. This provision is not contained in current Florida Rule of Civil Procedure 1.110, and the Committee does not explain the source of the wording it proposes. Accordingly, we decline to adopt this particular portion of the proposed amendment to this rule.

---

1. The Committee has proposed, and we adopt, other minor and editorial amendments to the family law forms to conform to the Court's Style Guide for rule amendment submissions.

2. Other minor and editorial amendments are made to the rules.

Next, the proposed amendments to Florida Family Law Rule of Procedure 12.210 (Parties), in part, create a new subdivision (b) incorporating the provisions of Florida Rule of Civil Procedure 1.210 and stating that the "court shall have the discretion to appoint a guardian ad litem and/or attorney ad litem for a minor, incapacitated, or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the minor, incapacitated, or incompetent person." A comment filed pertaining to this proposal raised the concern that this language is contrary to section 61.401, Florida Statutes (2016), and case law, noting that in some circumstances, appointment of a guardian ad litem is mandatory. See Turnier v. Stockman, 139 So. 3d 397, 400 n.2 (Fla. 3d DCA 2014) (setting forth circumstances in which courts may or must appoint guardian ad litem).

Florida Rule of Civil Procedure 1.210(b), currently applicable in family law proceedings, provides in part that the court "shall appoint a guardian ad litem for a minor or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the minor or incompetent person." Although this provision uses the term "shall," appointment of a guardian ad litem under this rule has been construed as being discretionary in nature. Tallahassee Mem'l Reg'l Med. Ctr. v. Petersen, 920 So. 2d 75, 78 (Fla. 1st DCA 2006). Thus, by changing this provision from "shall appoint" to "shall have the

discretion to appoint," the Committee has not changed its meaning. Further, courts applying this rule have recognized that although the rule is discretionary, other specific statutes and rules may require appointment of a guardian ad litem under certain circumstances. As pointed out by the comment, section 61.401, Florida Statutes (2016), provides:

> In an action for dissolution of marriage or for the creation, approval, or modification of a parenting plan, if the court finds it is in the best interest of the child, the court may appoint a guardian ad litem to act as next friend of the child, investigator or evaluator, not as attorney or advocate. The court in its discretion may also appoint legal counsel for a child to act as attorney or advocate; however, the guardian and the legal counsel shall not be the same person. In such actions which involve an allegation of child abuse, abandonment, or neglect as defined in s. 39.01, which allegation is verified and determined by the court to be well-founded, the court shall appoint a guardian ad litem for the child. The guardian ad litem shall be a party to any judicial proceeding from the date of the appointment until the date of discharge.

Because the proposed amendments do not change the meaning of the rule and are not intended to supersede statutes requiring appointment of a guardian or attorney ad litem in specific circumstances, we defer to the expertise of the Committee and adopt the amendments to this rule as proposed.

Next, the proposed amendments to Florida Family Law Rule of Procedure 12.270 (Consolidation; Separate Trials) delete the existing provision referencing Florida Rule of Civil Procedure 1.270 and replace it with a provision stating that "[r]elated cases and consolidation of cases are governed by Florida Rule of Judicial

Administration 2.545." Concerns were raised in a comment to this proposal that this change would result in increased litigation and expenditure of judicial resources by calling into question the customary practice of bifurcating into separate trials the issue of the validity of a premarital or postnuptial agreement and the remaining issues in a dissolution of marriage proceeding. The comment noted that Florida Rule of Judicial Administration 2.545 (Case Management) does not specifically address the consolidation or bifurcation of trials and contended that deleting the reference to Florida Rule of Civil Procedure 1.270 could be construed as taking away the ability of family law trial judges to bifurcate family law cases on an issue by issue basis.

Although Florida Rule of Judicial Administration 2.545 does not specifically address consolidation or bifurcation of trials, it does address related cases. Rule 2.545(d) requires a petitioner in a family case to file a notice of related cases. The definition of "family cases" in the rule includes both "dissolution of marriage" and "declaratory judgment actions related to premarital, marital, or post marital agreements." Thus, the rule already contemplates that these types of actions are separate but possibly related "family cases"; there should be no need to bifurcate them. Florida Rule of Judicial Administration 2.545 also requires the trial judge to "take charge of all cases at an early stage in the litigation," "control the progress of the case," and "take specific steps to monitor and control the pace of litigation,"

including "developing rational and effective trial setting policies." There is nothing in these provisions that would prevent the trial court from effectively managing related dissolution of marriage and declaratory judgment actions to resolve the question of the validity of a premarital, marital, or post marital agreement at an appropriate stage of the litigation. Given these provisions, we defer to the expertise of the Committee with regard to the concerns raised in this comment, and adopt the amendments to Florida Family Law Rule of Procedure 12.270 as proposed.

With regard to the proposed amendments to Florida Family Law Rule of Procedure 12.285 (Mandatory Disclosure) and Rule 12.350 (Production of Documents and Things and Entry Upon Land for Inspection and For Other Purposes), the Family Law Section of The Florida Bar (Section) in its comment suggested several additional amendments to these rules. In its response to this comment, the Committee stated that the Section's suggestions are being addressed by the Committee in its upcoming three-year-cycle report. In light of this response, we defer to the Committee and adopt the amendments to these rules as proposed.

Next, the Committee has proposed amendments to Florida Family Law Rule of Procedure 12.340 (Interrogatories to Parties) incorporating the provisions of Florida Rule of Civil Procedure 1.340 (Interrogatories to Parties). Part of this

proposal incorporates the provisions of Florida Rule of Civil Procedure 1.340(c) "Option to Produce Records" into Florida Family Law Rule of Procedure 12.340. Florida Rule of Civil Procedure 1.340(c) states:

> When the answer to an interrogatory may be derived or ascertained from the records (including electronically stored information) of the party to whom the interrogatory is directed or from an examination, audit, or inspection of the records or from a compilation, abstract, or summary based on the records and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, an answer to the interrogatory specifying the records from which the answer may be derived or ascertained and offering to give the party serving the interrogatory a reasonable opportunity to examine, audit, or inspect the records and to make copies, compilations, abstracts, or summaries is a sufficient answer. An answer shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party interrogated, the records from which the answer may be derived or ascertained, or shall identify a person or persons representing the interrogated party who will be available to assist the interrogating party in locating and identifying the records at the time they are produced. If the records to be produced consist of electronically stored information, the records shall be produced in a form or forms in which they are ordinarily maintained or in a reasonably usable form or forms.

One of the comments to this proposal points out that certain standard family law interrogatories contained in Florida Family Law Rules of Procedure Forms 12.930(b) and (c) expressly state that the interrogated party may comply with the interrogatory by producing certain records and expresses concern that incorporating the provisions of Florida Rule of Civil Procedure 1.340(c) would permit production of records in response to other interrogatories as well. We

conclude that this is not a valid concern because under current Florida Family Law Rule of Procedure 12.340, the provisions of Florida Rule of Civil Procedure 1.340(c) are already applicable to family law proceedings.

However, the Committee's proposal incorporating the provisions of Florida Rule of Civil Procedure 1.340(c) removes the following language:

> or from an examination, audit, or inspection of the records or from a compilation, abstract, or summary based on the records and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, an answer to the interrogatory specifying the records from which the answer may be derived or ascertained and offering to give the party serving the interrogatory a reasonable opportunity to examine, audit, or inspect the records and to make copies, compilations, abstracts, or summaries.

This language is replaced simply with "production of the records in lieu of a written response is a sufficient answer." Thus, the requirement that the "burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed" and the requirement that the answer specify the records from which the answer may be derived or ascertained and offer to give a reasonable opportunity to examine, audit, or inspect the records and make copies, compilations, abstracts, or summaries has been deleted. We conclude that this is a substantive change in the requirements of this rule. Accordingly, we adopt a modified version of this proposal that includes the above language.

The Committee has also proposed several amendments to Florida Family Law Rule of Procedure 12.610 (Injunctions for Protection Against Domestic, Repeat, Dating, and Sexual Violence, and Stalking). These amendments would delete the words "Repeat" and "or Sexual" from the title of subdivision (c)(1)(A)(i) so that the amended title would read "Domestic or Dating Violence." The same amendments are proposed in the body of the subdivision to remove references to "repeat" and "sexual violence." Additionally, in the first sentence, the Committee proposes replacing the phrase "immediate and present" with the term "imminent" and adding the language "becoming the victim of," such that the first sentence would read: "For the injunction for protection to be issued ex parte, it must appear to the court that an imminent danger of becoming the victim of domestic or dating violence exists." The Committee further proposes amending the second sentence to add the language "and any other matters as provided by section 90.204(4), Florida Statutes," to bring to light 2014 statutory amendments to section 90.204, Florida Statutes.

The Committee also proposes amending subdivision (c)(1)(A)(ii), creating new language specifically addressing the statutory standards for a temporary injunction for repeat or sexual violence to be issued ex parte. According to the Committee, the language of this subdivision closely mirrors the language of subdivision (c)(1)(A)(i), including containing a reference to section 90.204(4),

Florida Statutes. Newly numbered subdivision (c)(1)(A)(iii) would then incorporate the language of existing subdivision (c)(1)(A)(ii), regarding stalking, with the addition of language to reference section 90.204(4), Florida Statutes, to bring to light the 2014 statutory amendments to that section.

One of the comments pertaining to this proposal contends that it is in conflict with section 784.046, Florida Statutes (2016). The plain language of this statute states:

> [w]hen it appears to the court that an immediate and present danger of violence exists, the court may grant a temporary injunction which may be granted in an ex parte hearing, pending a full hearing, and may grant such relief as the court deems proper, including an injunction enjoining the respondent from committing any acts of violence. § 784.046(6)(a), Fla. Stat. (2016).

The comment contends that without explanation, the Committee proposes replacing "immediate and present danger" with "imminent danger" and proposes the creation of a new subdivision, which addresses only temporary injunctions for repeat and sexual violence and replaces the requirement that it must appear to the court "that an immediate and present danger of violence exists" with the requirement that "repeat or sexual violence exists." The comment points out that section 784.046 does not distinguish between the different forms of injunction for repeat violence, dating violence, or sexual violence and contends that Florida Family Law Rule of Procedure 12.610 should not either.

The comment is correct that the proposed amendments to subdivision (c)(1)(A) of Florida Family Law Rule of Procedure 12.610 that appear to change the standard for issuance of a temporary injunction for domestic and dating violence from "immediate and present danger" of domestic or dating violence to "imminent danger of becoming the victim of" domestic or dating violence, and that would separate out sexual and repeat violence from subdivision (c)(1)(A)(i) and provide yet another standard for issuance of a temporary injunction in those situations—"that repeat or sexual violence exists"—are inconsistent with statutory law. Section 741.30(5)(a), Florida Statutes (2016), addresses injunctions for domestic violence and provides that a temporary injunction may be issued when "it appears to the court that an immediate and present danger of domestic violence exists." Similarly, section 784.046, Florida Statutes (2016), addresses injunctions for repeat, dating, and sexual violence, and it provides that a temporary injunction may be issued "when an immediate and present danger of violence exists."

The Florida Supreme Court Family Law Forms for temporary injunctions against repeat, sexual, dating, and domestic violence reflect the statutory standard. Form 12.980(k), Temporary Injunction for Protection Against Repeat Violence, recites that "[t]he statements made under oath by Petitioner make it appear that Section 784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of repeat violence and that an immediate and present danger of repeat violence

- 14 -

exists to Petitioner or to a member of Petitioner's family." Form 12.980(r), Temporary Injunction for Protection Against Sexual Violence, states that "[t]he statements made under oath by Petitioner make it appear that Section 784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of sexual violence by Respondent and meets the requirements for an injunction established by law," i.e., that an immediate and present danger of violence exists, under section 784.046(6)(a), Florida Statutes (2016).

The temporary injunction forms for domestic and dating violence use both the "imminent danger" language and the "immediate and present danger" language. Form 12.980(o), Temporary Injunction for Protection Against Dating Violence, states:

> The statements made under oath by Petitioner make it appear that Section 784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of dating violence and/or Petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of an act of dating violence by Respondent, and that an immediate and present danger of dating violence exists to Petitioner or to a member of Petitioner's immediate family.

Forms 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren), and 12.980(c)(2), Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren), both state:

> The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she

is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.

Given the above, we decline to adopt the proposed amendments to Florida Family Law Rule of Procedure 12.610.

## CONCLUSION

We would like to thank the Family Law Rules Committee for its dedication, service, and diligent work in proposing the stand-alone set of rules for family law cases that we adopt here. We also thank the Board of Governors of The Florida Bar for its participation and input, as well as the valuable input of those who filed comments in this matter.

Accordingly, the Florida Family Law Rules of Procedure and Florida Family Law Rules of Procedure Forms are hereby amended as set forth in the appendix to this opinion. Language added to the rules is indicated by underscoring; deleted language is shown in struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules.

The amended forms are fully engrossed and ready for use. The forms may also be accessed and downloaded from the Florida State Courts' website at www.flcourts.org/resources-and-services/court-improvement/problem-solving-courts/family-courts/family-law-forms.stml. By adoption of the amended forms, we express no opinion as to their correctness or applicability.

The amended rules and forms shall become effective immediately upon release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.
LAWSON, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Family Law Rules

Judge Laurel Moore Lee, Chair, Family Law Rules Committee, Plant City, Florida; Charles Cole Jeffries, Jr., Past Chair, Family Law Rules Committee, Tampa, Florida; and John F. Harkness, Jr., Executive Director, and Krys Godwin, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Sarah E. Kay, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Sessums Black Caballero Ficarrotta, Tampa, Florida; C. Debra Welch, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, The Law Firm of C. Debra Welch PA, West Palm Beach, Florida; Laura Davis Smith, Chair, Family Law Section of The Florida Bar, Greene Smith & Associates, P.A., Coral Gables, Florida; Thomas J. Sasser, Jorge M. Cestero, Peter J. Trombadore, and Trisha P. Armstrong of Sasser, Cestero & Sasser, P.A., West Palm Beach, Florida; and Gregory Firestone, Ph.D., Sarasota, Florida,

Responding with Comments

# APPENDIX

## RULE 12.005.    TRANSITION RULE

These rules ~~shall~~ apply to all family law cases ~~effective January 1, 1996~~<u>as of March 16, 2017</u>. Any action taken in a family law case before ~~January 1, 1996~~<u>March 16, 2017</u>, that conformed to the then-effective rules or statutes governing family law cases, will be regarded as valid during the pendency of the litigation.

### Commentary

**1995 Adoption**. This rule provides for an effective date of January 1, 1996, for these Florida Family Law Rules of Procedure. Under this rule, any action taken in a family law matter before January 1, 1996, will be regarded as valid during the pendency of the litigation so long as that action was taken in accordance with the then-effective rules or statutes governing family law cases. Any action taken after January 1, 1996, in new or pending family law cases will be governed by these rules.

## RULE 12.010.    SCOPE, PURPOSE, AND TITLE

**(a)    Scope.**

(1)    These rules apply to all actions concerning family matters, including injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking, except as otherwise provided by the Florida Rules of Juvenile Procedure or the Florida Probate Rules. "Family matters," "family law matters," or "family law cases" as used within these rules include, but are not limited to, matters arising from dissolution of marriage, annulment, support unconnected with dissolution of marriage, paternity, child support, an action involving a parenting plan for a minor child or children (except as otherwise provided by the Florida Rules of Juvenile Procedure), proceedings for temporary or concurrent custody of minor children by extended family, adoption, proceedings for emancipation of a minor, declaratory judgment actions related to premarital, marital, or postmarital agreements (except as otherwise provided, when applicable, by the Florida Probate Rules), injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking, and all proceedings for modification, enforcement, and civil contempt of these actions.

(2)     The form, content, procedure, and time for pleading in all ~~special statutory~~ proceedings shall be as prescribed by the statutes governing the proceeding unless these rules or the Florida Rules of ~~Civil Procedure~~Judicial Administration, where applicable, specifically provide to the contrary. All actions ~~governed by~~under these rules shall also be governed by the Florida Evidence Code, which ~~shall govern~~applies in cases where a conflict with these rules may occur.

**(b) – (c)**  [no change]

## RULE 12.015.     FAMILY LAW FORMS

**(a)     Forms Adopted as Rules.** The forms listed in this rule shall be adopted by the rulemaking process in ~~Fla. R. Jud. Admin.~~Florida Rule of Judicial Administration 2.140. The Family Law Rules Committee of The Florida Bar ~~shall~~may propose amendments to these forms and any associated instructions. These forms shall be designated "Florida Family Law Rules of Procedure Forms." Forms coming under this provision are:

(1)     12.900(a), Disclosure From Nonlawyer;

(2)     12.900(b), Notice of Limited Appearance;

(3)     12.900(c), Consent to Limited Appearance by Attorney;

(4)     12.900(d), Termination of Limited Appearance;

(5)     12.900(e), Acknowledgment of Assistance by Attorney;

(6)     12.900(f), Signature Block for Attorney Making Limited Appearance;

(7)     12.900(g), Agreement Limiting Representation;

(8)     12.900(h), Notice of Related Cases;

(9)     12.901(a), Petition for Simplified Dissolution of Marriage;

(10)    12.902(b), Family Law Financial Affidavit (Short Form);

(11)    12.902(c), Family Law Financial Affidavit (Long Form);

(12)　12.902(e), Notice of Filing Child Support Guidelines Worksheet;

(13)　12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage;

(14)　12.910(a), Summons: Personal Service on an Individual;

(15)　12.911(a), Subpoena for Hearing or Trial (Issued by Clerk);

(16)　12.911(b), Subpoena for Hearing or Trial (Issued by Attorney);

(17)　12.911(c), Subpoena Duces Tecum for Hearing or Trial (Issued by Clerk);

(18)　12.911(d), Subpoena Duces Tecum for Hearing or Trial (Issued by Attorney);

(19)　12.911(e), Subpoena for Deposition (Issued by Clerk);

(20)　12.913(b), Affidavit of Diligent Search and Inquiry;

(~~16~~21)　　12.913(c), Affidavit of Diligent Search;

(~~17~~22)　　12.920(a), Motion for Referral to General Magistrate;

(~~18~~23)　　12.920(b), Order of Referral to General Magistrate;

(~~19~~24)　　12.920(c), Notice of Hearing Before General Magistrate;

(~~20~~25)　　12.928, Cover Sheet for Family Court Cases;

(~~21~~26)　　12.930(a), Notice of Service of Standard Family Law Interrogatories;

(~~22~~27)　　12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings;

(~~23~~28)　　12.930(c), Standard Family Law Interrogatories for Modification Proceedings;

(29)    12.930(d), Notice of Service of Answers to Standard Family Law Interrogatories;

(~~24~~30)        12.932, Certificate of Compliance with Mandatory Disclosure;

(31)    12.975, Notice of Compliance When Constitutional Challenge is Brought;

(~~25~~32)        12.984(a), Order of Referral to Parenting Coordinator;

(33)    12.984(b), Response by Parenting Coordinator;

(34)    12.984(c), Parenting Coordinator Report of an Emergency;

(35)    12.984(d), Parenting Coordinator Request for Status Conference;

(~~26~~36)        12.990(a), Final Judgment of Simplified Dissolution of Marriage;

(~~27~~37)        12.996(a), Income Deduction Order (Non-Title IV-D);

(~~28~~38)        12.996(b), Notice to Payor;

(~~29~~39)        12.996(c), Notice of Filing Return Receipt; ~~and~~

(~~30~~40)        12.996(d), Florida Addendum to Income Withholding Order; and

~~(31)    12.998, Order of Referral to Parenting Coordinator.~~

(41)    12.999, Final Disposition Form.

**(b)**    [no change]

### Commentary

[no change]

**RULE 12.020.        ~~APPLICABILITY OF FLORIDA RULES OF CIVIL PROCEDURE~~DEFINITIONS**

~~The Florida Rules of Civil Procedure are applicable in all family law matters except as otherwise provided in these rules. These rules shall govern in cases where a conflict with the Florida Rules of Civil Procedure may occur. Whenever the Florida Rules of Civil Procedure apply to family matters, the use of the words plaintiff, defendant, and complaint within the context of the civil rules shall be interchangeable, where appropriate, with the words, petitioner, respondent, and petition, respectively~~For definitions of family law terms found in these rules, refer to the Family Law Glossary of Common Terms and Definitions contained in the General Information for Self-Represented Litigants located at www.flcourts.org.

~~Commentary~~

**1995 Adoption.** ~~To avoid confusion among members of the bar who practice in both family law and civil law areas, it is intended that as much uniformity as possible be maintained between the Florida Family Law Rules of Procedure and the Florida Rules of Civil Procedure. To assist in this effort, the Florida Supreme Court determined that the Florida Rules of Civil Procedure were to apply except as set forth herein. Exceptions and additions to the Florida Rules of Civil Procedure are contained in Florida Family Law Rules of Procedure that are numbered to correspond to their civil rule counterparts. For example, exceptions to Florida Rule of Civil Procedure 1.080 are contained in Florida Family Law Rule of Procedure 12.080.~~

## RULE 12.030.     ~~N~~ONVERIFICATION OF PLEADINGS

Except as otherwise provided in these rules, ~~V~~verification of pleadings shall be governed by the Florida Rules of ~~Civil Procedure 1.030~~Judicial Administration or applicable statute.

## RULE 12.050.     WHEN ACTION COMMENCED

~~Commencement of actions shall be governed by Florida Rule of Civil Procedure 1.050~~Every family law matter shall be deemed commenced when the petition is filed, except that ancillary proceedings shall be deemed commenced when the writ is issued or the pleading setting forth the claim of the party initiating the action is filed.

## RULE 12.060.     TRANSFERS OF ACTIONS

~~Transfers of actions shall be governed by Florida Rule of Civil Procedure 1.060.~~

**(a)    Transfers of Courts.** If it should appear at any time that an action is pending in the wrong court of any county, it may be transferred to the proper court within the county by the same method as provided by Florida law.

**(b)    Wrong Venue.** When any action is filed placing venue in the wrong county, the court may transfer the action in the manner provided by Florida law to the proper court in any county in which it might have been brought in accordance with the venue statutes. When the venue might have been placed in 2 or more counties, the person bringing the action may select the county to which the action is transferred. If no such selection is made, the matter shall be determined by the court.

**(c)    Method.** The service charge of the clerk of the court to which an action is transferred under this rule must be paid by the party who commenced the action within 30 days from the date the order of transfer is entered, subject to taxation as provided by law when the action is determined. If the service charge is not paid within the 30 days, the action may be dismissed without prejudice by the court that entered the order of transfer.

## RULE 12.070.    PROCESS

**(a)    ~~Service of Initial Process.~~** ~~Upon the commencement of all family law actions, including proceedings to modify a final judgment, service of process shall be as set forth in Florida Rule of Civil Procedure 1.070.~~**Issuance of Summons.**

**(1)    In General.** On the commencement of the action, including proceedings to modify a final judgment, summons or other process authorized by law must be issued immediately by the clerk or judge under the clerk's or the judge's signature and the seal of the court and delivered for service.

**~~(b)~~    (2)    Contents of Summons.** ~~The~~All summons~~, cross-claim summons, and third-party summons~~ in family law matters ~~shall~~must be patterned after Florida Family Law Rules of Procedure Form 12.910(a) and ~~shall~~must specifically contain the following language:

> WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.

**(b)    Service; By Whom Made.** Service of process may be made by an officer authorized by law to serve process, but the court may appoint any competent person not interested in the action to serve the process. When so appointed, the person serving process must make proof of service by affidavit promptly and in any event within the time during which the person served must respond to the process. Failure to make proof of service will not affect the validity of the service. When any process is returned not executed or returned improperly executed for any respondent, the party causing its issuance must be entitled to such additional process against the unserved party as is required to effect service.

**(c)    Service; Numerous Respondents.** If there is more than 1 respondent, the clerk or judge must issue as many writs of process against the several respondents as may be directed by the petitioner or the petitioner's attorney.

**(d)    Service by Publication.** Service of process by publication may be made as provided by statute.

**(e)    Constructive Service.**

(1)    For constructive service of process on the legal father in any case or proceeding to establish paternity which would result in termination of the legal father's parental rights, the petitioner ~~shall~~must file an affidavit of diligent search and inquiry that conforms with Florida Family Law Rules of Procedure Form 12.913(c). If the legal father cannot be located, he ~~shall~~must be served with process by publication in the manner provided by chapter 49, Florida Statutes. The notice ~~shall~~must be published in the county where the legal father was last known to have resided. The clerk of the circuit court ~~shall~~must mail a copy of the notice to the legal father at his last known address.

(2)    For constructive service of process in any case or proceeding involving parental responsibility, custody, or time-sharing with a minor child, the petitioner ~~shall~~must file an affidavit of diligent search and inquiry that conforms with Florida Family Law Rules of Procedure Form 12.913(c). If the responding party cannot be located, the party ~~shall~~must be served with process by publication in the manner provided by chapter 49, Florida Statutes. The clerk of the circuit court ~~shall~~must mail a copy of the notice to the party's last known address.

(3)    For constructive service of process in all other cases, an affidavit of diligent search and inquiry in substantial conformity with Florida Family Law Rules of Procedure Form 12.913(b), must be filed.

(d̶f) **Domestic, Repeat, Dating, and Sexual Violence, and Stalking Proceedings.** This rule does not govern service of process in proceedings for injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking.

(g) **Copies of Initial Pleading for Persons Served.** At the time of personal service of process a copy of the initial pleading must be delivered to the party on whom service is made. The date and hour of service must be endorsed on the original process and all copies of it by the person making the service. The party seeking to effect personal service must furnish the person making service with the necessary copies. When the service is made by publication, copies of the initial pleadings must be furnished to the clerk and mailed by the clerk with the notice of action to all parties whose addresses are stated in the initial pleading or sworn statement.

(h) **Service of Orders.** If personal service of a court order is to be made, the original order must be filed with the clerk, who must certify or verify a copy of it without charge. The person making service must use the certified copy instead of the original order in the same manner as original process in making service.

(i) **Fees; Service of Pleadings.** The statutory compensation for making service shall not be increased by the simultaneous delivery or mailing of the copy of the initial pleading in conformity with this rule.

(j) **Pleading Basis.** When service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service.

(k) **Service of Process by Mail.** A respondent may accept service of process by mail.

(1) Acceptance of service of a petition by mail does not waive any objection to the venue or to the jurisdiction of the court over the person of the respondent.

(2) A petitioner may notify any respondent of the commencement of the action and request that the respondent waive service of a summons. The notice and request must:

(A)    be in writing and be addressed directly to the respondent, if an individual, or to an officer or managing or general agent of the respondent, or other agent authorized by appointment or law to receive service of process;

(B)    be dispatched by certified mail, return receipt requested;

(C)    be accompanied by a copy of the petition and must identify the court in which it has been filed;

(D)    inform the respondent of the consequences of compliance and of failure to comply with the request;

(E)    state the date on which the request is sent;

(F)    allow the respondent 20 days from the date on which the request is received to return the waiver, or, if the address of the respondent is outside of the United States, 30 days from the date on which it is received to return the waiver; and

(G)    provide the respondent with an extra copy of the notice and request, including the waiver, as well as a prepaid means of compliance in writing.

(3)    If a respondent fails to comply with a request for waiver within the time provided herein, the court may impose the costs subsequently incurred in effecting service on the respondent unless good cause for the failure is shown.

(4)    A respondent who, before being served with process, timely returns a waiver so requested is not required to respond to the petition until 60 days after the date the respondent received the request for waiver of service. For purposes of computing any time prescribed or allowed by these rules, service of process will be deemed effected 20 days before the time required to respond to the petition.

(5)    When the petitioner files a waiver of service with the court, the action must proceed, except as provided in subdivision (k)(4) above, as if a summons and petition had been served at the time of filing the waiver, and no further proof of service shall be required.

(*l*)    **Summons; Time Limit.** If service of the initial process and initial pleading is not made upon a respondent within 120 days after filing of the initial

pleading directed to that respondent, the court, on its own initiative after notice or on motion, must direct that service be effected within a specified time or must dismiss the action without prejudice or drop that respondent as a party; provided that if the petitioner shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended petition is filed, the 120-day period for service of amended petitions on the new party or parties must begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 12.420(a)(1).

**RULE 12.071.    CONSTITUTIONAL CHALLENGE TO STATE STATUTE OR COUNTY OR MUNICIPAL CHARTER, ORDINANCE, OR FRANCHISE; NOTICE BY PARTY**

~~Constitutional challenges to a state statute or county or municipal charter, ordinance, or franchise, and the notice requirements of such challenges shall be governed by Florida Rule of Civil Procedure 1.071.~~

A party that files a pleading, written motion, or other document drawing into question the constitutionality of a state statute or a county or municipal charter, ordinance, or franchise must promptly

(a)    file a notice of constitutional question stating the question and identifying the document that raises it; and

(b)    serve the notice and the pleading, written motion, or other document drawing into question the constitutionality of a state statute or a county or municipal charter, ordinance, or franchise on the Attorney General or the state attorney of the judicial circuit in which the action is pending, by either certified or registered mail.

Service of the notice and pleading, written motion, or other document does not require joinder of the Attorney General or the state attorney as a party to the action.

**RULE 12.080.    SERVICE OF PLEADINGS AND FILING OF DOCUMENTS**

**(a)    Service.**

**(1)  Family Law Actions Generally.** Service of pleadings and documents after commencement of all family law actions, except proceedings for injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking, ~~shall be~~is as set forth in Florida Rule of Judicial Administration 2.516, except that rule 2.516 ~~shall~~ also appl~~y~~ies to service on the party during the attorney's limited appearance as provided in rule 12.040(f) and must be expanded as set forth in subdivisions (b) and (c) to include additional requirements for service of recommended orders and for service on defaulted parties.

**(2)  Domestic, Repeat, Dating, and Sexual Violence, and Stalking Actions.** Service of pleadings and documents regarding proceedings for injunctions against domestic, repeat, dating, and sexual violence, and stalking ~~shall be~~is governed by ~~Florida Family Law Rule of Procedure~~rule 12.610, where it is in conflict with this rule.

**(b)  Service and Preparation of Orders and Judgments.** A copy of all orders or judgments involving family law matters, except proceedings for injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking, ~~shall~~must be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. The court may require that recommended orders, orders, or judgments be prepared by a party. If the court requires that a party prepare the recommended order, order, or judgment, the party ~~shall~~must furnish the court with stamped, addressed envelopes to all parties for service of the recommended order, order, or judgment. The court may also require that any proposed recommended order, order, or judgment that is prepared by a party be furnished to all parties no less than 24 hours before submission to the court of the recommended order, order, or judgment.

**(c)  Defaulted Parties.** No service need be made on parties against whom a default has been entered, except that:

(1)  Pleadings asserting new or additional claims against defaulted parties ~~shall~~must be served in the manner provided for service of summons contained in ~~Florida Rule of Civil Procedure 1.070~~rule 12.070.

(2)  Notice of final hearings or trials and court orders ~~shall~~must be served on defaulted parties in the manner provided for service of pleadings and documents contained in Florida Rule of Judicial Administration 2.516.

(3)  Final judgments ~~shall~~must be served on defaulted parties as set forth in Florida Rule of Judicial Administration 2.516(h).

[no change]

**Committee Notes**

[no change]

## RULE 12.090.    TIME

**(a)    Computation.** Computation of time shall be governed by Florida Rule of Judicial Administration 2.514. ~~Other aspects of time shall be governed by Florida Rules of Civil Procedure 1.090(b)–(d).~~

**(b)    Enlargement.** When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if a request is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) on motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect. However, the court may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment, making a motion for relief from a judgment under rule 12.540(b), taking an appeal or filing a petition for certiorari, or making a motion for a directed verdict.

**(c)    For Motions.** A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing on the written motion must be served a reasonable time before the time specified for the hearing.

**Committee Notes**

[no change]

## RULE 12.100.    PLEADINGS; ~~AND~~ MOTIONS; AND CAPTIONS

~~Pleadings and motions shall be governed by Florida Rule of Civil Procedure 1.100, except that~~

~~(a) the party opening or reopening a case under these rules shall file with the clerk of the circuit court Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases; and~~

~~(b) the requirement in rule 1.100(c)(3) that parties file a final disposition form with the clerk if the action is settled without a court order or judgment being entered or if the action is dismissed by the parties, shall not apply to proceedings governed by these rules.~~

(a) **Pleadings.** There must be a petition or, when so designated by a statute or rule, a complaint, and a response or answer to it; a response or answer to a counterclaim denominated as such; an answer to a crossclaim if the answer contains a crossclaim; a third-party petition if a person who was not an original party is summoned as a third-party respondent or defendant; and a third-party response or answer if a third-party complaint is served. If a response or answer contains an affirmative defense and the opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance. In a post-judgment case, there are a supplemental petition and a response or an answer and a counter-supplemental petition and a response or an answer to it, if applicable. In those cases in which there is a related civil action that is not otherwise specifically addressed in the Family Law Rules of Procedure, then the Rules of Civil Procedure governs those pleadings. No other pleadings are allowed unless otherwise provided by law.

(b) **Motions.** An application to the court for an order must be by motion which must be made in writing unless made during a hearing or trial, must state with particularity the grounds therefor, and must set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. All notices of hearings must specify each motion or other matter to be heard.

(c) **Caption.**

(1) Every pleading, motion, order, judgment, or other document must have a caption containing the name of the court, the file number, and except for in rem proceedings, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be. In any in rem proceeding, every pleading, motion, order, judgment, or other document must have a caption containing the name of the court, the file number, the style "In re" (followed by the

name or general description of the property), and a designation of the person or entity filing it and its nature or the nature of the order. All documents filed in the action must be styled in such a manner as to indicate clearly the subject matter of the document and the party requesting or obtaining relief. Specific captions for family law cases are as follows:

(A)     Matters Arising From Dissolution of Marriage.

(i)     Original Dissolution of Marriage: In re the Marriage of .........., Husband and .........., Wife, regardless of who files first and whether there is a counter-petition.

(ii)     Modification of Final Judgment of Dissolution of Marriage: In the Former Marriage of .........., Former Husband, and .........., Former Wife, regardless of who files first and whether there is a supplemental counter-petition.

(B)     Annulment.

(i)     Original Annulment: In re the Marriage of .........., Husband and .........., Wife, regardless of who files first and whether a counter-petition for annulment or any other pleading in the alternative for dissolution of marriage is filed.

(ii)     Supplemental or Enforcement Proceedings. The caption must remain the same, regardless of whether an annulment or a dissolution of marriage was ultimately granted in the original proceeding.

(C)     Support Unconnected With Dissolution of Marriage: In re the Marriage of .........., Husband and .........., Wife, regardless of who files first and whether there is a counter-petition.

(D)     Paternity.

(i)     Original Paternity Proceeding when Paternity is not Admitted Before Filing: .........., Putative Father, and .........., Mother, regardless of who files first and whether there is a counter-petition.

(ii)     Original Paternity Proceedings when Paternity has been Admitted Before Filing: .........., Father, and .........., Mother, regardless of who files first and whether there is a counter-petition.

(iii)    Paternity Modification: .........., Father, and .........., Mother, regardless of who files the supplemental petition and whether there is a supplemental counter-petition.

(iv)    Disestablishment of Paternity Proceeding: .........., Father, and .........., Mother.

(E)    Proceedings for Temporary or Concurrent Custody of Minor Children by Extended Family: In the interest of .........., Child(ren).

(F)    Adoption.

(i)    In re: Termination of Parental Rights for Proposed Adoption of .....(name on child's birth certificate)....., Minor Child(ren).

(ii)    In re: Adoption of .....(name to be given child(ren))....., Adoptee(s).

(iii)    Stepparent Adoption Proceedings: In re: the Adoption of .....(name to be given child(ren))....., Adoptee(s).

(G)    Proceedings for Emancipation of a Minor: In re: Emancipation of .........., Minor.

(H)    Title IV-D Cases:  State, Dept. of Revenue, Child Support Program ex rel. .........., Petitioner, and .........., Respondent.

(I)    In all supplemental proceedings for modification or actions to enforce, the caption must remain the same as indicated in this rule.

(2)    Trial level nomenclature used in the caption should be simple, clear, constant, and, to the extent possible, unchanging, regardless of who files a petition, counter-petition, or a supplemental action. The trial level nomenclature expressed herein is intended to meaningfully identify the parties by role, such as Wife, Husband, Former Wife, Former Husband, Putative Father, Father, and Mother. Information as to who files a pleading or motion should be part of the document rather than in the caption of the case.

(3)    A cover sheet for family court cases (form 12.928) must be completed and filed with the clerk at the time a complaint or petition is filed by the party initiating the action. If the cover sheet is not filed, the clerk must accept the

complaint or petition for filing; but all proceedings in the action must be abated until a properly executed cover sheet is completed and filed. The clerk must complete the cover sheet for a party appearing pro se.

(4) A final disposition form (form 12.999) must be filed with the clerk at the time of the filing of the order or judgment which disposes of the action. If the action is settled without a court order or judgment being entered, or dismissed by the parties, the plaintiff or petitioner must immediately file a final disposition form with the clerk. The clerk must complete the final disposition form for a party appearing pro se, or when the action is dismissed by court order for lack of prosecution under rule 12.420(d).

**(d)     Notice of Related Cases.** A notice of related cases, form 12.900(h), must be filed in conformity with Florida Rule of Judicial Administration 2.545(d).

**Commentary**

[no change]

## RULE 12.110.     GENERAL RULES OF PLEADING

~~The general rules of pleading in Florida Rule of Civil Procedure 1.110 shall apply to these proceedings except that proceedings to modify a final judgment in a family law matter shall be initiated only pursuant to rule 1.110(h) and not by motion.~~

**(a)     Forms of Pleadings.** Forms of action and technical forms for seeking relief and of pleas, pleadings, or motions are abolished.

**(b)     Claims for Relief.** A pleading which sets forth a claim for relief, whether an original petition, counterpetition, counterclaim, crossclaim, or third-party claim, must state a cause of action and must contain

(1)     a short and plain statement of the grounds on which the court's jurisdiction depends, unless the court already has jurisdiction and the pleading needs no new grounds of jurisdiction to support it,

(2)     a short and plain statement of both the relief requested and the ultimate facts showing that the pleader is entitled to that relief, and

- 33 -

(3)     a demand for judgment for the relief to which the pleader deems himself or herself entitled.

Relief in the alternative or of several different types may be demanded. Every petition shall be considered to pray for general relief.

**(c)     The Answer.** In the answer a pleader must state in short and plain terms the pleader's answers to each claim asserted and must admit or deny the allegations on which the adverse party relies. If the pleader is without knowledge, he or she must so state and such statement operates as a denial. Denial must fairly meet the substance of the allegations denied. When a pleader intends in good faith to deny only a part of an allegation, the pleader must specify so much of it as is true and must deny the remainder. Unless the pleader intends in good faith to controvert all of the allegations of the preceding pleading, the pleader may make denials as specific denials of designated allegations or may generally deny all of the allegations except such designated allegations as the pleader expressly admits. However, when the pleader does so intend to controvert all of its allegations, including allegations of the grounds on which the court's jurisdiction depends, the pleader may do so by general denial.

**(d)     Affirmative Defenses.** In the answer a party must state affirmatively any matter constituting an avoidance or affirmative defense or any other affirmative defense as allowed by law. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if justice so requires, must treat the pleading as if there had been a proper designation. Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 12.140, provided this shall not limit amendments under rule 12.190 even if such grounds are sustained.

**(e)     Effect of Failure to Deny.** Allegations in a pleading to which a responsive pleading is required, other than those as to the relief requested, are admitted when not denied in the responsive pleading. Allegations in a pleading to which no responsive pleading is required or permitted must be taken as denied or avoided.

**(f)     Separate Statements.** All allegations of claim or defense must be made in consecutively numbered paragraphs, the contents of each of which must be limited as far as practicable to a statement of a single set of circumstances, and a paragraph may be referred to by number in all subsequent pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than

denials must be stated in a separate count or response when a separation facilitates the clear presentation of the matter set forth.

**(g)** **Joinder of Causes of Action; Consistency.** A pleader may set up in the same action as many claims or causes of action or defenses in the same right as the pleader has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if 2 or more causes of action are joined. A party may also set forth 2 or more statements of a claim or defense alternatively, either in 1 count or defense or in separate counts or defenses. When 2 or more statements are made in the alternative and 1 of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of 1 or more of the alternative statements. A party may also state as many separate claims or defenses as that party has, regardless of consistency and whether based on legal or equitable grounds or both. All pleadings must be construed so as to do substantial justice.

**(h)** **Subsequent Pleadings.** When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment must be designated a supplemental petition. The action must then proceed in the same manner and time as though the supplemental petition were the initial pleading in the action, including the issuance of any needed process. Proceedings to modify a final judgment must be initiated only under this subdivision and not by motion. This subdivision does not apply to proceedings that may be initiated by motion under these rules.

### Commentary

[no change]

## RULE 12.120. PLEADING SPECIAL MATTERS

~~Pleading of special matters shall be governed by Florida Rule of Civil Procedure 1.120.~~

**(a)** **Capacity.** Unless required by statute, it is not necessary to allege the capacity of a party to sue or be sued, the authority of a party to sue or be sued in a representative capacity, or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. The initial pleading served on behalf of a minor party must specifically allege the age of the minor party. When a party desires to raise an issue

as to the legal existence of any party, the capacity of any party to sue or be sued, or the authority of a party to sue or be sued in a representative capacity, that party must do so by specific negative allegation(s) which must include such supporting particulars as are peculiarly within the pleader's knowledge.

**(b)** **Fraud; Mistake; Condition of the Mind.** In all allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with such particularity as the circumstances may permit. Malice, intent, knowledge, mental attitude, and other condition of mind of a person may be alleged generally.

**(c)** **Conditions Precedent.** In pleading the performance or occurrence of conditions precedent, it is sufficient to allege generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence must be made specifically and with particularity.

**(d)** **Official Document or Act.** In pleading an official document or official act it is sufficient to allege that the document was issued or the act done in compliance with law.

**(e)** **Judgment or Decree.** In pleading a judgment or decree of a domestic or foreign court, a judicial or quasi-judicial tribunal, or a board or officer, it is sufficient to allege the judgment or decree without setting forth matter showing jurisdiction to render it.

**(f)** **Time and Place.** For the purpose of testing the sufficiency of a pleading, allegations of time and place are material and must be considered like all other allegations of material matter.

**(g)** **Special Damage.** When items of special damage are claimed, they must be specifically stated.

**RULE 12.140.** ~~DEFENSES~~**RESPONSES**

~~Defenses shall be governed by Florida Rule of Civil Procedure 1.140.~~

**(a)** **When Presented.**

(1) Unless a different time is prescribed in a statute of Florida, a respondent must serve a response within 20 days after service of original process and the initial pleading on the respondent, or not later than the date fixed in a notice by publication. The petitioner must serve a response to a counterpetition

within 20 days after service of the counterpetition. If a reply is required, the reply must be served within 20 days after service of the response. A party served with a pleading stating a crosspetition against that party must serve a response to it within 20 days after service on that party.

(2)     The service of a motion under this rule, except a motion for judgment on the pleadings or a motion to strike under subdivision (f), alters these periods of time so that if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleadings must be served within 10 days after notice of the court's action or, if the court grants a motion for a more definite statement, the responsive pleadings must be served within 10 days after service of the more definite statement unless a different time is fixed by the court in either case.

(3)     If the court permits or requires an amended or responsive pleading or a more definite statement, the pleading or statement must be served within 10 days after notice of the court's action. Responses to the pleadings or statements must be served within 10 days of service of such pleadings or statements.

**(b)     How Presented.** Every defense in law or fact to a claim for relief in a pleading must be asserted in the responsive pleading, if one is required, but the following responses may be made by motion at the option of the pleader:

(1)     lack of jurisdiction over the subject matter;

(2)     lack of jurisdiction over the person;

(3)     improper venue;

(4)     insufficiency of process;

(5)     insufficiency of service of process;

(6)     failure to state a cause of action; and

(7)     failure to join indispensable parties.

A motion making any of these responses must be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated responses are based and the substantial matters of law intended to be argued must

be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated must be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. No response or objection is waived by being joined with other responses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert any defense in law or fact to that claim for relief at the trial, except that the objection of failure to state a legal defense in an answer or reply must be asserted by motion to strike the defense within 20 days after service of the answer or reply.

**(c) Motion for Judgment on the Pleadings.** After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

**(d) Preliminary Hearings.** The responses in subdivisions (b)(1)–(b)(7), whether made in a pleading or by motion, and the motion for judgment in subdivision (c) must be heard and determined before trial on application of any party unless the court orders that the hearing and determination will be deferred until the trial.

**(e) Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, that party may move for a more definite statement before interposing a responsive pleading. The motion must point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

**(f) Motion to Strike.** A party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time.

**(g) Consolidation of Responses.** A party who makes a motion under this rule may join with it the other motions herein provided for and then available to that party. If a party makes a motion under this rule but omits from it any responses or objections then available to that party that this rule permits to be raised by motion, that party shall not thereafter make a motion based on any of the responses or objections omitted, except as provided in subdivision (h)(2).

**(h)    Waiver of Responses.**

(1)    A party waives all responses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).

(2)    The responses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised either in a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.

## RULE 12.150.    SHAM PLEADINGS

~~Sham pleadings shall be governed by Florida Rule of Civil Procedure 1.150.~~

**(a)    Motion to Strike.** If a party deems any pleading or part of it filed by another party to be a sham, that party may move to strike the pleading or part of it before the cause is set for trial and the court must hear the motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed must be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.

**(b)    Contents of Motion.** The motion to strike must be verified and must set forth fully the facts on which the movant relies and may be supported by affidavit.

## RULE 12.160.    MOTIONS

~~Motions shall be governed by Florida Rule of Civil Procedure 1.160.~~

All motions for the issuance of process and to enforce and execute judgments, for entering defaults, and for such other proceedings in the clerk's office not requiring an order of court must be deemed grantable as of course by the clerk. The clerk's action may be suspended, altered, or rescinded by the court upon good cause shown.

## RULE 12.170.    COUNTER~~CLAIMS~~PETITIONS AND CROSSCLAIMS

~~Counterclaims and crossclaims shall be governed by Florida Rule of Civil Procedure 1.170, except that service of a crossclaim on a party who has appeared in the action, as provided in rule 1.170(g), shall be made pursuant to Florida Rule of Judicial Administration 2.516(b).~~

**(a)    Compulsory Counterpetitions.** A pleading must state as a counterpetition any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state a claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon that party's claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on the claim and the pleader is not stating a counterpetition under this rule.

**(b)    Permissive Counterpetition.** A pleading may state as a counterpetition any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

**(c)    Counterclaim Exceeding Opposing Claim.** A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.

**(d)    Counterclaim Against the State.** These rules shall not be construed to enlarge beyond the limits established by law the right to assert counterclaims or to claim credits against the state or any of its subdivisions or other governmental organizations of the state subject to suit or against a municipal corporation or against an officer, agency, or administrative board of the state.

**(e)    Counterclaim Maturing or Acquired after Pleading.** A claim which matured or was acquired by the pleader after serving the pleading may be presented as a counterpetition by supplemental pleading with the permission of the court.

**(f)    Omitted Counterclaim or Crossclaim.** When a pleader fails to set up a counterclaim or crossclaim through oversight, inadvertence, or excusable neglect, or when justice or equity requires, the pleader may set up the counterclaim or crossclaim by amendment with leave of the court.

**(g)  Crossclaim Against Co-Party.** A pleading may state as a crossclaim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or a counterclaim within the original action, or relating to any property that is the subject matter of the original action. The crossclaim may include a claim that the party against whom it is asserted is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant. Service of a crossclaim on a party who has appeared in the action must be made under rule 12.080. Service of a crossclaim against a party who has not appeared in the action must be made in the manner provided for service of summons.

**(h)  Additional Parties May Be Brought In.** When the presence of parties other than those to the original action is required to grant complete relief in the determination of a counterclaim or crossclaim, they must be named in the counterpetition or crossclaim and be served with process and will be parties to the action thereafter if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action. Rules 12.250(b) and (c) apply to parties brought in under this subdivision.

**(i)  Separate Trials; Separate Judgment.** If the court orders separate trials, a judgment on a counterclaim or crossclaim may be rendered when the court has jurisdiction to do so even if a claim of the opposing party has been dismissed or otherwise disposed of.

**Committee Notes**

[no change]

## RULE 12.180.  THIRD-PARTY PRACTICE

Third-party practice shall be governed by Florida Rule of Civil Procedure 1.180.

**(a)  When Available.** At any time after commencement of the action a respondent may have a summons and petition served on a person not a party to the action who is or may be liable to the respondent for all or part of the petitioner's claim against the respondent, and may also assert any other claim that arises out of the transaction or occurrence that is the subject matter of the petitioner's claim. The respondent need not obtain leave of court if the respondent files the third-party complaint not later than 20 days after the respondent serves the original answer. Otherwise, the respondent must obtain leave on motion and notice to all parties to

the action. The person served with the summons and third-party complaint, the third-party respondent, must make defenses to the respondent's claim as provided in rules 12.110 and 12.140 and counterpetitions against the respondent and crossclaims against other third-party respondents as provided in rule 12.170. The third-party respondent may assert against the petitioner any defenses that the respondent has to the petitioner's claim.

**(b)     Additional Claims.** The third-party respondent may also assert any claim against the petitioner arising out of the transaction or occurrence that is the subject matter of the petitioner's claim against the respondent. The petitioner may assert any claim against the third-party respondent arising out of the transaction or occurrence that is the subject matter of the petitioner's claim against the respondent, and the third-party respondent must assert a defense as provided in rules 12.110 and 12.140 and counterpetitions and crossclaims as provided in rule 12.170. Any party may move to strike the third-party claim or for its severance or separate trial. A third-party respondent may proceed under this rule against any person not a party to the action who is or may be liable to the third-party respondent for all or part of the claim made in the action against the third-party respondent.

**(c)     When Petitioner May Bring in Third Party.** When a counterpetition is asserted against the petitioner, the petitioner may bring in a third party under circumstances which would entitle a respondent to do so under this rule.

**RULE 12.190.     AMENDED ~~AND SUPPLEMENTAL~~ PLEADINGS**

~~Amended and supplemental pleadings shall be governed by Florida Rule of Civil Procedure 1.190.~~

**(a)     Amendments.** A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party. If a party files a motion to amend a pleading, the party must attach the proposed amended pleading to the motion. Leave of court shall be given freely when justice so requires. A party must plead in response to an amended pleading within 10 days after service of the amended pleading unless the court otherwise orders.

**(b)    Amendments to Conform with the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they will be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend will not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and must do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action or defense upon the merits.

**(c)    Relation Back of Amendments.** When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment must relate back to the date of the original pleading.

**(d)    Amendments Generally.** At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading, or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings that does not affect the substantial rights of the parties.

RULE 12.201.    COMPLEX LITIGATION

Florida Rule of Civil Procedure 1.201 shall not apply in proceedings governed by these rules.

**RULE 12.210.    PARTIES**

Parties to an action filed under the Florida Family Law Rules of Procedure shall be governed by Florida Rule of Civil Procedure 1.210, except that rule 1.210 shall not be read to require that a child is an indispensable party for a dissolution of marriage or action involving a parenting plan for a minor child or children.

**(a)    Parties Generally.** Every action may be prosecuted in the name of the real party in interest, but a personal representative, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in that

person's own name without joining the party for whose benefit the action is brought. All persons having an interest in any subject of the action may be joined. Any person may at any time be made a party if that person's presence is necessary or proper for a complete determination of the cause.

**(b)** **Minors, Incapacitated, or Incompetent Persons.** When a minor, incapacitated, or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may appear in the action on behalf of the minor, incapacitated, or incompetent person. A minor, incapacitated, or incompetent person who does not have a duly appointed representative may appear by next friend or by a guardian ad litem. The court shall have the discretion to appoint a guardian ad litem and/or attorney ad litem for a minor, incapacitated, or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the minor, incapacitated, or incompetent person.

**(c)** **Child as Party.** This rule shall not be read to require that a child is an indispensable party for a dissolution of marriage or action involving a parenting plan.

## RULE 12.230.     INTERVENTIONS

~~Interventions shall be governed by Florida Rule of Civil Procedure 1.230.~~

Anyone claiming an interest in pending litigation may, at any time, be permitted to assert a right by intervention, but the intervention must be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.

## RULE 12.240.     INTERPLEADER

~~Interpleaders shall be governed by Florida Rule of Civil Procedure 1.240.~~

Persons having claims against the petitioner may be joined as parties and required to interplead when their claims are such that the petitioner is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claim of the several claimants or the titles on which their claims depend do not have common origin or are not identical but are adverse to and independent of one another, or it is alleged that the petitioner is not liable in whole or in part to any or all of the claimants. A party exposed to similar liability may obtain such

interpleader by way of crossclaim or counterpetition. The provisions of this rule supplement and do not in any way limit the joinder of parties otherwise permitted.

## RULE 12.250.  MISJOINDER ~~AND NONJOINDER~~ OF PARTIES

~~Misjoinder and nonjoinder of parties shall be governed by Florida Rule of Civil Procedure 1.250.~~

**(a)  Misjoinder.** Misjoinder of parties is not a ground for dismissal of an action. Any claim against a party may be severed and proceeded with separately.

**(b)  Dropping Parties.** Parties may be dropped by an adverse party in the manner provided for voluntary dismissal in rule 12.420(a)(1) subject to the exception stated in that rule. If notice of lis pendens has been filed in the action against a party so dropped, the notice of dismissal must be recorded and cancels the notice of lis pendens without the necessity of a court order. Parties may be dropped by order of court on its own initiative or the motion of any party at any stage of the action on such terms as are just.

**(c)  Adding Parties.** Parties may be added once as a matter of course within the same time that pleadings can be so amended under rule 12.190(a). If amendment by leave of court or stipulation of the parties is permitted, parties may be added in the amended pleading without further order of court. Parties may be added by order of court on its own initiative or on motion of any party at any stage of the action and on such terms as are just.

## RULE 12.260.  SURVIVOR; SUBSTITUTION OF PARTIES

~~Survivors and the substitution of parties shall be governed by Florida Rule of Civil Procedure 1.260.~~

**(a)  Death.**

(1)  If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, must be served on all parties as provided in rule 12.080 and on persons not parties in the manner provided for the service of a summons. If a party dies while a proceeding is pending and that party's rights survive, the court may order the substitution of the proper party on its own motion or that of any interested person.

(2)    In the event of the death of one or more of the petitioners or of one or more of the respondents in an action in which the right sought to be enforced survives only to the surviving petitioners or only against the surviving respondents, the action does not abate. The death shall be suggested on the record and the action proceeds in favor of or against the surviving parties.

**(b)    Incapacity.** If a party becomes incapacitated, the court may allow the action to be continued by or against that person's representative.

**(c)    Transfer of Interest.** In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion must be made as provided in subdivision (a).

**(d)    Public Officers; Death or Separation from Office.**

(1)    When a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution must be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties must be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order does not affect the substitution.

(2)    When a public officer sues or is sued in an official capacity, the officer may be described as a party by the official title rather than by name but the court may require the officer's name to be added.

**RULE 12.270.    RELATED CASES AND CONSOLIDATION; SEPARATE TRIALS**

Consolidation or separation of trials shall be governed by Florida Rule of Civil Procedure 1.270.

Related cases and consolidation of cases are governed by Florida Rule of Judicial Administration 2.545.

**RULE 12.280.    GENERAL PROVISIONS GOVERNING DISCOVERY**

~~Florida Rule of Civil Procedure 1.280 shall govern general provisions concerning discovery in family law matters with the following exceptions:~~

**(a)** **Discovery Methods.** Parties may obtain discovery by 1 or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter on land or other property for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise and under subdivision (d), the frequency of use of these methods is not limited, except as provided in rules 12.200, 12.340, and 12.370.

**(b)** **Redaction of Personal Information.** All filings of discovery information ~~shall~~must comply with Florida Rule of Judicial Administration 2.425. The court ~~shall have~~has the authority to impose sanctions for violation of this rule.

**(c)** **Scope of Discovery.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

**(1)** **In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not grounds for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

**(2)** **Indemnity Agreements.** A party may obtain discovery of the existence and contents of any agreement under which any person may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or to reimburse a party for payments made to satisfy the judgment.

**(3)** **Electronically Stored Information.** A party may obtain discovery of electronically stored information in accordance with these rules.

**(4)** **Trial Preparation: Materials.** Subject to the provisions of subdivision (c)(5), a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (c)(1) and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including that party's attorney, consultant, or agent, only on a showing that the

party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party. On request without the required showing a person not a party may obtain a copy of a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for an order to obtain a copy. The provisions of rule 12.380(a)(4) apply to the award of expenses incurred as a result of making the motion. For purposes of this subdivision, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**(5)     Trial Preparation: Experts.** Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (c)(1) and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

(A)     (i)     By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

(ii)     Any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial may be deposed in accordance with rule 12.390 without motion or order of court.

(iii)     A party may obtain the following discovery regarding any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial:

a.     The scope of employment in the pending case and the compensation for such service.

b. The expert's general litigation experience, including the percentage of work performed for petitioners and respondents.

c. The identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial.

d. An approximation of the portion of the expert's involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness; however, the expert must not be required to disclose his or her earnings as an expert witness or income derived from other services.

An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. On motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions under subdivision (c)(5)(C) concerning fees and expenses as the court may deem appropriate.

(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in rule 12.360(b) or on a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

(C) Unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (c)(5)(A) and (c)(5)(B); and concerning discovery from an expert obtained under subdivision (c)(5)(A) the court may require, and concerning discovery obtained under subdivision (c)(5)(B) must require, the party seeking discovery to pay the other party a fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

(D) As used in these rules an expert shall be an expert witness as defined in rule 12.390.

**(6) Claims of Privilege or Protection of Trial Preparation Materials.** When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial

preparation material, the party must make the claim expressly and must describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

**(d)** **Protective Orders.** On motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following:

(1)     that the discovery not be had;

(2)     that the discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3)     that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4)     that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;

(5)     that the discovery be conducted with no one present except persons designated by the court;

(6)     that a deposition after being sealed be opened only by order of the court;

(7)     that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; and

(8)     that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of rule 12.380(a)(4) apply to the award of expenses incurred in relation to the motion.

**(e)** **Limitations on Discovery of Electronically Stored Information.**

(1)    A person may object to discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of burden or cost. On motion to compel discovery or for a protective order, the person from whom the discovery is sought must show that the information sought or the format requested is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order the discovery from such sources or in such formats if the requesting party shows good cause. The court may specify conditions of the discovery, including ordering that some or all of the expenses incurred by the person from whom discovery is sought be paid by the party seeking discovery.

(2)    In determining any motion involving discovery of electronically stored information, the court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that

(A)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another source or in another manner that is more convenient, less burdensome, or less expensive; or

(B)    the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

**(f)    Sequence and Timing of Discovery.** Except as provided in subdivision (c)(5) or unless the court upon motion for the convenience of parties and witnesses and in the interest of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not delay any other party's discovery.

(bg)    **Supplementing of Responses.** A party is under a duty to amend a prior response or disclosure if the party:

(1)    obtains information or otherwise determines that the prior response or disclosure was incorrect when made; or

(2)    obtains information or otherwise determines that the prior response or disclosure, although correct when made, is no longer materially true or complete.

**(e<u>h</u>)    Time for Serving Supplemental Responses.** Any supplemental response served ~~pursuant to~~<u>under</u> this rule ~~shall~~<u>must</u> be served as soon as possible after discovery of the incorrect information or change, but in no case ~~shall~~<u>may</u> the supplemental response be served later than 24 hours before any applicable hearing absent a showing of good cause.

**(d<u>i</u>)    ~~Documents Considered Confidential~~<u>Confidentiality of Records</u>.** A determination as to the confidentiality of a court record ~~shall~~<u>must</u> be made in accordance with Florida Rule of Judicial Administration 2.420. <u>Records found to be confidential under Florida Rule of Judicial Administration 2.420 must be sealed on request of a party.</u>

~~**(e)    Sealing of Records.** Records found to be confidential under Florida Rule of Judicial Administration 2.420 shall be sealed on request of a party.~~

**<u>(j)    Court Filing of Documents and Discovery.</u>** <u>Information obtained during discovery must not be filed with the court until such time as it is filed for good cause. The requirement of good cause is satisfied only where the filing of the information is allowed or required by another applicable rule of procedure or by court order.</u>

### Commentary

[no change]

## RULE 12.281.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS

~~Inadvertent disclosure of privileged materials shall be governed by Florida Rule of Civil Procedure 1.285.~~

**<u>(a)    Assertion of Privilege as to Inadvertently Disclosed Materials.</u>** <u>Any party, person, or entity, after inadvertent disclosure of any materials under these rules, may thereafter assert any privilege recognized by law as to those materials. This right exists without regard to whether the disclosure was made under formal demand or informal request. To assert the privilege, the party, person, or entity must, within 10 days of actually discovering the inadvertent disclosure, serve written notice of the assertion of privilege on the party to whom the materials were disclosed. The notice must specify with particularity the materials as to which the privilege is asserted, the nature of the privilege asserted, and the date on which the inadvertent disclosure was actually discovered.</u>

**(b)    Duty of the Party Receiving Notice of an Assertion of Privilege.** A party receiving notice of an assertion of privilege under subdivision (a) must promptly return, sequester, or destroy the materials specified in the notice, as well as any copies of the material. The party receiving the notice must also promptly notify any other party, person, or entity to whom it has disclosed the materials of the fact that the notice has been served and of the effect of this rule. That party must also take reasonable steps to retrieve the materials disclosed. Nothing herein affects any obligation under Rules Regulating the Florida Bar 4-4.4(b).

**(c)    Right to Challenge Assertion of Privilege.** Any party receiving a notice made under subdivision (a) has the right to challenge the assertion of privilege. The grounds for the challenge may include, but are not limited to, the following:

(1)    The materials in question are not privileged.

(2)    The disclosing party, person, or entity lacks standing to assert the privilege.

(3)    The disclosing party, person, or entity has failed to serve timely notice under this rule.

(4)    The circumstances surrounding the production or disclosure of the materials warrant a finding that the disclosing party, person, or entity has waived its assertion that the material is protected by a privilege.

Any party seeking to challenge the assertion of privilege must do so by serving notice of its challenge on the party, person, or entity asserting the privilege. Notice of the challenge must be served within 20 days of service of the original notice given by the disclosing party, person, or entity. The notice of the recipient's challenge must specify the grounds for the challenge. Failure to serve timely notice of challenge is a waiver of the right to challenge.

**(d)    Effect of Determination that Privilege Applies.** When an order is entered determining that materials are privileged or that the right to challenge the privilege has been waived, the court must direct what is to be done with the materials and any copies so as to preserve all rights of appellate review. The recipient of the materials must also give prompt notice of the court's determination to any other party, person, or entity to whom it had disclosed the materials.

**RULE 12.285.    MANDATORY DISCLOSURE**

**(a) Application.**

**(1) Scope.** This rule ~~shall apply~~applies to all proceedings within the scope of these rules except proceedings involving adoption, simplified dissolution, enforcement, contempt, injunctions for protection against domestic, repeat, dating, or sexual violence, or stalking, and uncontested dissolutions when the respondent is served by publication and does not file an answer. Additionally, no financial affidavit or other documents shall be required under this rule from a party seeking attorneys' fees, suit money, or costs, if the basis for the request is solely under section 57.105, Florida Statutes, or any successor statute. Except for the provisions as to financial affidavits and child support guidelines worksheets, any portion of this rule may be modified by order of the court or agreement of the parties.

**(2) Original and Duplicate Copies.** Unless otherwise agreed by the parties or ordered by the court, copies of documents required under this rule may be produced in lieu of originals. Originals, when available, ~~shall~~must be produced for inspection upon request. Parties shall not be required to serve duplicates of documents previously served.

**(3) Documents Not to be Filed with Court; Sanctions.**

(A) Except for the financial affidavit and child support guidelines worksheet, no documents produced under this rule shall be filed in the court file without first obtaining a court order.

(B) References to account numbers and personal identifying information to be filed in the court file ~~shall be~~are governed by Florida Rule of Judicial Administration 2.425.

(C) Sanctions ~~shall be~~are governed by ~~Florida Rule of Civil Procedure 1.280(f)~~rule 12.380.

**(b) Time for Production of Documents.**

**(1) Temporary Financial Relief Hearings.** Any document required under this rule in any temporary financial relief proceeding ~~shall~~must be served on the other party for inspection and copying as follows.

(A) The party seeking relief ~~shall~~must serve the required documents on the other party with the notice of temporary financial hearing, unless the documents have been served under subdivision (b)(2) ~~of this rule~~.

- 54 -

(B)     The responding party shallmust serve the required documents on the party seeking relief on or before 5:00 p.m., 2 business days before the day of the temporary financial relief hearing if served by delivery or 7 days before the day of the temporary financial relief hearing if served by mail or e-mail, unless the documents have been received previously by the party seeking relief under subdivision (b)(2) of this rule. A responding party shallmust be given no less than 12 days to serve the documents required under this rule, unless otherwise ordered by the court. If the 45-day period for exchange of documents provided for in subdivision (b)(2) of this rule will occur before the expiration of the 12 days, the provisions of subdivision (b)(2) control.

**(2)     Initial and Supplemental Proceedings.** Any document required under this rule for any initial or supplemental proceeding shallmust be served on the other party for inspection and copying within 45 days of service of the initial pleading on the respondent.

**(c)     Exemption from Requirement to File and Serve Financial Affidavit.** The parties shallare not be required to file and serve a financial affidavit under subdivisions (d) and (e) if they are seeking a simplified dissolution of marriage under rule 12.105, they have no minor children, have no support issues, and have filed a written settlement agreement disposing of all financial issues, or if the court lacks jurisdiction to determine any financial issues.

**(d)     Disclosure Requirements for Temporary Financial Relief.** In any proceeding for temporary financial relief heard within 45 days of the service of the initial pleading or within any extension of the time for complying with mandatory disclosure granted by the court or agreed to by the parties, the following documents shallmust be served on the other party:

(1)     A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) if the party's gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 12.902(c) if the party's gross annual income is equal to or more than $50,000. This requirement cannot be waived by the parties. The affidavit must also be filed with the court.

(2)     All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party's behalf for the past year. A party may file a transcript of the tax return as provided by Internal Revenue Service Form 4506 T in lieu of his or her individual federal income tax return for purposes of a temporary hearing.

(3)    IRS forms W-2, 1099, and K-1 for the past year, if the income tax return for that year has not been prepared.

(4)    Pay stubs or other evidence of earned income for the 3 months ~~prior to~~before service of the financial affidavit.

**(e)    Parties' Disclosure Requirements for Initial or Supplemental Proceedings.** A party ~~shall~~must serve the following documents in any proceeding for an initial or supplemental request for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys' fees, suit money, or costs:

(1)    A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) if the party's gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 12.902(c) if the party's gross annual income is equal to or more than $50,000, which requirement cannot be waived by the parties. The financial affidavits must also be filed with the court. A party may request, by using the Standard Family Law Interrogatories, or the court on its own motion may order, a party whose gross annual income is less than $50,000 to complete Florida Family Law Rules of Procedure Form 12.902(c).

(2)    All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party's behalf for the past 3 years.

(3)    IRS forms W-2, 1099, and K-1 for the past year, if the income tax return for that year has not been prepared.

(4)    Pay stubs or other evidence of earned income for the 3 months ~~prior to~~before service of the financial affidavit.

(5)    A statement by the producing party identifying the amount and source of all income received from any source during the 3 months preceding the service of the financial affidavit required by this rule if not reflected on the pay stubs produced.

(6)    All loan applications and financial statements prepared or used within the 12 months preceding service of that party's financial affidavit required by this rule, whether for the purpose of obtaining or attempting to obtain credit or for any other purpose.

(7)     All deeds within the last 3 years, all promissory notes within the last 12 months, and all present leases, in which the party owns or owned an interest, whether held in the party's name individually, in the party's name jointly with any other person or entity, in the party's name as trustee or guardian for any other person, or in someone else's name on the party's behalf.

(8)     All periodic statements from the last 3 months for all checking accounts, and from the last 12 months for all other accounts (for example, savings accounts, money market funds, certificates of deposit, etc.), regardless of whether or not the account has been closed, including those held in the party's name individually, in the party's name jointly with any other person or entity, in the party's name as trustee or guardian for any other person, or in someone else's name on the party's behalf.

(9)     All brokerage account statements in which either party to this action held within the last 12 months or holds an interest including those held in the party's name individually, in the party's name jointly with any person or entity, in the party's name as trustee or guardian for any other person, or in someone else's name on the party's behalf.

(10)   The most recent statement for any profit sharing, retirement, deferred compensation, or pension plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, or other similar account) in which the party is a participant or alternate payee and the summary plan description for any retirement, profit sharing, or pension plan in which the party is a participant or an alternate payee. (The summary plan description must be furnished to the party on request by the plan administrator as required by 29 U.S.C. § 1024(b)(4).)

(11)   The declarations page, the last periodic statement, and the certificate for all life insurance policies insuring the party's life or the life of the party's spouse, whether group insurance or otherwise, and all current health and dental insurance cards covering either of the parties and/or their dependent children.

(12)   Corporate, partnership, and trust tax returns for the last 3 tax years if the party has an ownership or interest in a corporation, partnership, or trust greater than or equal to 30%.

(13)   All promissory notes for the last 12 months, all credit card and charge account statements and other records showing the party's indebtedness as of the date of the filing of this action and for the last 3 months, and all present lease

agreements, whether owed in the party's name individually, in the party's name jointly with any other person or entity, in the party's name as trustee or guardian for any other person, or in someone else's name on the party's behalf.

(14)     All written premarital or marital agreements entered into at any time between the parties to this marriage, whether before or during the marriage. Additionally, in any modification proceeding, each party ~~shall~~must serve on the opposing party all written agreements entered into between them at any time since the order to be modified was entered.

(15)     All documents and tangible evidence supporting the producing party's claim that an asset or liability is nonmarital, for enhancement or appreciation of nonmarital property, or for an unequal distribution of marital property. The documents and tangible evidence produced ~~shall~~must be for the time period from the date of acquisition of the asset or debt to the date of production or from the date of the marriage, if based on premarital acquisition.

(16)     Any court orders directing a party to pay or receive spousal or child support.

**(f)     Duty to Supplement Disclosure; Amended Financial Affidavit.**

(1)     Parties have a continuing duty to supplement documents described in this rule, including financial affidavits, whenever a material change in their financial status occurs.

(2)     If an amended financial affidavit or an amendment to a financial affidavit is filed, the amending party ~~shall~~must also serve any subsequently discovered or acquired documents supporting the amendments to the financial affidavit.

**(g)**     [no change]

**(h)     Extensions of Time for Complying with Mandatory Disclosure.** By agreement of the parties, the time for complying with mandatory disclosure may be extended. Either party may also file, at least 5 days before the due date, a motion to enlarge the time for complying with mandatory disclosure. The court ~~shall~~must grant the request for good cause shown.

**(i)     Objections to Mandatory Automatic Disclosure.** Objections to the mandatory automatic disclosure required by this rule shall be served in writing at

least 5 days ~~prior to~~before the due date for the disclosure or the objections shall be deemed waived. The filing of a timely objection, with a notice of hearing on the objection, automatically stays mandatory disclosure for those matters within the scope of the objection. For good cause shown, the court may extend the time for the filing of an objection or permit the filing of an otherwise untimely objection. The court ~~shall~~must impose sanctions for the filing of meritless or frivolous objections.

**(j)    Certificate of Compliance.** All parties subject to automatic mandatory disclosure ~~shall~~must file with the court a certificate of compliance, Florida Family Law Rules of Procedure Form 12.932, identifying with particularity the documents which have been delivered and certifying the date of service of the financial affidavit and documents by that party. The party ~~shall~~must swear or affirm under oath that the disclosure is complete, accurate, and in compliance with this rule, unless the party indicates otherwise, with specificity, in the certificate of compliance.

**(k)    Child Support Guidelines Worksheet.** If the case involves child support, the parties ~~shall~~must file with the court at or ~~prior to~~before a hearing to establish or modify child support a Child Support Guidelines Worksheet in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(e). This requirement cannot be waived by the parties.

**(*l*)    Place of Production.**

(1)    Unless otherwise agreed by the parties or ordered by the court, all production required by this rule ~~shall~~ take_s_ place in the county where the action is pending and in the office of the attorney for the party receiving production. Unless otherwise agreed by the parties or ordered by the court, if a party does not have an attorney or if the attorney does not have an office in the county where the action is pending, production ~~shall~~ take_s_ place in the county where the action is pending at a place designated in writing by the party receiving production, served at least 5 days before the due date for production.

(2)    If venue is contested, on motion by a party the court ~~shall~~must designate the place where production will occur pending determination of the venue issue.

**(m)**    [no change]

**Commentary**

[no change]

**Committee Notes**

[no change]

## RULE 12.290.   DEPOSITIONS BEFORE ACTION OR PENDING APPEAL

~~Depositions before an action or pending an appeal shall be governed by Florida Rule of Civil Procedure 1.290.~~

**(a)   Before Action.**

**(1)   Petition.** A person who desires to perpetuate that person's own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition must:

(A)   be titled in the name of the petitioner; and

(B)   show:

(i) that the petitioner expects to be a party to an action cognizable in a court of Florida, but is presently unable to bring it or cause it to be brought,

(ii) the subject matter of the expected action and the petitioner's interest in it,

(iii) the facts which the petitioner desires to establish by the proposed testimony and the petitioner's reasons for desiring to perpetuate it,

(iv) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and

(v) the names and addresses of the persons to be examined and the substance of the testimony that the petitioner expects to elicit from each; and must ask for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition for the purpose of perpetuating their testimony.

**(2)    Notice and Service.** The petitioner must serve a notice on each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court at a time and place named therein for an order described in the petition. At least 20 days before the date of hearing the notice must be served either within or without the county in the manner provided by law for service of summons, but if such service cannot with due diligence be made on any expected adverse party named in the petition, the court may make an order for service by publication or otherwise, and must appoint an attorney for persons not served in the manner provided by law for service of summons who will represent them, and if they are not otherwise represented, will cross-examine the deponent.

**(3)    Order and Examination.** If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it must make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the deposition shall be taken upon oral examination or written interrogatories. The deposition may then be taken in accordance with these rules and the court may make orders in accordance with the requirements of these rules. For the purpose of applying these rules to depositions for perpetuating testimony, each reference to the court in which the action is pending shall be deemed to refer to the court in which the petition for deposition was filed.

**(4)    Use of Deposition.** A deposition taken under this rule may be used in any action involving the same subject matter subsequently brought in any court in accordance with rule 12.330.

**(b)    Pending Appeal.** If an appeal has been taken from a judgment of any court or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the court. In such case the party who desires to perpetuate the testimony may make a motion for leave to take the deposition on the same notice and service as if the action was pending in the court. The motion must show (1) the names and addresses of persons to be examined and the substance of the testimony which the movant expects to elicit from each, and (2) the reason for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay in justice, it may make an order allowing the deposition to be taken and may make orders of the character provided for by these rules, and thereupon the deposition may be taken and used in the same manner and under the

same conditions as are prescribed in these rules for depositions taken in actions pending in the court.

**(c)  Perpetuation by Action.** This rule does not limit the power of a court to entertain an action to perpetuate testimony.

## RULE 12.300.  PERSONS BEFORE WHOM DEPOSITIONS MAY BE TAKEN

~~Provisions regarding who may take depositions shall be governed by Florida Rule of Civil Procedure 1.300.~~

**(a)  Persons Authorized.** Depositions may be taken before any notary public or judicial officer or before any officer authorized by the statutes of Florida to take acknowledgments or proof of executions of deeds or by any person appointed by the court in which the action is pending.

**(b)  In Foreign Countries.** In a foreign country, depositions may be taken (1) on notice before a person authorized to administer oaths in the place in which the examination is held, either by the law thereof or by the law of Florida or of the United States, (2) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony, or (3) pursuant to a letter of request. A commission or a letter of request must be issued on application and notice and on terms that are just and appropriate. It is not requisite to the issuance of a commission or a letter of request that the taking of the deposition in any other manner is impracticable or inconvenient, and both a commission and a letter of request may be issued in proper cases. A notice or commission may designate the person before whom the deposition is to be taken either by name or descriptive title. A letter of request may be addressed "To the Appropriate Authority in .....(name of country)......" Evidence obtained in response to a letter of request need not be excluded merely for the reason that it is not a verbatim transcript or that the testimony was not taken under oath or any similar departure from the requirements for depositions taken within Florida under these rules.

**(c)  Selection by Stipulation.** If the parties so stipulate in writing, depositions may be taken before any person at any time or place upon any notice and in any manner and when so taken may be used like other depositions.

**(d)  Persons Disqualified.** Unless so stipulated by the parties, no deposition may be taken before a person who is a relative, employee, attorney, or

counsel of any of the parties, is a relative or employee of any of the parties' attorneys or counsel, or is financially interested in the action.

**RULE 12.310.    DEPOSITIONS UPON ORAL EXAMINATION**

~~Depositions upon oral examination shall be governed by Florida Rule of Civil Procedure 1.310.~~

**(a)    When Depositions May Be Taken.** After commencement of the action any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the petitioner seeks to take a deposition within 30 days after service of the process and initial pleading on any respondent, except that leave is not required (1) if a respondent has served a notice of taking deposition or otherwise sought discovery, or (2) if special notice is given as provided in subdivision (b)(2). The attendance of witnesses may be compelled by subpoena as provided in rule 12.410. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.

**(b)    Notice; Method of Taking; Production at Deposition.**

(1)    A party desiring to take the deposition of any person upon oral examination must give reasonable notice in writing to every other party to the action. The notice must state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced under the subpoena must be attached to or included in the notice.

(2)    Leave of court is not required for the taking of a deposition by petitioner if the notice states that the person to be examined is about to go out of the state and will be unavailable for examination unless a deposition is taken before expiration of the 30-day period under subdivision (a). If a party shows that when served with notice under this subdivision that party was unable through the exercise of diligence to obtain counsel to represent the party at the taking of the deposition, the deposition may not be used against that party.

(3)    For cause shown the court may enlarge or shorten the time for taking the deposition.

(4)     Any deposition may be recorded by videotape without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.

(A)     Notice. A party intending to videotape a deposition must state in the notice that the deposition is to be videotaped and must give the name and address of the operator. Any subpoena served on the person to be examined must state the method or methods for recording the testimony.

(B)     Court Reporter. Videotaped depositions must also be stenographically recorded by a certified court reporter, unless all parties agree otherwise.

(C)     Procedure. At the beginning of the deposition, the officer before whom it is taken must, on camera: (i) identify the style of the action, (ii) state the date, and (iii) swear in the witness.

(D)     Custody of Tape and Copies. The attorney for the party requesting the videotaping of the deposition must take custody of and be responsible for the safeguarding of the videotape, must permit the viewing of it by the opposing party, and, if requested, must provide a copy of the videotape at the expense of the party requesting the copy.

(E)     Cost of Videotaped Depositions. The party requesting the videotaping bears the initial cost of videotaping.

(5)     The notice to a party deponent may be accompanied by a request made in compliance with rule 12.350 for the production of documents and tangible things at the taking of the deposition. The procedure of rule 12.350 applies to the request. Rule 12.351 provides the exclusive procedure for obtaining documents or things by subpoena from nonparties without deposing the custodian or other person in possession of the documents.

(6)     In the notice a party may name as the deponent a public or private corporation, a partnership or association, or a governmental agency, and designate with reasonable particularity the matters on which examination is requested. The organization so named must designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated must testify about matters known or reasonably

available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.

(7)     On motion the court may order that the testimony at a deposition be taken by telephone. The order may prescribe the manner in which the deposition will be taken. A party may also arrange for a stenographic transcription at that party's own initial expense.

(8)     Any minor subpoenaed for testimony has the right to be accompanied by a parent, guardian, guardian ad litem, or attorney ad litem at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor. The provisions of this subdivision do not alter the requirements of rule 12.407 that a court order must be obtained before a minor child may be deposed or brought to a deposition.

**(c)     Examination and Cross-Examination; Record of Examination; Oath; Objections.** Examination and cross-examination of witnesses may proceed as permitted at the trial. The officer before whom the deposition is to be taken must put the witness on oath and must personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness, except that when a deposition is being taken by telephone, the witness must be sworn by a person present with the witness who is qualified to administer an oath in that location. The testimony must be taken stenographically or recorded by any other means ordered in accordance with subdivision (b)(4). If requested by one of the parties, the testimony must be transcribed at the initial cost of the requesting party and prompt notice of the request must be given to all other parties. All objections made at the time of the examination to the qualifications of the officer taking the deposition, the manner of taking it, the evidence presented, or the conduct of any party, and any other objection to the proceedings must be noted by the officer during the deposition. Any objection during a deposition must be stated concisely and in a nonargumentative and nonsuggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under subdivision (d). Otherwise, evidence objected to must be taken subject to the objections. Instead of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and that

party must transmit them to the officer, who must propound them to the witness and record the answers verbatim.

**(d)  Motion to Terminate or Limit Examination.** At any time during the taking of the deposition, on motion of a party or of the deponent and on a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, or that objection and instruction to a deponent not to answer are being made in violation of subdivision (c), the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease immediately from taking the deposition or may limit the scope and manner of the taking of the deposition under rule 12.280(d). If the order terminates the examination, it shall be resumed thereafter only on the order of the court in which the action is pending. On demand of any party or the deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. The provisions of rule 12.380(a)(4) apply to the award of expenses incurred in relation to the motion.

**(e)  Witness Review.** If the testimony is transcribed, the transcript must be furnished to the witness for examination and must be read to or by the witness unless the examination and reading are waived by the witness and by the parties. Any changes in form or substance that the witness wants to make must be listed in writing by the officer with a statement of the reasons given by the witness for making the changes. The changes must be attached to the transcript. It must then be signed by the witness unless the parties waived the signing or the witness is ill, cannot be found, or refuses to sign. If the transcript is not signed by the witness within a reasonable time after it is furnished to the witness, the officer signs the transcript and states on the transcript the waiver, illness, absence of the witness, or refusal to sign with any reasons given. The deposition may then be used as fully as though signed unless the court holds that the reasons given for the refusal to sign require rejection of the deposition wholly or partly, on motion under rule 12.330(d)(4).

**(f)  Filing; Exhibits.**

(1)  If the deposition is transcribed, the officer must certify on each copy of the deposition that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. Documents and things produced for inspection during the examination of the witness must be marked for identification and annexed to and returned with the deposition on the

request of a party, and may be inspected and copied by any party, except that the person producing the materials may substitute copies to be marked for identification if that person affords to all parties fair opportunity to verify the copies by comparison with the originals. If the person producing the materials requests their return, the officer must mark them, give each party an opportunity to inspect and copy them, and return them to the person producing them and the materials may then be used in the same manner as if annexed to and returned with the deposition.

(2) On payment of reasonable charges therefor the officer must furnish a copy of the deposition to any party or to the deponent.

(3) A copy of a deposition may be filed only under the following circumstances:

(A) It may be filed in compliance with Florida Rule of Judicial Administration 2.425 and rule 12.280(j) by a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition must be given to all parties unless notice is waived. A party filing the deposition must furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.

(B) If the court determines that a deposition previously taken is necessary for the decision of a matter pending before the court, the court may order that a copy be filed by any party at the initial cost of the party, and the filing party must comply with rules 2.425 and 12.280(j).

**(g) Obtaining Copies.** A party or witness who does not have a copy of the deposition may obtain it from the officer taking the deposition unless the court orders otherwise. If the deposition is obtained from a person other than the officer, the reasonable cost of reproducing the copies must be paid to the person by the requesting party or witness.

**(h) Failure to Attend or to Serve Subpoena; Expenses.**

(1) If the party giving the notice of the taking of a deposition fails to attend and proceed with the deposition and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by the other party and the other party's attorney in attending, including reasonable attorneys' fees.

(2)    If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena on the witness and the witness because of the failure does not attend and if another party attends in person or by attorney because that other party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by that other party and that other party's attorney in attending, including reasonable attorneys' fees.

Committee Note

[no change]

## RULE 12.320.    DEPOSITIONS UPON WRITTEN QUESTIONS

Depositions upon written questions shall be governed by Florida Rule of Civil Procedure 1.320.

(a)    Serving Questions; Notice. After commencement of the action any party may take the testimony of any person, including a party, by deposition upon written questions. The attendance of witnesses may be compelled by the use of subpoena as provided in rule 12.410. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes. A party desiring to take a deposition upon written questions must serve them with a notice stating

(1)    the name and address of the person who is to answer them, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which that person belongs, and

(2)    the name or descriptive title and address of the officer before whom the deposition is to be taken.

Within 30 days after the notice and written questions are served, a party may serve cross questions on all other parties. Within 10 days after being served with cross questions, a party may serve redirect questions on all other parties. Within 10 days after being served with redirect questions, a party may serve recross questions on all other parties. The court may for cause shown enlarge or shorten the time.

(b)    Officer to Take Responses and Prepare Record. A copy of the notice and copies of all questions served must be delivered by the party taking the depositions to the officer designated in the notice, who must proceed promptly to

take the testimony of the witness in the manner provided by rules 12.310(c), (e), and (f) in response to the questions and to prepare the deposition, attaching the copy of the notice and the questions received by the officer. The questions must not be filed separately from the deposition unless a party seeks to have the court consider the questions before the questions are submitted to the witness.

**RULE 12.330.     USE OF DEPOSITIONS IN COURT PROCEEDINGS**

~~Use of depositions in court proceedings shall be governed by Florida Rule of Civil Procedure 1.330.~~

**(a)     Use of Depositions.** At the trial or on the hearing of a motion or an interlocutory proceeding, any part or all of a deposition may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice of it so far as admissible under the rules of evidence applied as though the witness were then present and testifying in accordance with any of the following provisions:

(1)     Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness or for any purpose permitted by the Florida Evidence Code.

(2)     The deposition of a party may be used by an adverse party for any purpose.

(3)     The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

(A)     that the witness is dead;

(B)     that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition;

(C)     that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment;

(D)     that the party offering the deposition has been unable to procure the attendance of the witness by subpoena;

(E)     on application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; or

(F)     the witness is an expert or skilled witness.

(4)     If only part of a deposition is offered in evidence by a party, an adverse party may require the party to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.

**(b)     Objections to Admissibility.** Subject to the provisions of subdivision (d)(3) of this rule and of rule 12.300(b), objection may be made at the trial or hearing to receiving in evidence any deposition or part of it for any reason that would require the exclusion of the evidence if the witness were then present and testifying.

**(c)     Effect of Taking or Using Depositions.** A party does not make a person the party's own witness for any purpose by taking the person's deposition. The introduction in evidence of the deposition or any part of it for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this does not apply to the use by an adverse party of a deposition under subdivision (a)(2). At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by that party or by any other party.

**(d)     Effect of Errors and Irregularities.**

**(1)     As to Notice.** All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served on the party giving the notice.

**(2)     As to Disqualification of Officer.** Objection to taking a deposition because of disqualification of the officer before whom it is to be taken is waived unless made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence.

**(3)     As to Taking of Deposition.**

(A)     Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition unless the ground of the objection is one that might have been obviated or removed if presented at that time.

(B)     Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties and errors of any kind that might be obviated, removed, or cured if promptly presented are waived unless timely objection to them is made at the taking of the deposition.

(C)     Objections to the form of written questions submitted under rule 12.320 are waived unless served in writing on the party propounding them within the time allowed for serving the succeeding cross or other questions and within 10 days after service of the last questions authorized.

**(4)     As to Completion and Return.** Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, or otherwise dealt with by the officer under rules 12.310 and 12.320 are waived unless a motion to suppress the deposition or some part of it is made with reasonable promptness after the defect is, or with due diligence might have been, discovered.

## RULE 12.340.     INTERROGATORIES TO PARTIES

~~Interrogatories to parties shall be governed generally by Florida Rule of Civil Procedure 1.340, with the following exceptions.~~

**(a)     ~~Service of Interrogatories~~Procedure for Use.** Without leave of court, any party may serve on any other party written interrogatories to be answered by the party to whom the interrogatories are directed, or if that party is a public or private corporation or partnership or association or governmental agency, by any officer or agent, who must furnish the information available to that party. Interrogatories may be served on the petitioner after commencement of the action and on any other party with or after service of the process and initial pleading on that party. A party may serve fewer than all of the approved interrogatories within a form.

**(1)     Initial Interrogatories.** Initial interrogatories to parties in original and enforcement actions ~~shall~~must be those set forth in Florida Family Law Rules of Procedure Form 12.930(b). Parties governed by the mandatory

disclosure requirements of rule 12.285 may serve the interrogatories set forth in Florida Family Law Rules of Procedure Form 12.930(b) ~~as set forth in rule 1.340. A party may serve fewer than the interrogatories set forth in Florida Family Law Rules of Procedure Form 12.930(b)~~.

**(2)****Modification Interrogatories.** Interrogatories to parties in cases involving modification of a final judgment ~~shall~~must be those set forth in Florida Family Law Rules of Procedure Form 12.930(c). Parties governed by the mandatory disclosure requirements of rule 12.285 may serve the interrogatories set forth in Florida Family Law Rules of Procedure Form 12.930(c) ~~as set forth in rule 1.340. A party may serve fewer than the interrogatories set forth in Florida Family Law Rules of Procedure Form 12.930(c)~~.

**(b)** [no change]

**(c)****Service of and Objections to Interrogatories.** Each interrogatory must be answered separately and fully in writing under oath unless it is objected to, in which event the grounds for objection must be stated and signed. The party to whom the interrogatories are directed must serve the answers and any objections within 30 days after the service of the interrogatories, except that a respondent may serve answers or objections within 45 days after service of the process and initial pleading on that respondent. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under rule 12.380(a) on any objection to or other failure to answer an interrogatory.

**(d)****Serving of Responses.** Parties ~~shall~~must serve responses to interrogatories on the requesting party. Responses ~~shall~~must not be filed with the court unless they are admitted into evidence by the court and are in compliance with Florida Rule of Judicial Administration 2.425. The responding party ~~shall~~must file with the court Florida Family Law Rules of Procedure Form 12.930(d), Notice of Service of Answers to Standard Family Law Interrogatories.

**(e)****Scope; Use at Trial.** Interrogatories may relate to any matters that can be inquired into under rule 12.280(b), and the answers may be used to the extent permitted by the rules of evidence except as otherwise provided in this subdivision. An interrogatory otherwise proper is not objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or calls for a conclusion or asks for information not within the personal knowledge of the party. A party must respond to such an interrogatory by giving the information the party has and the source on which the information is based. Such a qualified

answer may not be used as direct evidence for or impeachment against the party giving the answer unless the court finds it otherwise admissible under the rules of evidence.

**(f)** **Option to Produce Records.** When the answer to an interrogatory may be derived or ascertained from the records (including electronically stored information) of the party to whom the interrogatory is directed or from an examination, audit, or inspection of the records or from a compilation, abstract, or summary based on the records and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, an answer to the interrogatory specifying the records from which the answer may be derived or ascertained and offering to give the party serving the interrogatory a reasonable opportunity to examine, audit, or inspect the records and to make copies, compilations, abstracts, or summaries, production of the records in lieu of a written response is a sufficient answer. An answer must be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party interrogated, the records from which the answer may be derived or ascertained, or must identify a person or persons representing the interrogated party who will be available to assist the interrogating party in locating and identifying the records at the time they are produced. If the records to be produced consist of electronically stored information, the records must be produced in a form or forms in which they are ordinarily maintained or in a reasonably usable form or forms.

**(g)** **Effect on Other Parties.** Answers made by a party are not binding on any other party.

**(h)** **Service.** Interrogatories must be arranged so that a blank space is provided after each separately numbered interrogatory. The space must be reasonably sufficient to enable the answering party to insert the answer within the space. If sufficient space is not provided, the answering party may attach additional pages with answers and refer to them in the space provided in the interrogatories. The interrogatories must be served on the party to whom the interrogatories are directed and copies must be served on all other parties. A certificate of service of the interrogatories must be filed, giving the date of service and the name of the party to whom they were directed.

### Commentary

[no change]

[no change]

## RULE 12.350. PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY ~~UPON~~ON LAND FOR INSPECTION AND OTHER PURPOSES

~~Production of documents and things and entry upon land for inspection and other purposes shall be governed by Florida Rule of Civil Procedure 1.350.~~

(a) **Request; Scope.** Any party may request any other party

(1) to produce and permit the party making the request, or someone acting in the requesting party's behalf, to inspect and copy any designated documents, including electronically stored information, writings, drawings, graphs, charts, photographs, audio, visual, or digital recordings, and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of rule 12.280(c) and that are in the possession, custody, or control of the party to whom the request is directed;

(2) to inspect and copy, test, or sample any tangible things that constitute or contain matters within the scope of rule 12.280(c) and that are in the possession, custody, or control of the party to whom the request is directed; or

(3) to permit entry on designated land or other property in the possession or control of the party on whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation on it within the scope of rule 12.280(c).

(b) **Procedure.** Without leave of court the request may be served on the petitioner after commencement of the action and on any other party with or after service of the process and initial pleading on that party. The request must set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity. The request must specify a reasonable time, place, and manner of making the inspection or performing the related acts. The party to whom the request is directed must serve a written response within 30 days after service of the request, except that a defendant may serve a response within 45 days after service of the process and initial pleading on

that defendant. The court may allow a shorter or longer time. For each item or category, the response must state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection must be stated. If an objection is made to part of an item or category, the part must be specified. When producing documents, the producing party must either produce them as they are kept in the usual course of business or must identify them to correspond with the categories in the request. A request for electronically stored information may specify the form or forms in which electronically stored information is to be produced. If the responding party objects to a requested form, or if no form is specified in the request, the responding party must state the form or forms it intends to use. If a request for electronically stored information does not specify the form of production, the producing party must produce the information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. The party submitting the request may move for an order under rule 12.380 concerning any objection, failure to respond to the request, or any part of it, or failure to permit the inspection as requested.

(c)    **Persons Not Parties.** This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter on land.

(d)    **Filing of Documents.** Unless required by the court, a party shall not file any of the documents or things produced with the response. Documents or things may be filed in compliance with Florida Rule of Judicial Administration 2.425 and rule 12.280(j) when they should be considered by the court in determining a matter pending before the court.

## RULE 12.351.    PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION

Production of documents and things without deposition shall be governed by Florida Rule of Civil Procedure 1.351, except that a party desiring production under this rule, as provided in rule 1.351(b), shall serve notice as provided in Florida Rule of Judicial Administration 2.516 on every other party of the intent to serve a subpoena under this rule at least 10 days before the subpoena is issued if service is by delivery and 15 days before the subpoena is issued if the service is by mail or e-mail.

(a)    **Request; Scope.** A party may seek inspection and copying of any documents or things within the scope of rule 12.350(a) from a person who is not a

party by issuance of a subpoena directing the production of the documents or things when the requesting party does not seek to depose the custodian or other person in possession of the documents or things. This rule provides the exclusive procedure for obtaining documents or things by subpoena from nonparties without deposing the custodian or other person in possession of the documents or things under rule 12.310.

**(b)** **Procedure.** A party desiring production under this rule must serve notice as provided in Florida Rule of Judicial Administration 2.516 on every other party of the intent to serve a subpoena under this rule at least 10 days before the subpoena is issued if service is by delivery and 15 days before the subpoena is issued if the service is by mail or e-mail. The proposed subpoena must be attached to the notice and must state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs; must include a designation of the items to be produced; and must state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. A copy of the notice and proposed subpoena shall not be furnished to the person on whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice, the documents or things must not be produced pending resolution of the objection in accordance with subdivision (d).

**(c)** **Subpoena.** If no objection is made by a party under subdivision (b), an attorney of record in the action may issue a subpoena or the party desiring production must deliver to the clerk for issuance a subpoena together with a certificate of counsel or pro se party that no timely objection has been received from any party, and the clerk must issue the subpoena and deliver it to the party desiring production. Service within the state of Florida of a nonparty subpoena is deemed sufficient if it complies with rule 12.410(d) or if (1) service is accomplished by mail or hand delivery by a commercial delivery service, and (2) written confirmation of delivery, with the date of service and the name and signature of the person accepting the subpoena, is obtained and filed by the party seeking production. The subpoena must be identical to the copy attached to the notice and must specify that no testimony may be taken and must require only production of the documents or things specified in it. The subpoena may give the recipient an option to deliver or mail legible copies of the documents or things to the party serving the subpoena. The person on whom the subpoena is served may

condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies. The subpoena may require production only in the county of the residence of the custodian or other person in possession of the documents or things or in the county where the documents or things are located or where the custodian or person in possession usually conducts business. If the person on whom the subpoena is served objects at any time before the production of the documents or things, the documents or things will not be produced under this rule, and relief may be obtained under rule 12.310.

**(d)     Ruling on Objection.** If an objection is made by a party under subdivision (b), the party desiring production may file a motion with the court seeking a ruling on the objection or may proceed under rule 12.310.

**(e)     Copies Furnished.** If the subpoena is complied with by delivery or mailing of copies as provided in subdivision (c), the party receiving the copies may furnish a legible copy of each item furnished to any other party who requests it upon the payment of the reasonable cost of preparing the copies.

**(f)     Independent Action.** This rule does not affect the right of any party to bring an independent action for production of documents and things or permission to enter on land.

**Committee Notes**

[no change]

## RULE 12.360.     EXAMINATION OF PERSONS

~~Florida Rule of Civil Procedure 1.360 shall govern general provisions concerning the examination of persons in family law matters, except that examinations permitted under rule 1.360(a)(1) may include, but are not limited to, examinations involving physical or mental condition, employability or vocational testing, genetic testing, or any other type of examination related to a matter in controversy.~~

**(a)     Request; Scope.**

(1)     A party may request any other party to submit to, or to produce a person in that other party's custody or legal control for, examination by a qualified expert when the condition that is the subject of the requested examination is in controversy. Examinations may include, but are not limited to, examinations

- 77 -

involving physical or mental condition, employability or vocational testing, genetic testing, or any other type of examination related to a matter in controversy.

(A)    When the physical condition of a party or other person under subdivision (a)(1) is in controversy, the request may be served on the party or other persons without leave of court after commencement of the action, and on any other person or party with or after service of the process and initial pleading. The request must specify a reasonable time, place, manner, conditions, and scope of the examination and the person or persons by whom the examination is to be made. The party to whom the request is directed must serve a response within 30 days after service of the request, except that a respondent need not serve a response until 45 days after service of the process and initial pleading on that respondent. The court may allow a shorter or longer time. The response must state that the examination will be permitted as requested unless the request is objected to, in which event the reasons for the objection must be stated. If the examination is to be recorded or observed by others, the request or response must also include the number of people attending, their role, and the method or methods of recording.

(B)    In cases in which the condition in controversy is not physical, a party may move for an examination by a qualified expert as in subdivision (a)(1). The order for examination may be made only after notice to the person to be examined and to all parties, and must specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

(C)    The examination of a minor child is governed by rule 12.363.

(D)    Social investigations are governed by rule 12.364.

(2)    An examination under this rule is authorized only when the party submitting the request has good cause for the examination. At any hearing the party submitting the request has the burden of showing good cause.

(3)    On request of either the party requesting the examination or the party or person to be examined, the court may establish protective rules governing such examination.

**(b)    Report of Examiner.**

(1)     If requested by the party to whom a request for examination or against whom an order is made under subdivision (a)(1)(A) or (a)(1)(B) or by the person examined, the party requesting the examination must deliver to the other party a copy of a detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnosis, and conclusions, with similar reports of all earlier examinations of the same condition. After delivery of the detailed written report, the party requesting the examination is entitled, on request, to receive from the party to whom the request for examination or against whom the order is made a similar report of any examination of the same condition previously or thereafter made, unless in the case of a report of examination of a person not a party the party shows the inability to obtain it. On motion, the court may order delivery of a report on such terms as are just; and if an examiner fails or refuses to make a report, the court may exclude the examiner's testimony if offered at the trial.

(2)     By requesting and obtaining a report of the examination so ordered or requested or by taking the deposition of the examiner, the party examined waives any privilege that party may have in that action or any other involving the same controversy regarding the testimony of every other person who has examined or may thereafter examine that party concerning the same condition.

(3)     This subdivision applies to examinations made by agreement of the parties unless the agreement provides otherwise. This subdivision does not preclude discovery of a report of an examiner or taking the deposition of the examiner in accordance with any other rule.

**(c)     Examiner as Witness.** The examiner may be called as a witness by any party to the action, but is not to be identified as appointed by the court.

**Commentary**

[no change]

## RULE 12.365.     EXPERT WITNESSES

**(a)     Application.** The procedural requirements in this rule ~~shall~~ apply whenever an expert is appointed by the court or retained by a party. This rule applies to all experts including, but not limited to, medical, psychological, social, financial, vocational, and economic experts. ~~Where in conflict, this rule shall supersede Florida Rule of Civil Procedure 1.360.~~

**(b)    Communication with Court by Expert.** No expert may communicate with the court without prior notice to the parties and their attorneys, who ~~shall~~must be afforded the opportunity to be present and heard during the communication between the expert and the court. A request for communication with the court may be conveyed informally by letter or telephone. Further communication with the court, which may be conducted informally, ~~shall~~may be done only with notice to all parties.

**(c)    Use of Evidence.** The court ~~shall~~may not entertain any presumption in favor of a court-appointed expert's opinion. Any opinion by an expert may be entered into evidence on the court's own motion or the motion of any party in a manner consistent with the rules of evidence, subject to cross-examination by the parties.

**(d)    Evaluation of Minor Child.** This rule ~~shall~~does not apply to any evaluation of a minor child under rule 12.363.

**Committee Note**

[no change]

## RULE 12.370.    REQUESTS FOR ADMISSION

~~Requests for admission shall be governed by Florida Rule of Civil Procedure 1.370, except that~~

~~(a)    the request and any response to it must comply with Florida Rule of Judicial Administration 2.425; and~~

~~(b)    documents attached to the request for admission shall not be filed with the court and shall only be attached to the copy served on the party to whom the request for admissions is directed.~~

**(a)    Request for Admission.**

**(1)    Service of Request.** A party may serve on any other party a written request for the admission of the truth of any matters within the scope of rule 12.280(c), set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. The request and any response must comply with Florida Rule of Judicial Administration 2.425. Copies of documents must be served with

the request unless they have been or are otherwise furnished or made available for inspection and copying. However, documents attached to the request for admission may not be filed with the court and may only be attached to the copy served on the party to whom the request for admission is directed. Without leave of court the request may be served on the petitioner after commencement of the action and on any other party with or after service of the process and initial pleading on that party.

**(2)    Limit on Number of Requests.** The request for admission may not exceed 30 requests, including all subparts, unless the court permits a larger number on motion and notice and for good cause, or the parties propounding and responding to the requests stipulate to a larger number. Each matter of which an admission is requested must be separately set forth.

**(3)    Answer or Objection to Request.** The matter is admitted unless the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow but, unless the court shortens the time, a respondent will not be required to serve answers or objections before the expiration of 45 days after service of the process and initial pleading on the respondent. If objection is made, the reasons must be stated. The answer must specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial must fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party must specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless that party states that that party has made reasonable inquiry and that the information known or readily obtainable by that party is insufficient to enable that party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not object to the request on that ground alone; the party may deny the matter or set forth reasons why the party cannot admit or deny it, subject to rule 12.380(c).

**(4)    Motion to Determine Sufficiency of Answers or Objections.** The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it must order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it

may order either that the matter is admitted or that an amended answer be served. Instead of these orders the court may determine that final disposition of the request be made at a pretrial conference or at a designated time before trial. The provisions of rule 12.380(a)(4) apply to the award of expenses incurred in relation to the motion.

**(b)     Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to rule 12.200 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against that party in any other proceeding.

## RULE 12.380.     FAILURE TO MAKE DISCOVERY; SANCTIONS

Florida Rule of Civil Procedure 1.380 shall govern the failure to make discovery in family law matters and related sanctions, with the following additions.

(a)     A party may apply for an order compelling discovery in the manner set forth in rule 1.380 for the failure of any person to comply with any discovery request or requirement under the family law rules, including, but not limited to, the failure to comply with rule 12.285.

(b)     In the case of rule 1.380(c), the court may defer ruling on the party's motion for sanctions until the conclusion of the matter in controversy.

**(a)     Motion for Order Compelling Discovery.** On reasonable notice to other parties and all persons affected, a party may apply for an order compelling discovery as follows:

**(1)     Appropriate Court.** An application for an order to a party may be made to the court in which the action is pending or in accordance with rule 12.310(d). An application for an order to a deponent who is not a party must be made to the circuit court where the deposition is being taken.

**(2)     Motion.** If a deponent fails to answer a question propounded or submitted under rule 12.310 or 12.320, or a corporation or other entity fails to

- 82 -

make a designation under rule 12.310(b)(6) or 12.320(a), or a party fails to answer an interrogatory submitted under rule 12.340, or if a party in response to a request for inspection submitted under rule 12.350 fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, or if a party in response to a request for examination of a person submitted under rule 12.360(a) objects to the examination, fails to respond that the examination will be permitted as requested, or fails to submit to or to produce a person in that party's custody or legal control for examination, or if any person fails to comply with any discovery request or requirement under the Florida Family Law Rules of Procedure, including, but not limited to, the failure to comply with rule 12.285, the discovering party may move for an order compelling an answer, or a designation or an order compelling inspection, or an order compelling an examination in accordance with the request. The motion must include a certification that the movant, in good faith, has conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order. If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made under rule 12.280(d).

(3)     **Evasive or Incomplete Answer.** For purposes of this subdivision an evasive or incomplete answer shall be treated as a failure to answer.

(4)     **Award of Expenses of Motion.** If the motion is granted and after opportunity for hearing, the court must require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys' fees, unless the court finds that the movant failed to certify in the motion that a good faith effort was made to obtain the discovery without court action, that the opposition to the motion was substantially justified, or that other circumstances make an award of expenses unjust. If the motion is denied and after opportunity for hearing, the court must require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorneys' fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.

### (b) Failure to Comply with Order.

(1) If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court.

(2) If a party or an officer, director, or managing agent of a party or a person designated under rule 12.310(b)(6) or 12.320(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or rule 12.360, the court in which the action is pending may make any of the following orders:

(A) An order that the matters regarding which the questions were asked or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

(C) An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party.

(D) Instead of any of the foregoing orders or in addition to them, an order treating as a contempt of court the failure to obey any orders except an order to submit to an examination made under rule 12.360(a)(1)(B) or subdivision (a)(2) of this rule.

(E) When a party has failed to comply with an order under rule 12.360(a)(1)(B) requiring that party to produce another for examination, the orders listed in subdivisions (b)(2)(A)–(b)(2)(C), unless the party failing to comply shows the inability to produce the person for examination.

Instead of any of the foregoing orders or in addition to them, the court must require the party failing to obey the order to pay the reasonable expenses caused by the failure, which may include attorneys' fees, unless the court finds that the failure was substantially justified or that other circumstances make an award of

expenses unjust. Alternatively, the court may defer ruling on the party's motion for sanctions until the conclusion of the matter in controversy.

**(c)    Expenses on Failure to Admit.** If a party fails to admit the genuineness of any document or the truth of any matter as requested under rule 12.370 and if the party requesting the admissions proves the genuineness of the document or the truth of the matter, the requesting party may file a motion for an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorneys' fees. The court may issue such an order at the time a party requesting the admissions proves the genuineness of the document or the truth of the matter, upon motion by the requesting party, unless it finds that

(1)    the request was held objectionable under rule 12.370(a)(3),

(2)    the admission sought was of no substantial importance, or

(3)    there was other good reason for the failure to admit.

**(d)    Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party or an officer, director, or managing agent of a party or a person designated under rule 12.310(b)(6) or 12.320(a) to testify on behalf of a party fails

(1)    to appear before the officer who is to take the deposition after being served with a proper notice,

(2)    to serve answers or objections to interrogatories submitted under rule 12.340 after proper service of the interrogatories, or

(3)    to serve a written response to a request for inspection submitted under rule 12.350 after proper service of the request, the court in which the action is pending may take any action authorized under subdivisions (b)(2)(A)–(b)(2)(C) of this rule.

Any motion specifying a failure under subdivisions (d)(2) or (d)(3) must include a certification that the movant, in good faith, has conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. Instead of any order or in addition to it, the court may require the party failing to act to pay the reasonable expenses caused by the failure, which may include attorneys' fees, unless the court finds that the

failure was substantially justified or that other circumstances make an award of expenses unjust. The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by rule 12.280(d).

**(e)     Electronically Stored Information; Sanctions for Failure to Preserve.** Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good faith operation of an electronic information system.

**RULE 12.390.     DEPOSITIONS OF EXPERT WITNESSES**

Depositions of expert witnesses shall be governed by Florida Rule of Civil Procedure 1.390.

**(a)     Definition.** The term "expert witness" as used herein applies exclusively to a person duly and regularly engaged in the practice of a profession who holds a professional degree from a university or college and has had special professional training and experience, or one possessed of special knowledge or skill about the subject upon which called to testify.

**(b)     Procedure.** The testimony of an expert or skilled witness may be taken at any time before the trial in accordance with the rules for taking depositions and may be used at trial, regardless of the place of residence of the witness or whether the witness is within the distance prescribed by rule 12.330(a)(3)(B). No special form of notice need be given that the deposition will be used for trial.

**(c)     Fee.** An expert or skilled witness whose deposition is taken must be allowed a witness fee in such reasonable amount as the court may determine. The court must also determine a reasonable time within which payment must be made, if the deponent and party cannot agree. All parties and the deponent must be served with notice of any hearing to determine the fee. Any reasonable fee paid to an expert or skilled witness may be taxed as costs.

**(d)     Applicability.** Nothing in this rule prevents the taking of any deposition as otherwise provided by law.

**RULE 12.410.     SUBPOENA**

~~Subpoenas shall be governed by Florida Rule of Civil Procedure 1.410, except as follows:~~

**(a)** **Subpoenas Generally.** Subpoenas for testimony before the court, subpoenas for production of tangible evidence, and subpoenas for taking depositions may be issued by the clerk of court or by any attorney of record in an action. No subpoena issued under ~~Florida Rule of Civil Procedure 1.410~~this rule, even if for the purpose of proof of service or nonservice of the subpoena, shall be filed with the court unless in compliance with Florida Rule of Judicial Administration 2.425.

**(b)** ~~Notice of Issuance of~~ **Subpoena for Testimony Before the Court.** ~~A party issuing a subpoena through an attorney of record or clerk of the court under Florida Rule of Civil Procedure 1.410 shall, on the same day as the subpoena is issued, serve each party to the proceeding with a notice of issuance of subpoena and file this notice with the court. The notice of issuance of subpoena shall identify the person or entity subject to the subpoena, the date the subpoena was issued, and the date and time for appearance or production, and shall recite that all references to account numbers or personal identifying numbers are in compliance with Florida Rule of Judicial Administration 2.425.~~

(1) Every subpoena for testimony before the court must be issued by an attorney of record in an action or by the clerk under the seal of the court and must state the name of the court and the title of the action and must command each person to whom it is directed to attend and give testimony at a time and place specified in it.

(2) On oral request of an attorney or party, the clerk must issue a subpoena for testimony before the court or a subpoena for the production of documentary evidence before the court signed and sealed but otherwise in blank, both as to the title of the action and the name of the person to whom it is directed, and the subpoena must be filled in before service by the attorney or party.

**(c)** **For Production of Documentary Evidence.**

**(1)** **Generally.** A subpoena may also command the person to whom it is directed to produce the books, papers, documents (including electronically stored information), or tangible things designated therein, but the court, on motion made promptly and in any event at or before the time specified in the subpoena for compliance with it, may

(A)    quash or modify the subpoena if it is unreasonable and oppressive, or

(B)    condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things.

A party seeking a production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party as provided in rule 12.080(b). Such notice shall have the same effect and be subject to the same limitations as a subpoena served on the party.

**(c2)    Notice to ProduceCompliance with Rule 2.425.** Any notice to produce issued under Florida Rule of Civil Procedure 1.410this rule shallmust comply with Florida Rule of Judicial Administration 2.425.

**(d)    Production of Evidence at TrialService.** A party seeking production of evidence at trial, as provided in rule 1.410(c), which would be subject to a subpoena, as provided in rule 1.410(c), may compel such production by serving a notice to produce such evidence on an adverse party as provided in Florida Rule of Judicial Administration 2.516.

**(1)    Generally.** A subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than 18 years of age. Service of a subpoena on a person named in it shall be made as provided by law. Proof of such service shall be made by affidavit of the person making service if not served by an officer authorized by law to do so.

**(2)    Notice of Subpoena to Parties.** A party issuing a subpoena through an attorney of record or clerk of the court under this rule must, on the same day as the subpoena is served, serve each party to the proceeding with a notice of issuance of subpoena and file this notice with the court. The notice of issuance of subpoena must identify the person or entity subject to the subpoena, the date the subpoena was issued, and the date and time for appearance or production, and must recite that all references to account numbers or personal identifying numbers are in compliance with Florida Rule of Judicial Administration 2.425. An unexecuted copy of the subpoena to be issued must be attached to the Notice of Subpoena.

**(e)    Subpoena for Taking Depositions.**

(1)     Filing a notice to take a deposition as provided in rule 12.310(b) or 12.320(a) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending or by an attorney of record in the action. The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by rule 12.280(c), but in that event the subpoena will be subject to the provisions of rule 12.280(d) and subdivision (c) of this rule. Within 10 days after its service, or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed may serve written objection to inspection or copying of any of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. If objection has been made, the party serving the subpoena may move for an order at any time before or during the taking of the deposition upon notice to the deponent.

(2)     A person may be required to attend an examination only in the county in which the person resides or is employed or transacts business in person or at such other convenient place as may be fixed by an order of court.

**(f)     Contempt.** Failure by any person without adequate excuse to obey a subpoena served on that person may be deemed a contempt of the court from which the subpoena issued.

**(g)     Depositions before Commissioners Appointed in this State by Courts of Other States; Subpoena Powers; etc.** When any person authorized by the laws of Florida to administer oaths is appointed by a court of record of any other state, jurisdiction, or government as commissioner to take the testimony of any named witness within this state, that witness may be compelled to attend and testify before that commissioner by witness subpoena issued by the clerk of any circuit court at the instance of that commissioner or by other process or proceedings in the same manner as if that commissioner had been appointed by a court of this state; provided that no document or paper writing shall be compulsorily annexed as an exhibit to such deposition or otherwise permanently removed from the possession of the witness producing it, but in lieu thereof a copy may be annexed to and transmitted with such executed commission to the court of issuance.

**(h)     Subpoena of Minor.** Any minor subpoenaed for testimony has the right to be accompanied by a parent, guardian, guardian ad litem, or attorney ad litem at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except on a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor. The provisions of this subdivision do not alter the requirements of rule 12.407 that a court order must be obtained before a minor child may be subpoenaed to appear at a hearing.

**Committee Notes**

[no change]

## RULE 12.420.     DISMISSAL OF ACTIONS

~~Dismissal of actions shall be governed by Florida Rule of Civil Procedure 1.420, with the following two exceptions.~~

**(a)     Voluntary Dismissal.** ~~Unless otherwise specified in a notice or stipulation, a voluntary dismissal shall be without prejudice and shall not operate as an adjudication on the merits.~~

**(1)     By Parties.** An action or a claim may be dismissed

(A)     before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision; or

(B)     by filing a stipulation of dismissal signed by all current parties to the action.

**(2)     By Order of Court; Counterpetition.** Except as provided in subdivision (a)(1), an action may not be dismissed at a party's request except on order of the court and on such terms and conditions as the court deems proper. If the petitioner files a notice of dismissal of the original petition after a counterpetition is served by the respondent, the counterpetition shall not be automatically dismissed.

**(3)** **Adjudication on the Merits.** Unless otherwise specified in a notice of stipulation, a voluntary dismissal is without prejudice and does not operate as an adjudication on the merits.

**(b)** **Involuntary Dismissal.** Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court. After a party seeking affirmative relief in an action has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. Involuntary dismissal for lack of jurisdiction, improper venue, or lack of an indispensable party does not act as an adjudication on the merits. All other involuntary dismissals operate as an adjudication on the merits, unless otherwise specified by the court.

**(c)** **Costs.** Costs shall be assessed ~~as provided in rule 1.420(d)~~, except that the court ~~shall~~may not require the payment of costs of a previously dismissed claim, which was based ~~upon~~on or included the same claim against the same adverse party as the current action.

**(d)** **Failure to Prosecute.** In all actions in which it appears on the face of the record that for a period of 10 months, no activity by filing of pleadings or order of court has occurred, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of the notice, and no record activity occurs within 60 days immediately following the service of the notice, and if no stay was issued or approved before the expiration of the 60-day period, the action must be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year is not sufficient cause for dismissal for failure to prosecute.

**(e)** **Effect on Lis Pendens.** If a notice of lis pendens has been filed in connection with a claim for affirmative relief that is dismissed under this rule, the notice of lis pendens connected with the dismissed claim is automatically dissolved at the same time. The notice, stipulation, or order must be recorded.

## Commentary

[no change]

## RULE 12.430.      DEMAND FOR JURY TRIAL; WAIVER

~~Demands for and waivers of jury trial shall be governed by Florida Rule of Civil Procedure 1.430.~~

(a)      **Right Preserved.** The right of trial by jury as declared by the Constitution or by statute must be preserved to the parties inviolate.

(b)      **Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by serving on the other party a demand in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. The demand may be endorsed on a pleading of the party.

(c)      **Specification of Issues.** In the demand, a party may specify the issues that the party would like tried; otherwise, the party is deemed to demand trial by jury for all issues so triable. If a party has demanded trial by jury for only some of the issues, any other party may serve a demand for trial by jury of any other or all of the issues triable by jury 10 days after service of the demand or such lesser time as the court may order.

(d)      **Waiver.** A party who fails to serve a demand as required by this rule waives trial by jury. If waived, a jury trial may not be granted without the consent of the parties, but the court may allow an amendment in the proceedings to demand a trial by jury or order a trial by jury on its own motion. A demand for trial by jury may not be withdrawn without the consent of the parties.

## RULE 12.431.      ~~TRIAL~~ JURY **TRIAL**

~~Trials by jury shall be governed by Florida Rule of Civil Procedure 1.431.~~

(a)      **Generally.** In those family law cases in which a jury trial is available, this rule governs those proceedings.

(b)      **Questionnaire.**

(1)     The circuit court may direct the authority charged by law with the selection of prospective jurors to furnish each prospective juror with a questionnaire in the form approved by the supreme court from time to time to assist the authority in selecting prospective jurors. The questionnaire must be used after the names of jurors have been selected as provided by law but before certification and the placing of the names of prospective jurors in the jury box. The questionnaire must be used to determine those who are not qualified to serve as jurors under any statutory ground of disqualification.

(2)     To assist in voir dire examination at trial, any court may direct the clerk to furnish prospective jurors selected for service with a questionnaire in the form approved by the supreme court from time to time. The prospective jurors shall be asked to complete and return the forms. Completed forms may be inspected in the clerk's office and copies must be available in court during the voir dire examination for use by parties and the court.

**(c)     Examination by Parties.** The parties have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror is determined by the court. The court may ask such questions of the jurors as it deems necessary, but the right of the parties to conduct a reasonable examination of each juror orally must be preserved.

**(d)     Challenge for Cause.**

(1)     On motion of any party, the court must examine any prospective juror on oath to determine whether that person is related, within the third degree, to (A) any party, (B) the attorney of any party, or (C) any other person or entity against whom liability or blame is alleged in the pleadings, or is related to any person alleged to have been wronged or injured by the commission of the wrong for the trial of which the juror is called, or has any interest in the action, or has formed or expressed any opinion, or is sensible of any bias or prejudice concerning it, or is an employee or has been an employee of any party or any other person or entity against whom liability or blame is alleged in the pleadings, within 30 days before the trial. A party objecting to the juror may introduce any other competent evidence to support the objection. If it appears that the juror does not stand indifferent to the action or any of the foregoing grounds of objection exists or that the juror is otherwise incompetent, another must be called in that juror's place.

(2)     The fact that any person selected for jury duty from bystanders or the body of the county and not from a jury list lawfully selected has served as a juror in the court in which that person is called at any other time within 1 year is a ground of challenge for cause.

(3)     When the nature of any action requires a knowledge of reading, writing, and arithmetic, or any of them, to enable a juror to understand the evidence to be offered, the fact that any prospective juror does not possess the qualifications is a ground of challenge for cause.

**(e)     Peremptory Challenges.** Each party is entitled to 3 peremptory challenges of jurors, but when the number of parties on opposite sides is unequal, the opposing parties are entitled to the same aggregate number of peremptory challenges to be determined on the basis of 3 peremptory challenges to each party on the side with the greater number of parties. The additional peremptory challenges accruing to multiple parties on the opposing side must be divided equally among them. Any additional peremptory challenges not capable of equal division must be exercised separately or jointly as determined by the court.

**(f)     Exercise of Challenges.** All challenges must be addressed to the court outside the hearing of the jury in a manner selected by the court so that the jury panel is not aware of the nature of the challenge, the party making the challenge, or the basis of the court's ruling on the challenge, if for cause.

**(g)     Swearing of Jurors.** No one may be sworn as a juror until the jury has been accepted by the parties or until all challenges have been exhausted.

**(h)     Alternate Jurors.**

(1)     The court may direct that 1 or 2 jurors be impaneled to sit as alternate jurors in addition to the regular panel. Alternate jurors in the order in which they are called must replace jurors who have become unable or disqualified to perform their duties before the jury retires to consider its verdict. Alternate jurors must be drawn in the same manner, have the same qualifications, be subject to the same examination, take the same oath, and have the same functions, powers, facilities, and privileges as principal jurors. An alternate juror who does not replace a principal juror must be discharged when the jury retires to consider the verdict.

(2)     If alternate jurors are called, each party is entitled to 1 peremptory challenge in the selection of the alternate juror or jurors, but when the number of parties on opposite sides is unequal, the opposing parties are entitled to

the same aggregate number of peremptory challenges to be determined on the basis of 1 peremptory challenge to each party on the side with the greater number of parties. The additional peremptory challenges allowed under this subdivision may be used only against the alternate jurors. The peremptory challenges allowed under subdivision (e) may not be used against the alternate jurors.

**(i)     Interview of a Juror.** A party who believes that grounds for legal challenge to a verdict exist may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion must be served within 10 days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion must state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist. After notice and hearing, the trial judge must enter an order denying the motion or permitting the interview. If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.

**(j)     Communication with the Jury.** This rule governs all communication between the judge or courtroom personnel and jurors.

**(1)     Communication to be on the Record.** The court must notify the parties of any communication from the jury pertaining to the action as promptly as practicable and in any event before responding to the communication. Except as set forth below, all communications between the court or courtroom personnel and the jury must be on the record in open court or must be in writing and filed in the action. The court or courtroom personnel must note on any written communication to or from the jury the date and time it was delivered.

**(2)     Exception for Certain Routine Communication.** The court may, by pretrial order or by statement on the record with opportunity for objection, set forth the scope of routine ex parte communication to be permitted and the limits imposed by the court with regard to such communication.

(A)     Routine ex parte communication between the bailiff or other courtroom personnel and the jurors, limited to juror comfort and safety, may occur off the record.

(B)     In no event shall ex parte communication between courtroom personnel and jurors extend to matters that may affect the outcome of the trial, including statements containing any fact or opinion concerning a party, attorney, or procedural matter or relating to any legal issue or lawsuit.

**(3)** **Instructions to Jury.** During voir dire, the court must instruct the jurors and courtroom personnel regarding the limitations on communication between the court or courtroom personnel and jurors. Upon empanelling the jury, the court must instruct the jurors that their questions are to be submitted in writing to the court, which will review them with the parties and counsel before responding.

**(4)** **Notification of Jury Communication.** Courtroom personnel must immediately notify the court of any communication to or from a juror or among jurors in contravention of the court's orders or instructions, including all communication contrary to the requirements of this rule.

## RULE 12.440.   SETTING ACTION FOR TRIAL

~~Florida Rule of Civil Procedure 1.440 shall govern general provisions concerning setting an action for trial in family law matters, with the following exceptions and additions.~~

**(a)** **When at Issue.** An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading. The party entitled to serve motions directed to the last pleading may waive the right to do so by filing a notice for trial at any time after the last pleading is served. The existence of crossclaims among the parties shall not prevent the court from setting the action for trial on the issues raised by the petition, counterpetition, and answer.

**(b)** **Notice for Trial.** Any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice must include an estimate of the time required and whether the trial is on the original action or a subsequent proceeding. The clerk must then submit the notice and the case file to the court. If there are any issues to be tried by jury, the notice for trial must so state.

**(c)** **Setting for Trial.** If the court finds the action ready to be set for trial, it shall enter an order setting the action for trial, fixing a date for trial, and setting a pretrial conference, if necessary. In the event a default has been entered, reasonable notice of not less than 10 days shall be given unless otherwise required by law. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Florida Rule of Judicial Administration 2.516. Trial shall be set within a reasonable time from the service of the notice for trial. At the pretrial conference, the parties should be prepared, consistent with ~~Florida Family Law Rule of Procedure~~rule 12.200, to

present any matter that will prepare the parties for trial and that can expedite the resolution of the case. The trial court may also direct the parties to reciprocally exchange and file with the court all documents relative to the outcome of the case; a list of all witnesses, all issues to be tried, and all undisposed motions; an estimate of the time needed to try the case; and any other information the court deems appropriate. Any court filings shall be in conformity with Florida Rule of Judicial Administration 2.425. This information should be served and filed no later than 72 hours before the pretrial conference or 30 days before the trial.

(~~b~~d)   **Sanctions.** The failure to comply with the requirements of the order setting the action for trial ~~shall~~ subject**s** the party or attorney to appropriate court sanctions.

## Committee Notes

[no change]

## ~~RULE 12.442.      PROPOSALS FOR SETTLEMENT~~

~~Florida Rule of Civil Procedure 1.442 shall not apply in proceedings governed by these rules.~~

## RULE 12.450.     EVIDENCE

~~Adverse witnesses, the record of excluded evidence, and the filing of evidence shall be governed by Florida Rule of Civil Procedure 1.450.~~

**(a)     Record of Excluded Evidence.** If, during trial, an objection to a question propounded to a witness is sustained by the trier of fact, the examining attorney may make a specific offer of what the attorney expects to prove by the answer of the witness. The court may add such other and further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. The court on request must take and report the evidence in full unless it clearly appears that the evidence is not admissible on any ground or is privileged. The court may require the offer to be made outside the hearing of the trier of fact.

**(b)     Filing.** When documentary evidence is introduced in an action, the clerk or the judge must endorse an identifying number or symbol on it and when proffered or admitted in evidence, it must be filed by the clerk or judge and

considered in the custody of the court and not withdrawn except with written leave of court.

## RULE 12.460.    CONTINUANCES

~~Continuances shall be governed by Florida Rule of Civil Procedure 1.460.~~

Continuances are governed by Florida Rule of Judicial Administration 2.545(e). If a continuance is sought on the ground of nonavailability of a witness, the motion must show when it is believed the witness will be available.

## RULE 12.470.    EXCEPTIONS ~~UNNECESSARY~~

~~Exceptions shall be governed by Florida Rule of Civil Procedure 1.470 except that no exception shall be necessary to an adverse ruling other than as provided in rules 12.490 and 12.492.~~

**(a)    Adverse Ruling.** For appellate purposes no exception shall be necessary to any adverse ruling, order, instruction, or thing whatsoever said or done at the trial or prior to the trial or after the verdict, which was said or done after objection made and considered by the trial court and which affected the substantial rights of the party complaining and which is assigned as error, other than as provided by rules 12.490 and 12.492.

**(b)    Instructions to Jury.** The Florida Standard Jury Instructions appearing on the court's website at www.floridasupremecourt.org/jury_instructions.shtml must be used by the trial judges of this state in instructing the jury in civil actions to the extent that the Standard Jury Instructions are applicable, unless the trial judge determines that an applicable Standard Jury Instruction is erroneous or inadequate. If the trial judge modifies a Standard Jury Instruction or gives such other instruction as the judge determines necessary to accurately and sufficiently instruct the jury, on timely objection to the instruction, the trial judge must state on the record or in a separate order the legal basis for varying from the Standard Jury Instruction. Similarly, in all circumstances in which the notes accompanying the Florida Standard Jury Instructions contain a recommendation that a certain type of instruction not be given, the trial judge must follow the recommendation unless the judge determines that the giving of such an instruction is necessary to accurately and sufficiently instruct the jury, in which event the judge must give such instruction as the judge deems appropriate and necessary. If the trial judge does not follow such a recommendation of the Florida Standard Jury Instructions, on timely objection to

the instruction, the trial judge must state on the record or in a separate order the legal basis of the determination that such instruction is necessary. Not later than at the close of the evidence, the parties may file written requests that the court instruct the jury on the law set forth in such requests. The court may then require counsel to appear before it to settle the instructions to be given. At such conference, all objections must be made and ruled on and the court must inform counsel of such instructions as the court will give. No party may assign as error the giving of any instruction unless that party objects thereto at such time, or the failure to give any instruction unless that party requested the same. The court shall orally instruct the jury before or after the arguments of counsel and may provide appropriate instructions during the trial. If the instructions are given before final argument, the presiding judge must give the jury final procedural instructions after final arguments are concluded and before deliberations. The court must provide each juror with a written set of the instructions for his or her use in deliberations. The court must file a copy of such instructions.

**(c)** **Orders on New Trial; Directed Verdicts; etc.** It shall not be necessary to object or except to any order granting or denying motions for new trials, directed verdicts, or judgments notwithstanding the verdict or in arrest of judgment to entitle the party against whom such ruling is made to have the same reviewed by an appellate court.

**Commentary**

[no change]

## RULE 12.480. MOTION FOR A DIRECTED VERDICT

~~Motions for directed verdict shall be governed by Florida Rule of Civil Procedure 1.480.~~

**(a)** **Effect.** A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had not been made. The denial of a motion for a directed verdict shall not operate to discharge the jury, if applicable. A motion for a directed verdict must state the specific grounds for it. The order directing a verdict is effective without any assent of the jury, if applicable.

**(b)** **Reservation of Decision on Motion.** When a motion for a directed verdict is denied or for any reason is not granted, the court is deemed to have

submitted the action to the jury, if applicable, subject to a later determination of the legal questions raised by the motion. Within 15 days after the return of a verdict, a party who has timely moved for a directed verdict may serve a motion to set aside the verdict and any judgment entered on it and to enter judgment in accordance with the motion for a directed verdict. If a verdict was not returned, a party who has timely moved for a directed verdict may serve a motion for judgment in accordance with the motion for a directed verdict within 15 days after discharge of the jury, if applicable.

**(c)** **Joined with Motion for New Trial or Motion for Rehearing.** A motion for a new trial or motion for rehearing may be joined with a motion for directed verdict or a new trial may be requested in the alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and either order a new trial or rehearing, or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial or rehearing.

## RULE 12.481. VERDICTS

Verdicts shall be governed by Florida Rule of Civil Procedure 1.481.

## RULE 12.500. DEFAULTS AND FINAL JUDGMENTS THEREON

Defaults and final judgments thereon shall be governed by Florida Rule of Civil Procedure 1.500.

**(a)** **By the Clerk.** When a party against whom affirmative relief is sought has failed to file or serve any document in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such document.

**(b)** **By the Court.** When a party against whom affirmative relief is sought has failed to plead or otherwise respond as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party provided that if such party has filed or served any document in the action, that party must be served with notice of the application for default.

**(c)** **Right to Plead.** A party may plead or otherwise respond at any time before default is entered. If a party in default files any document after the default is

entered, the clerk must notify the party of the entry of the default. The clerk must make an entry on the docket showing the notification.

**(d)    Setting Aside Default.** The court may set aside a default, and if a final judgment on it has been entered, the court may set it aside in accordance with rule 12.540(b).

**(e)    Final Judgment.** Final judgments after default may be entered by the court at any time, but no judgment may be entered against a minor or incapacitated person unless represented in the action by a general guardian, guardian ad litem, attorney ad litem, committee, conservator, or other representative who has appeared in it or unless the court has made an order under rule 12.210(b) providing that no representative is necessary for the minor or incapacitated person. If it is necessary to take an account or to determine the amount of damages or to establish the truth of any allegation by evidence or to make an investigation of any other matter to enable the court to enter judgment or to effectuate it, the court may receive affidavits, make referrals, or conduct hearings as it deems necessary and must accord a right of trial by jury to the parties when required by the Constitution or any statute.

## RULE 12.510.    SUMMARY JUDGMENT

~~Summary judgment shall be governed by Florida Rule of Civil Procedure 1.510, except that service by the adverse party, as set forth in for rule 1.510(c), shall be on the movant in accordance with Florida Rule of Judicial Administration 2.516.~~

**(a)    For Claimant.** A party seeking to recover on a claim, counterpetition, crossclaim, or third-party claim or to obtain a declaratory judgment may move for a summary judgment in that party's favor on all or any part of it with or without supporting affidavits at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party.

**(b)    For Defending Party.** A party against whom a claim, counterpetition, crossclaim, or third-party claim is asserted or a declaratory judgment is sought may move for a summary judgment in that party's favor as to all or any part of it at any time with or without supporting affidavits.

**(c)    Motion and Proceedings Thereon.** The motion must state with particularity the grounds on which it is based and the substantial matters of law to

be argued and must specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence") on which the movant relies. The movant must serve the motion at least 20 days before the time fixed for the hearing, and must also serve at that time any summary judgment evidence on which the movant relies that has not already been filed with the court. The adverse party must identify, by notice served under Florida Rule of Judicial Administration 2.516 at least 5 days prior to the day of the hearing, or delivered no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies. To the extent that summary judgment evidence has not already been filed with the court, the adverse party must serve a copy on the movant under rule 2.516 at least 5 days prior to the day of the hearing, or by delivery to the movant's attorney no later than 5:00 p.m. 2 business days prior to the day of the hearing. The judgment sought must be rendered immediately if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d)     **Case Not Fully Adjudicated on Motion.** On motion under this rule if judgment is not rendered on the whole case or for all the relief asked and a trial or the taking of testimony and a final hearing is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, must ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It must then make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. On the trial or final hearing of the action the facts so specified shall be deemed established, and the trial or final hearing shall be conducted accordingly.

(e)     **Form of Affidavits; Further Testimony.** Supporting and opposing affidavits must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all documents or parts thereof referred to in an affidavit must be attached to it or served with it. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

**(f)    When Affidavits Are Unavailable.** If it appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g)    Affidavits Made in Bad Faith.** If it appears to the satisfaction of the court at any time that any of the affidavits presented under this rule are presented in bad faith or solely for the purpose of delay, the court must immediately order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorneys' fees, and any offending party or attorney may be adjudged guilty of contempt.

### Committee Notes

[no change]

### RULE 12.525.    MOTIONS FOR COSTS AND ATTORNEYS' FEES

Florida Rule of Civil Procedure 1.525 shall not apply in proceedings governed by these rules.

### RULE 12.530.    MOTIONS FOR NEW TRIAL AND REHEARING; AMENDMENTS OF JUDGMENTS

Motions for new trial and rehearing and amendments of judgments shall be governed by Florida Rule of Civil Procedure 1.530.

**(a)    Jury and Non-Jury Actions.** A new trial or rehearing may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment.

**(b)    Time for Motion.** A motion for new trial or for rehearing must be served not later than 15 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.

**(c)    Time for Serving Affidavits.** When a motion for a new trial or rehearing is based on affidavits, the affidavits must be served with the motion. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.

**(d)    On Initiative of Court.** Not later than 15 days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.

**(e)    When Motion Is Unnecessary; Non-Jury Case.** When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection to it in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.

**(f)    Hearing on Motion.** When any motion for rehearing or new trial is filed, the court must initially make a determination if a hearing on the motion is required. If a hearing is required, the court must provide notice of the hearing on the motion for rehearing or new trial. If the court determines that a hearing is not required, then the court must enter an order granting or denying the motion in accordance with this rule.

**(g)    Order Granting to Specify Grounds.** All orders granting a new trial or rehearing must specify the specific grounds for it. If such an order is appealed and does not state the specific grounds, the appellate court must relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial or a rehearing.

**(h)    Motion to Alter or Amend a Judgment.** A motion to alter or amend the judgment must be served not later than 15 days after entry of the judgment, except that this rule does not affect the remedies in rule 12.540(b).

## RULE 12.540.    RELIEF FROM JUDGMENT, ~~DECREES,~~ OR ORDERS

~~Florida Rule of Civil Procedure 1.540 shall govern general provision concerning relief from judgment, decrees, or orders, except:~~

(a)     there shall be no time limit for motions based on fraudulent financial affidavits in marital or paternity cases; and

(b)     the motion and any attachment or exhibit to it shall be in compliance with Florida Rule of Judicial Administration 2.425.

**(a)     Clerical Mistakes.** Clerical mistakes in judgments or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

**(b)     Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and on such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing;

(3)     fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4)     that the judgment is void; or

(5)     that the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

The motion must be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, order, or proceeding was entered or taken; except that there will be no time limit for motions based on fraudulent financial affidavits in marital or paternity cases. The motion and any attachment or exhibit to it must be in compliance with Florida Rule of Judicial Administration 2.425. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an

independent action or supplemental proceeding to relieve a party from a judgment, order, or proceeding or to set aside a judgment for fraud on the court.

**Commentary**

[no change]

## RULE 12.550.  EXECUTIONS AND FINAL PROCESS

~~Executions and final process shall be governed by Florida Rule of Civil Procedure 1.550.~~

**(a)  Issuance.** Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or that party's attorney. No execution or other final process may issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial or rehearing, and if a motion for new trial or rehearing is timely served, until it is determined. Execution or other final process may be issued on special order of the court at any time after judgment.

**(b)  Stay.** The court before which an execution or other process based on a final judgment is returnable may stay such execution or other process and suspend proceedings on it for good cause on motion and notice to all adverse parties.

## RULE 12.570.  ENFORCEMENT OF JUDGMENTS

~~Enforcement of judgments shall be governed by Florida Rule of Civil Procedure 1.570.~~

**(a)  Money Judgments.** Final process to enforce a judgment solely for the payment of money shall be by execution, writ of garnishment, or other appropriate process or proceedings. Money judgments~~, as governed by rule 1.570(a)~~ shall include, but not be limited to, judgments for alimony, child support, equitable distribution payments, attorneys' fees, suit money, and costs~~, and equitable distribution~~.

**(b)  Property Recovery.** Final process to enforce a judgment for the recovery of property shall be by a writ of possession for real property and by a writ of replevin, distress writ, writ of garnishment, or other appropriate process or proceedings for other property.

**(c)    Performance of an Act.** If judgment is for the performance of a specific act or contract:

(1)    the judgment must specify the time within which the act must be performed. If the act is not performed within the time specified, the party seeking enforcement of the judgment shall make an affidavit that the judgment has not been complied with within the prescribed time and the clerk shall issue a writ of attachment against the delinquent party. The delinquent party shall not be released from the writ of attachment until that party has complied with the judgment and paid all costs accruing because of the failure to perform the act. If the delinquent party cannot be found, the party seeking enforcement of the judgment shall file an affidavit to this effect and the court shall issue a writ of sequestration against the delinquent party's property. The writ of sequestration shall not be dissolved until the delinquent party complies with the judgment;

(2)    the court may hold the disobedient party in contempt; or

(3)    the court may appoint some person, not a party to the action, to perform the act insofar as practicable. The performance of the act by the person appointed has the same effect as if performed by the party against whom the judgment was entered.

**(d)    Parental Responsibility.** Actions for enforcement of issues related to parental responsibility may be brought by motion.

**(e)    Vesting Title.** If the judgment is for a conveyance, transfer, release, or acquittance of real or personal property, the judgment has the effect of a duly executed conveyance, transfer, release, or acquittance that is recorded in the county where the judgment is recorded. A judgment under this subdivision will be effective notwithstanding any disability of a party.

### Commentary

[no change]

## RULE 12.580.    WRIT OF POSSESSION

~~Writs of possession shall be governed by Florida Rule of Civil Procedure 1.580.~~

**(a)    Issuance.** When a judgment or order is for the delivery of possession of real property, the judgment or order shall direct the clerk to issue a writ of possession. The clerk must issue the writ immediately and deliver it to the sheriff for execution.

**(b)    Third-Party Claims.** If a person other than the party against whom the writ of possession is issued is in possession of the property, that person may retain possession of the property by filing with the sheriff an affidavit that the person is entitled to possession of the property, specifying the nature of the claim. The sheriff must then desist from enforcing the writ and must serve a copy of the affidavit on the party causing issuance of the writ of possession. The party causing issuance of the writ may apply to the court for an order directing the sheriff to complete execution of the writ. The court will determine the right of possession in the property and may order the sheriff to continue to execute the writ or may stay execution of the writ, if appropriate.

## RULE 12.590.    PROCESS IN BEHALF OF AND AGAINST PERSONS NOT PARTIES

~~Process in behalf of and against persons not parties shall be governed by Florida Rule of Civil Procedure 1.590.~~

Every person who is not a party to the action who has obtained an order, or in whose favor an order has been made, may enforce obedience to such order by the same process as if that person were a party, and every person, not a party, against whom obedience to any order may be enforced is liable to the same process for enforcing obedience to such orders as if that person were a party.

## RULE 12.600.    DEPOSITS IN COURT

~~Deposits in court shall be governed by Florida Rule of Civil Procedure 1.600, with the following addition.~~ In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court on notice to every other party and by leave of court. Money paid into court under this rule shall be deposited and withdrawn by order of court. The party depositing money or depositing the thing capable of delivery shall pay any fee imposed by the clerk of the court, unless the court orders otherwise.

### Commentary

[no change]

## RULE 12.605.　　INJUNCTIONS

**(a)　Temporary Injunction.**

(1)　This rule does not apply to relief sought under rule 12.610.

(2)　A temporary injunction may be granted without written or oral notice to the adverse party only if:

(A)　it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B)　the movant or movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required.

(3)　No evidence other than the affidavit or verified pleading may be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing. Every temporary injunction granted without notice must be endorsed with the date and hour of entry and must be filed immediately in the clerk's office and must define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.

**(b)　Bond.** No temporary injunction may be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision of it, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.

**(c)　Form and Scope.** Every injunction must specify the reasons for entry, must describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and must be binding on the parties to the action,

their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.

**(d)** **Motion to Dissolve.** A party against whom a temporary injunction has been granted may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion must be heard within 5 days after the movant applies for a hearing on the motion.

## Committee Note

**2017 Adoption.** The case law related to Florida Rule of Civil Procedure 1.610 shall be applicable to this rule.

## RULE 12.620. RECEIVERS

~~Receivers shall be governed by Florida Rule of Civil Procedure 1.620, except that~~

**(a)** **Notice.** The notice provisions of rule 12.605 apply to applications for the appointment of receivers.

**(b)** **Report.** Every receiver must file in the clerk's office a true and complete inventory under oath of the property coming under the receiver's control or possession under the receiver's appointment within 20 days after appointment. Every 3 months unless the court otherwise orders, the receiver must file in the same office an inventory and account under oath of any additional property or effects which the receiver has discovered or which may have come to the receiver's hands since appointment, and of the amount remaining in the hands of or invested by the receiver, and of the manner in which the same is secured or invested, stating the balance due from or to the receiver at the time of rendering the last account and the receipts and expenditures since that time. When a receiver neglects to file the inventory and account, the court must enter an order requiring the receiver to file such inventory and account and to pay out of the receiver's own funds the expenses of the order and the proceedings on it within not more than 20 days after being served with a copy of such order.

**(c)** **Bond.** The court may grant leave to put the bond of the receiver in suit against the sureties without notice to the sureties of the application for such leave.

**(d) Contents of Inventory.** ~~any~~Any inventory filed with the court ~~shall~~must be in compliance with Florida Rule of Judicial Administration 2.425.

## RULE 12.625. PROCEEDINGS AGAINST SURETY ON JUDICIAL BONDS

~~Proceedings against sureties on judicial bonds shall be governed by Florida Rule of Civil Procedure 1.625.~~

When any rule or statute requires or permits giving of bond by a party in a judicial proceeding, the surety on the bond submits to the jurisdiction of the court when the bond is approved. The surety must furnish the address for the service of documents affecting the surety's liability on the bond to the officer to whom the bond is given at that time. The liability of the surety may be enforced on motion without the necessity of an independent action. The motion must be served on the surety at the address furnished to the officer. The surety must serve a response to the motion within 20 days after service of the motion, asserting any defenses in law or in fact. If the surety fails to serve a response within the time allowed, a default may be taken. If the surety serves a response, the issues raised must be decided by the court on reasonable notice to the parties. The right to jury trial may not be abridged in any such proceedings.

## RULE 12.630. EXTRAORDINARY REMEDIES

~~Extraordinary remedies shall be governed by Florida Rule of Civil Procedure 1.630, except summons in certiorari, as set forth in rule 1.630(d)(5), shall be served as provided in Florida Rule of Judicial Administration 2.516.~~

**(a) Applicability.** This rule applies to actions for the issuance of writs of mandamus, prohibition, quo warranto, and habeas corpus.

**(b) Initial Pleading.** The initial pleading must be a petition. It must contain:

(1) the facts on which the petitioner relies for relief;

(2) a request for the relief sought; and

(3) if desired, argument in support of the petition with citations of authority.

The caption must show the action filed in the name of the petitioner in all cases and not on the relation of the state. When the petition seeks a writ directed to a lower court or to a governmental or administrative agency, a copy of as much of the record as is necessary to support the petitioner's petition must be attached.

**(c)  Time.** A petition must be filed within the time provided by law.

**(d)  Process.** If the petition shows a prima facie case for relief, the court may issue:

(1)  an order nisi in prohibition;

(2)  an alternative writ in mandamus that may incorporate the petition by reference only;

(3)  a writ of quo warranto; or

(4)  a writ of habeas corpus.

The writ must be served in the manner prescribed by law.

**(e)  Response.** Respondent must respond to the writ as provided in rule 12.140, but the answer in quo warranto must show better title to the office when the writ seeks an adjudication of the right to an office held by the respondent.

**Committee Note**

[no change]

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.910(a), SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL (03/17)

## When should this form be used?

This form should be used to obtain **personal service** on the other **party** when you begin your lawsuit. **Service** is required for **all** documents filed in your case.  Service means giving a copy of the required papers to the other party using the procedure that the law requires.  Generally, there are two ways to make service:  (1) personal service, or (2) service by email, mail, or hand delivery. A third method for service is called **constructive service**; however, the relief a court may grant may be limited in a case where constructive service has been used.

The law requires that certain documents be served by **personal service** if personal service is possible. **Personal service** means that a summons (this form) and a copy of the forms you are filing with the court that must be personally served are delivered by a deputy sheriff or private process server

   a.   directly to the other party, **or**
   b.   to someone over the age of fifteen with whom the other party lives.

Personal service is required for **all petitions**, including petitions for modification. You cannot serve these papers on the other party yourself or by mail or hand delivery. Personal service must be made by the sheriff's department in the county where the other party lives or works or by a private process server certified in the county where the other party lives or works.

In many counties, there are private process servers who, for a fee, will personally serve the summons and other documents that require personal service.  You should look under **process servers** in the yellow pages of the telephone book for a list of private process servers in your area. You may use a private process server to serve any paper required to be personally served in a family law case **except** a petition for injunction for protection against domestic or repeat violence.

## How do I start?

When you begin your lawsuit, you need to complete this form (summons) and a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b). The forms should be typed or printed legibly in black ink.  Next, you will need to take these forms and, if you have not already done so, **file** your petition with the **clerk of the circuit court** in the county where you live. You should keep a copy of the forms for your records. The clerk will sign the summons, and then the summons, a copy of the papers to be served, and the process service memorandum must be delivered to the appropriate sheriff's office or to a private process server for service on the other party.

**IF THE OTHER PARTY LIVES IN THE COUNTY WHERE SUIT IS FILED:**  Ask the clerk in your county about any local procedures regarding service.  Generally, if the other party lives in the county in which you are filing suit and you want the sheriff's department to serve the papers, you will file the summons along with a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b), with the clerk and the clerk will forward those papers to the sheriff for service.  Make sure that you attach a copy of the papers you want personally served to the summons. You may also need to provide the sheriff with

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons:  Personal Service on an Individual (03/17)

- 113 -

a stamped envelope addressed to you.  This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party.  However, in some counties the sheriff may send the proof of service directly to the clerk. If you are instructed to supply a self-addressed, stamped envelope and you receive the proof of service, you should file the proof of service with the clerk after you receive it from the sheriff.  Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier's check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.

If you want a private process server to serve the other party, you should still bring the summons to the clerk's office and have the clerk sign it for you.  You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers.  After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.

**IF THE OTHER PARTY LIVES IN ANOTHER COUNTY:**  If the other party lives in another county, service needs to be made by a sheriff in the county where the other party lives or by a private process server certified in the county where the other party lives.  Make sure that you attach a copy of the papers you want personally served to the summons as well as the **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b). If you want the sheriff to serve the papers, the clerk may send your papers to that sheriff's office for you, or you may have to send the papers yourself. The clerk will tell you which procedure to use.  Either way, you will need to provide the sheriff with a stamped envelope addressed to you.  This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party.  You should file the proof of service with the clerk after you receive it from the sheriff.  Also, you will need to find out how much the sheriff charges to serve the papers.  Personal checks are not accepted.  You should attach to the summons a cashier's check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself.  The clerk will tell you which procedure to use.  The costs for service may be waived if you are indigent.

If you want a private process server to serve the other party, you should still bring the summons to the clerk's office where the clerk will sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers.  After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.

**IF THE OTHER PARTY CANNOT BE LOCATED OR DOES NOT LIVE IN FLORIDA:**  If, after you have made a diligent effort to locate the other party, you absolutely cannot locate the other party, you may serve the other party by publication. Service by publication is also known as **constructive service**. You may also be able to use constructive service if the other party does not live in Florida.  **However, Florida courts have only limited jurisdiction over a party who is served by constructive service and may have only limited jurisdiction over a party living outside of Florida regardless of whether that party is served by constructive or personal service**; that is, the judge's power to order the other party to do certain things

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons:  Personal Service on an Individual (03/17)

- 114 -

may be limited.  For example, the judge may be able to grant your request for a divorce, but the judge may not be able to address issues such as child support, spousal support (alimony), or division of property or debts.

Regardless of the type of service used, if the other party once lived in Florida but is living outside of Florida now, you should include in your petition a statement regarding the length of time the party lived in Florida, if any, and when.  For example: "Respondent last lived in Florida from *{date}* _____ to *{date}* _____."

**This area of the law is very complex and you may need to consult with an attorney regarding the proper type of service to be used in your case if the other party does not live in Florida or cannot be located.**

## What happens when the papers are served on the other party?

The date and hour of service are written on the original summons and on all copies of it by the person making the service.  The person who delivers the summons and copies of the petition must file a proof of service with the clerk or provide a proof of service to you for filing with the court.  **It is your responsibility to make sure the proof of service has been returned to the clerk and placed in your case file.**

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information regarding service of process, see chapters 48 and 49, Florida Statutes, and Florida Family Law Rule of Procedure 12.070, as well as the instructions for **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1), **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2),  **Affidavit of Diligent Service and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b), and **Affidavit of Diligent Search**, Florida Family Law Rules of Procedure Form 12.913(c).

## Special notes

If you have been unable to obtain proper service on the other party within **120 days** after filing your lawsuit, the court will dismiss your lawsuit against the other party unless you can show the court a good reason why service was not made within **120 days**. For this reason, if you had the local sheriff serve the papers, you should check with the clerk every couple of weeks after completing the service papers to see if service has been completed. You may need to supply the sheriff with a new or better address. If you had a private process server or a sheriff in another county serve the papers, you should be in contact with that person or sheriff until you receive proof of service from that person or sheriff. You should then file the proof of service with the clerk immediately.

If the other party fails to respond, i.e., fails to file a written response with the court, within **20 days** after the service of the summons, you are entitled to request a **default**. See the instructions to **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922 (a), and **Default**, Florida Supreme Court Approved Family Law Form 12.922(b), for further information. You will need to file an **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b), before a default may be granted.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons:  Personal Service on an Individual (03/17)

- 115 -

Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons:  Personal Service on an Individual (03/17)

- 116 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,

Petitioner,

and

_____,

Respondent.

**SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL**
**ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO**
**CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL**

TO/PARA/A: *{enter other party's full legal name}* _____,
*{address (including city and state)/location for service}* _____.

## IMPORTANT

A lawsuit has been filed against you.  You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: *{street                                                                                          address}*
_____.

A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.**  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).
If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at:
*{Name and address of party serving summons}* _____

_____.

**If the party serving summons has designated email address(es) for service or is represented by an attorney, you may designate email address(es) for service by or on you.  Service must be in accordance with Florida Rule of Judicial Administration 2.516.**

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office.  You may review these documents, upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address.  (You may file**

Florida Family Law Rules of Procedure Form 12.910(a), Summons: Personal Service on an Individual (03/17)

**Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915.) Future papers in this lawsuit will be mailed to the address on record at the clerk's office. WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: _____. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Nombre y direccion de la parte que entrega la orden de comparencencia: _____

_____.

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. (Usted puede presentar _____ el Formulario: Ley de Familia de la Florida 12.915, Florida Supreme Court Approved Family Law Form 12.915, [Designation of Current Mailing and Email Address].) Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

**ADVERTENCIA: Regla 12.285 (Rule 12.285), de las Reglas de Procedimiento de Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere cierta revelacion automatica de documentos e informacion. El incumplimient, puede resultar en sanciones, incluyendo la desestimacion o anulacion de los alegatos.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: *{L'Adresse}* _____. Un simple coup de telephone est

insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom et adresse de la partie qui depose cette citation: _____

_____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

**Il faut aviser le greffier de votre adresse actuelle. (Vous pouvez deposer Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and Email Address.) Les documents de l'avenir de ce proces seront envoyer a l'adresse que vous donnez au bureau du greffier.**

**ATTENTION: La regle 12.285, des regles de procedure du droit de la famille de la Floride exige que l'on remette certains renseignements et certains documents a la partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y compris le rejet ou la suppression d'un ou de plusieurs actes de procedure.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

CLERK OF THE CIRCUIT COURT
(SEAL)

By: _____
     Deputy Clerk

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.911(a), SUBPOENA FOR HEARING OR TRIAL (ISSUED BY CLERK) (03/17)

### When should this form be used?

This form is used to require the appearance of witnesses at a **trial** or a **hearing** and also to notify the other **party**(ies) of those witnesses you have subpoenaed as required by Florida Family Law Rule of Procedure 12.410. This form should be typed or printed in black ink. After you complete the form, you will need to take it to the **clerk of the circuit court's** office to obtain the clerk or deputy clerk's signature. The party issuing the subpoena should also sign it.

**NOTE:** Under Florida Family Law Rule of Procedure 12.407, a minor child may not be brought to court to testify or appear at a hearing or be subpoenaed to appear at a hearing without prior order of the court on good cause shown unless it is an emergency situation. See Forms 12.944(a)–(b).

### What should I do next?

The form must be **served** on the other party/parties and witness(es) in accordance with Florida Rule of Judicial Administration 2.516.

This form must be served on the witness(es) in accordance with Florida law and notice must also be given to the other parties in accordance with Florida Family Law Rule of Procedure 12.410 and with Florida Rule of Judicial Administration 2.516.

### Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.410.

**Nonlawyer:** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: _____

_____,
            Petitioner,
and

_____,
            Respondent.

# SUBPOENA FOR HEARING OR TRIAL (ISSUED BY CLERK)

THE STATE OF FLORIDA:
TO _____,
YOU ARE COMMANDED to appear before the Honorable *{name}* _____,
Judge of the Court, at the _____ County Courthouse in *{city}*
_____, Florida, on *{date}* _____, at *{time}* _____, to
testify in this action. If you fail to appear you may be held in contempt of court.

You are subpoenaed to appear by the following party, and unless you are excused from this subpoena by
the party, or court, you must respond to this subpoena as directed.

DATE: _____

_____
DEPUTY CLERK

_____
[Print, type, or stamp the name of the deputy clerk]
*{Party}*: _____
*{Address}*: _____

_____
*{Telephone Number}*: _____
*{E-mail address(es)}*: _____

## CERTIFICATE OF SERVICE

I certify that a copy of this document was [choose only **one**] ( ) mailed ( ) faxed and mailed ( ) hand
delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**

Florida Family Law Rules of Procedure Form 12.911(a), Subpoena for Hearing or Trial (Issued By Clerk) (03/17)

Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this document and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

_____

Signature of Party or his/her Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____


Florida Family Law Rules of Procedure Form 12.911(a), Subpoena for Hearing or Trial (Issued By Clerk) (03/17)

[Print, type, or stamp commissioned name of notary or deputy clerk.]

\_\_\_      Personally known

\_\_\_      Produced identification

Type of identification produced _____

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

*{identify applicable court personnel by name, address, and telephone number}* at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was prepared with the assistance of:
*{name of individual}* _____ ,
*{name of business}* _____ ,
 *{address}* _____ ,
*{city}* _____ , *{state}* _____ , *{telephone number}* _____ .

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.911(b), SUBPOENA FOR HEARING OR TRIAL (ISSUED BY ATTORNEY) (03/17)

### When should this form be used?

This form is used to require the appearance of witnesses at a **trial** or a **hearing** and also to notify the other **party**(ies) of those witnesses you have subpoenaed as required by Florida Family Law Rule of Procedure 12.410. This form should be typed or printed in black ink. The attorney issuing the subpoena should sign it.

**NOTE:** Under Florida Family Law Rule of Procedure 12.407, a minor child may not be brought to a **hearing** or be subpoenaed to appear at a hearing without prior order of the court on good cause shown unless it is an emergency situation. See Forms 12.944(a)–(b).

### What should I do next?

The form must be served on the witness(es) in accordance with Florida law and notice must also be given to the other parties in accordance with Florida Family Law Rule of Procedure 12.410 and with Florida Rule of Judicial Administration 2.516.

Instructions for Florida Family Law Rules of Procedure 12.911(b), Subpoena for Hearing or Trial (Issued by Attorney) (03/17)

- 124 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: _____

_____,
                        Petitioner,
and

_____,
                        Respondent.

# SUBPOENA FOR HEARING OR TRIAL

THE STATE OF FLORIDA
TO *{name(s)}* _____

YOU ARE COMMANDED to appear before the Honorable *{name}* _____,
Judge of the Court, at the _____ County Courthouse in *{city}*
_____, Florida, on *{date}* _____ at *{time}* _____, to
testify in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by the
attorney you must respond to the subpoena as directed.

DATE: _____

_____
ATTORNEY for *{party}*
FOR THE COURT

_____
[Print or type the name of the attorney]

*{Address}*: _____

_____
*{Telephone Number}*: _____
*{Florida Bar No.}*: _____
*{E-mail address(es)}*: _____

Florida Family Law Rules of Procedure 12.911(b), Subpoena for Hearing or Trial (Issued by Attorney) (03/17)

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was [choose only **one**](    ) mailed (    ) faxed and mailed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**

Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es): _____

**Other party or his/her attorney:**

Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es): _____

**Other party or his/her attorney:**

Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es): _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this document and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

_____
Signature of Party or his/her Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____ .


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
[Print, type, or stamp commissioned name of notary or deputy clerk.]

_____ Personally known
_____ Produced identification
Type of identification produced _____

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____
_{identify applicable court personnel by name, address, and telephone number}_
at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.911(c), SUBPOENA DUCES TECUM FOR HEARING OR TRIAL (ISSUED BY CLERK) (03/17)

## When should this form be used?

This form is used to require the appearance of witnesses at a **trial** or a **hearing** and also to notify the other **party**(ies) of those witnesses you have subpoenaed as required by Florida Family Law Rule of Procedure 12.410. It also requires that they bring specified items with them. This form should be typed or printed in black ink. After you complete the form, you will need to take it to the **clerk of the circuit court's** office to obtain the clerk or deputy clerk's signature. The party issuing the subpoena should also sign it.

**NOTE:** Under Florida Family Law Rule of Procedure 12.407, a minor child may not be brought to court to testify or appear at a hearing or be subpoenaed to appear at a hearing without prior order of the court on good cause shown unless it is an emergency situation. See Forms 12.944(a)–(b).

## What should I do next?

The form must be **served** on the other party/parties and witness(es) in accordance with Florida Rule of Judicial Administration 2.516. The form must be served on the witness(es) in accordance with Florida law and notice must also be given to the other parties in accordance with Florida Family Law Rule of Procedure 12.410 and with Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.410.

**Nonlawyer:** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.911(c), Subpoena Duces Tecum for Trial (Issued by Clerk) (03/17)

- 128 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR_____COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: _____

_____,
                    Petitioner,
and

_____,
                    Respondent.

# SUBPOENA DUCES TECUM FOR HEARING OR TRIAL
# (ISSUED BY CLERK)

THE STATE OF FLORIDA:
TO _____,

YOU ARE COMMANDED to appear before the Honorable *{name}* _____,
Judge of the Court, at the _____ County Courthouse in *{city}* _____
_____,
Florida, on *{date}* _____, at *{time}* _____, to testify in this action and to have with
you at that time and place the following: _____. If you fail to
appear you may be held in contempt of court.

You are subpoenaed to appear by the Clerk of the Court on behalf of the party indicated below, and unless
you are excused from this subpoena by the party indicated below, or court, you must respond to this
subpoena as directed.

DATE: _____

_____
DEPUTY CLERK

_____
[Print, type, or stamp the name of the deputy clerk]
*{Party}*: _____
*{Address}*: _____

_____
*{Telephone Number}*: _____
*{E-mail address(es)}*: _____

## CERTIFICATE OF SERVICE

I certify that a copy of this document was [choose only **one**] (   ) mailed (   ) faxed and mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this document and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

_____
Signature of Party or his/her Attorney
Printed Name: _____

Florida Family Law Rules of Procedure Form 12.911(c), Subpoena Duces Tecum for Trial (Issued by Clerk) (03/17)

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Email Address(es):_____

STATE OF FLORIDA

COUNTY OF

Sworn to or affirmed and signed before me on_____ by _____ .

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

[Print, type, or stamp commissioned name of notary or deputy clerk.]

___    Personally known

___    Produced identification

Type of identification produced _____

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____

*{identify applicable court personnel by name, address, and telephone number}*
at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks]
This form was prepared for the *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was prepared with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
 *{address}* _____,

Florida Family Law Rules of Procedure Form 12.911(c), Subpoena Duces Tecum for Trial (Issued by Clerk) (03/17)

*{city}* _____ , *{state}* _____ , *{telephone number}* _____ .

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.911(d), SUBPOENA DUCES TECUM FOR HEARING OR TRIAL (ISSUED BY ATTORNEY) (03/17)

## When should this form be used?

This form is used to require the appearance of witnesses at a **trial** or a **hearing** and also to notify the other **party**(ies) of those witnesses you have subpoenaed as required by Florida Family Law Rule of Procedure 12.410. It also requires that they bring specified items with them. This form should be typed or printed in black ink. The attorney party issuing the subpoena should sign it.

**NOTE:** Under Florida Family Law Rule of Procedure 12.407, a minor child may not be brought to court to testify or appear at a hearing or be subpoenaed to appear at a hearing without prior order of the court on good cause shown unless it is an emergency situation.

## What should I do next?

The form must be served on the witness(es) in accordance with Florida law and notice must also be given to the other parties in accordance with Florida Family Law Rule of Procedure 12.410 and with Florida Rule of Judicial Administration 2.516.

Instructions for Florida Family Law Rules of Procedure Form 12.911(d), Subpoena Duces Tecum for Trial (issued by Attorney) (03/17)

- 133 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

In re: _____

_____,
                Petitioner,
and

_____,
                Respondent.

# SUBPOENA DUCES TECUM FOR HEARING OR TRIAL

THE STATE OF FLORIDA:

TO _____,

YOU ARE COMMANDED to appear before the Honorable *{name}* _____,
Judge of the Court, at the _____ County Courthouse in *{city}* _____

_____,
Florida, on *{date}* _____, at *{time}* _____, to testify in this action and to
have with you at that time and place the following: _____. If you
fail to appear you may be held in contempt of court.

You are subpoenaed to appear by the Clerk of the Court on behalf of the party indicated below, and unless
you are excused from this subpoena by the party indicated below, or court, you must respond to this
subpoena as directed.

DATE: _____

*{Name of Attorney}* _____
FOR THE COURT

Attorney for *{party}* _____

*{Address}*: _____

_____

*{Telephone Number}*: _____

*{Florida Bar No.}*: _____

*{E-mail address(es)}*: _____

## CERTIFICATE OF SERVICE

I certify that a copy of this document was [choose only **one**] (   ) mailed (   ) faxed and mailed
(   ) hand delivered to the person(s) listed below on *{date}* _____.
**Other party or his/her attorney:**

Florida Family Law Rules of Procedure Form 12.911(d), Subpoena Duces Tecum for Trial (issued by Attorney) (03/17)

Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es):_____

**Other party or his/her attorney:**

Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es):_____

**Other party or his/her attorney:**

Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es):_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this document and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

_____

Signature of Party or his/her Attorney

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Florida Family Law Rules of Procedure Form 12.911(d), Subpoena Duces Tecum for Trial (issued by Attorney) (03/17)

Fax Number: _____

Email Address(es):_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

[Print, type, or stamp commissioned name of notary or deputy clerk.]

_____ Personally known

_____ Produced identification

Type of identification produced _____

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____

*{identify applicable court personnel by name, address, and telephone number}* at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.911(e), SUBPOENA FOR DEPOSITION
## (ISSUED BY CLERK)
## (03/17)

### When should this form be used?

This form is used to require the appearance of witnesses at a deposition and also to notify the other **party**(ies) of those witnesses you have subpoenaed as required by the Florida Family Law Rule of Procedure 12.410. This form should be typed or printed in black ink. The party issuing the subpoena should sign it and then take it to the **clerk of the circuit court's** office to obtain the deputy clerk's signature.

**NOTE:** Under Florida Family Law Rule of Procedure 12.407, a minor child may not be brought to court to testify or appear at a **hearing** or be subpoenaed to appear at a hearing without prior order of the court on good cause shown unless it is an emergency situation.

### What should I do next?

The form must be served on the witness(es) in accordance with Florida law and notice must also be given to the other parties in accordance with Florida Family Law Rule of Procedure 12.410 and with Florida Rule of Judicial Administration 2.516.

### Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.410.

**Nonlawyer:** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.911(e), Subpoena for Deposition (Issued by Clerk) (03/17)

- 137 -

IN THE CIRCUIT COURT OF THE_____JUDICIAL CIRCUIT,
IN AND FOR_____COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: _____

_____,
Petitioner,
and

_____,
Respondent.

# SUBPOENA FOR DEPOSITION
# (ISSUED BY CLERK)

THE STATE OF FLORIDA:
TO _____,

YOU ARE COMMANDED to appear before a person authorized to take depositions at *{address}* _____
_____. If you fail to appear you may be held in
contempt of court.

You are subpoenaed to appear by the **clerk of the circuit court** on behalf of the party indicated below,
and unless you are excused from this subpoena by the party indicated below or the court, you must
respond to this subpoena as directed.

DATE: _____

_____
DEPUTY CLERK

_____
[Print, type, or stamp the name of the deputy clerk]
*{Party}*: _____
*{Address}*: _____

_____
*{Telephone Number}*: _____
*{E-mail address(es)}*:_____

# CERTIFICATE OF SERVICE

Florida Family Law Rules of Procedure Form 12.911(e), Subpoena for Deposition (Issued by Clerk) (03/17)

I certify that a copy of this document was [choose only **one**] (   ) mailed (   ) faxed and mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this document and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

_____
Signature of Party or his/her Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____

Telephone Number: _____
Fax Number: _____
Email Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
[Print, type, or stamp commissioned name of notary or deputy clerk.]

___ Personally known
___ Produced identification
Type of identification produced _____

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____
*{identify applicable court personnel by name, address, and telephone number}*
at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was prepared with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
 *{address}* _____,
*{city}* _____, *{state}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.911(e), Subpoena for Deposition (Issued by Clerk) (03/17)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(a), NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES
# (03/17)

## When should this form be used?

You should use this form to tell the court that you are asking the other **party** in your case to answer certain standard questions in writing. These questions are called **interrogatories**, and they must relate to your case. The standard family law interrogatories are designed to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should carefully read the standard interrogatory forms, Florida Family Law Rules of Procedure Form 12.930(b) and (c), to determine which questions, if any, the other party needs to answer in order to provide you with information not covered by the financial affidavit forms.

This form should be typed or printed in black ink. You must indicate whether you are sending the interrogatories for original and enforcement proceedings **or** the interrogatories for modification proceedings. You must also indicate which questions you are asking the other party to answer. After completing this form you should **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## What should I do next?

You must serve the other party with a copy of this form along with an original and a copy of the appropriate interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) or (c), if service is by mail or hand delivery. You must serve a copy of this form and a copy of the interrogatories if service is by email. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

## You may want to inform the other party of the following information:

As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. **Service** of the answers must be in compliance with Florida Rule of Judicial Administration 2.516. His or her answers may be written on as many separate sheets of paper as necessary. He or she should number each page and indicate which question(s) he or she is answering, and be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do **not** file the original or a copy with the clerk of the circuit court except as provided in Florida Family Law Rule of Procedure 12.340(d).

The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. **If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.**

Instructions for Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (03/17)

- 141 -

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are **bold underline** in these instructions are defined there. For further information, see Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

# Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (03/17)

- 142 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES

I, *{full legal name}* _____, have on *{date}* _____,
served upon *{name of person served}* _____,
to be answered under oath within 30 days after service, the Standard Family Law Interrogatories for [check **one** only]

**(   ) Original or Enforcement Proceedings     (   ) Modification Proceedings**

I am requesting that the following standard questions be answered: [check **all** that apply]

| _____ 1 | _____ 2 | _____ 3 | _____ 4 | _____ 5 | _____ 6 | _____ 7 |
|---|---|---|---|---|---|---|
| Background Information | Education | Employment | Assets | Liabilities | Miscellaneous | Long Form Affidavit |

In addition, I am requesting that the attached *{#}* _____ questions be answered.

I certify that a copy of this document was **[check all used]**: (   ) emailed (   ) mailed (   ) faxed
(   ) hand delivered to the person(s) listed below on *{date}* _____

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

_____
Signature of Party or his/her Attorney
Printed Name: _____
Address: _____

Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (03/17)

City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for *{choose only **one**}* (     ) Petitioner (     ) Respondent
This form was prepared with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b), STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
## (03/17)

## When should this form be used?

This form should be used to ask the other **party** in your case to answer certain standard questions in writing. These questions are called **interrogatories**, and they must relate to your case.  If the other party fails to answer the questions, you may ask the **judge** to order the other party to answer the questions. (You cannot ask these questions before the **petition** has been **filed**.)

The questions in this form should be used in **original proceedings** or **enforcement proceedings** and are meant to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.

This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer.

You must serve the other party with an original and a copy of these interrogatories and a copy of the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), if by mail or hand delivery. You must serve an original of these interrogatories and a copy of the **Notice**, if by email. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure 12.930(a), to tell the court that you have sent this form to the other party.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there. For further information, see the instructions for **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a) and Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

## Special notes

In addition to the standard questions in this form, you may ask up to 10 additional questions.  You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.

Instructions for Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

- 145 -

**You may want to inform the other party of the following information:** As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. **Service** of the answers must be in accordance with Florida Rule of Judicial Administration 2.516. His or her answers may be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. **DO NOT FILE THE ORIGINAL OR A COPY WITH THE CLERK OF THE COURT EXCEPT AS PROVIDED BY FLORIDA FAMILY LAW RULE OF PROCEDURE 12.340(d) AND IN ACCORDANCE WITH THE REQUIREMENTS OF FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425.** The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

- 146 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# STANDARD FAMILY LAW INTERROGATORIES
# FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS

**TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES**
I am requesting that the following standard questions be answered: [check **all** that apply]

| _____ 1 | _____ 2 | _____ 3 | _____ 4 | _____ 5 | _____ 6 | _____ 7 |
|---|---|---|---|---|---|---|
| Background Information | Education | Employment | Assets | Liabilities | Miscellaneous | Long Form Affidavit |

In addition, I am requesting that the attached {#} _____ questions be answered.

The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.

**AFTER YOU ANSWER THE INTERROGATORIES, DO NOT FILE THE ORIGINAL WITH THE CLERK OF THE COURT. ALL PERSONAL INFORMATION CONTAINED IN THE COURT FILE BECOMES PUBLIC RECORD. INSTEAD, SERVE THE ORIGINAL OF THE ANSWERS TO THE INTERROGATORIES ON THE OTHER PARTY AND FILE FORM 12.930(d), NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES, WITH THE CLERK.**

I, {name of person answering interrogatories} _____,
being sworn, certify that the following information is true:

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

1. **BACKGROUND INFORMATION:**
   a. State your full legal name and any other name by which you have been known.
   b. State your present residence and telephone numbers.

2. **EDUCATION:**
   a. List all business, commercial, and professional licenses that you have obtained.
   b. List all of your education including, but not limited to, vocational or specialized training, including the following:
      (1) name and address of each educational institution.
      (2) dates of attendance.
      (3) degrees or certificates obtained or anticipated dates of same.

3. **EMPLOYMENT:**
   a. For each place of your employment or self-employment during the last 3 years, state the following:
      (1) name, address, and telephone number of your employer.
      (2) dates of employment.
      (3) job title and brief description of job duties.
      (4) starting and ending salaries.
      (5) name of your direct supervisor.
      (6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

   b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity within the last 3 years that was not detailed above, state for each such activity the following:
      (1) name, address, and telephone number of each activity.
      (2) dates you were connected with such activity.
      (3) position title and brief description of activities.
      (4) starting and ending compensation.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

- 148 -

(5)     name of all persons involved in the business, commercial, or professional activity with you.

(6)     all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

c.  If you have been unemployed at any time during the last 3 years, state the dates of unemployment. If you have not been employed at any time in the last 3 years, give the information requested above in question 3.a for your last period of employment.

4.  **ASSETS:**

a.  **Real Estate.**  State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years.  For each property, state the following:
   (1)     the names and addresses of any other persons or entities holding any interest and their percentage of interest.
   (2)     the purchase price, the cost of any improvements made since it was purchased, and the amount of any depreciation taken.
   (3)  the fair market value on the date of your separation from your spouse.
   (4)  the fair market value on the date of the filing of the petition for dissolution of marriage.

b.  **Tangible Personal Property.**  List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:

(1)  the percentage and type interest you hold.
(2)  the names and addresses of any other persons or entities holding any interest.
(3)  the date you acquired your interest.
(4)  the purchase price.
(5)  the present fair market value.
(6)  the fair market value on the date of your separation from your spouse.
(7)  the fair market value on the date of the filing of the petition for dissolution of marriage.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

- 149 -

c. **Intangible Personal Property.** Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, including but not limited to, partnership and business interests (including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:

    (1) the percentage and type interest you hold.
    (2)     the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
    (3) the date you acquired your interest.
    (4) the purchase price, acquisition cost, or loaned amount.
    (5) the fair market value or the amounts you claim are owned by or owed to you:
        (a) presently, at the time of answering these interrogatories.
        (b) on the date of your separation from your spouse.
        (c) on the date of the filing of the petition for dissolution of marriage.

**You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).**

d. **Retirement Accounts:** List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer. For each account, state the following:

    (1)     the name and last 4 digits of the account number of each account/plan and where it is located.
    (2) the type of account/plan.
    (3) the name and address of the fiduciary plan administrator/service representative.
    (4) the fair market value of your interest in each account/plan.
        (a) present value.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

- 150 -

        (b)  value on the date of separation.

        (c)  value on the date of filing of the petition for dissolution of marriage

    (5)     whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.

    (6)     the date at which you became/become eligible to receive some funds in this account/plan.

    (7)  monthly benefits of the account/plan if no fair market value is ascertained.

    (8)  beneficiary(ies) and/or alternate payee(s).

e.  **Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

    (1)  name and address of each institution.

    (2)  name in which the account is or was maintained.

    (3)   the last 4 digits of account numbers.

    (4)  name of each person authorized to make withdrawals from the accounts.

    (5)  highest balance within each of the preceding 3 years.

    (6)  lowest balance within each of the preceding 3 years.

**You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years.  DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).**

f.  **Closed Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

    (1)  name and address of each institution.

    (2)  name in which the account is or was maintained.

    (3)  the last 4 digits of account numbers.

    (4)  name of each person authorized to make withdrawals from the accounts.

    (5)  date account was closed.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

- 151 -

g. **Trust.** For any interest in an estate, trust, insurance policy, or annuity, state the following:

  (1) If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:

    (a) identification of the estate, trust, insurance policy, or annuity.

    (b) the nature, amount, and frequency of any distributions of benefits.

    (c) the total value of the beneficiaries' interest in the benefit.

    (d) whether the benefit is vested or contingent.

  (2) If you have established any trust or are the trustee of a trust, state the following:

    (a) the date the trust was established.

    (b) the names and addresses of the trustees.

    (c) the names and addresses of the beneficiaries.

    (d) the names and addresses of the persons or entities who possess the trust documents.

    (e) each asset that is held in each trust, with its fair market value.

h. **Canceled Life Insurance Policies.** For all policies of life insurance within the preceding 3 years that you no longer hold, own, or have any interest in, state the following:

  (1) name of company that issued the policy and last 4 digits of policy number.

  (2) name, address, and telephone number of agent who issued the policy.

  (3) amount of coverage.

  (4) name of insured.

  (5) name of owner of policy.

  (6) name of beneficiaries.

  (7) premium amount.

  (8) date the policy was surrendered.

  (9) amount, if any, of monies distributed to the owner.

i. **Name of Accountant, Bookkeeper, or Records Keeper.** State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.

j. **Safe Deposit Boxes, Lock Boxes, Vaults, Etc.** For all safe deposit boxes, lock boxes, vaults, or similar types of depositories, state the following:

  (1) The names and addresses of all banks, depositories, or other places where, at any time during the period beginning 3 years before the initiation of the action, until the date of your answering this interrogatory, you did any of the following:

    (a) had a safe deposit box, lock box, or vault.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

- 152 -

   (b) were a signatory or co-signatory on a safe deposit box, lock box, or vault.

   (c) had access to a safe deposit box, lock box, or vault.

   (d) maintained property.

  (2) The box or identification numbers and the name and address of each person who has had access to any such depository during the same time period.

  (3) All persons who have possession of the keys or combination to the safe deposit box, lock box, or vault.

  (4) Any items removed from any safe deposit boxes, lock boxes, vaults, or similar types of depositories by you or your agent during that time, together with the present location and fair market value of each item.

  (5) All items in any safe deposit boxes, lock boxes, vaults, or similar types of depositories and fair market value of each item.

5. **LIABILITIES:**

a. **Loans, Liabilities, Debts, and Other Obligations.** For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:

 (1) name and address of the creditor.

 (2) name in which the obligation is or was incurred.

 (3)  last 4 digits of the loan or account number, if any.

 (4) nature of the security, if any.

 (5) payment schedule.

 (6) present balance and current status of your payments.

 (7) total amount of arrearage, if any.

 (8) balance on the date of your separation from your spouse.

 (9) balance on the date of the filing of the petition for dissolution of marriage.

**You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE.   You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

b. **Credit Cards and Charge Accounts.** For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

 (1) name and address of the creditor.

 (2) name in which the account is or was maintained.

 (3) names of each person authorized to sign on the accounts.

 (4) last 4 digits of account numbers.

 (5) present balance and current status of your payments.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

- 153 -

(6) total amount of arrearage, if any.
(7) balance on the date of your separation from your spouse.
(8) balance on the date of the filing of the petition for dissolution of marriage.
(9) highest and lowest balance within each of the preceding 3 years.

**You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

    c.  **Closed Credit Cards and Charge Accounts.** For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each creditor.
(2) name in which the account is or was maintained.
(3) last 4 digits of account numbers.
(4) names of each person authorized to sign on the accounts.
(5) date the balance was paid off.
(6) amount of final balance paid off.

**You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

6.  **MISCELLANEOUS:**

a.  If you are claiming an unequal distribution of marital property or enhancement or appreciation of nonmarital property, state the amount claimed and all facts upon which you rely in your claim.

b.  If you are claiming an asset or liability is nonmarital, list the asset or liability and all facts upon which you rely in your claim.

c.  If the mental or physical condition of a spouse or child is an issue, identify the person and state the name and address of all health care providers involved in the treatment of that person for said mental or physical condition.

d.  Detail your proposed parenting plan for the minor child(ren), including your proposed time-sharing schedule. Alternatively, attach a copy of your proposed parenting plan.

e.  If you are claiming that the other parent's time-sharing with the minor child(ren) should be limited, supervised, or otherwise restricted, or that you should have sole parental responsibility for the minor child(ren), with or without time-sharing with the other parent, or that you should have ultimate responsibility over specific aspects of the child(ren)'s welfare or that these responsibilities should be divided between you and the other parent, state your reasons and all

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

- 154 -

facts which you rely upon to support your claim.

7. **LONG FORM AFFIDAVIT:** If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form 12.902(c), you must do so within the time to serve the answers to these interrogatories.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

- 155 -

I certify that a copy of this document was [**check all used**]: (    ) emailed (    ) mailed (    ) faxed (    ) hand delivered to the person(s) listed below on *{date}* _____.


**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Email Address(es): _____

**I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK


_____
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_____ Personally known
_____ Produced identification
Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
I*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (03/17)

- 156 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(c), STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS
# (03/17)

## When should this form be used?

This form should be used to ask the other **party** in your case to answer certain standard questions in writing. These questions are called **interrogatories**, and they must relate to your case.  If the other party fails to answer the questions, you may ask the **judge** to order the other party to answer the questions. (You cannot ask these questions before the **petition** has been **filed**.)

The questions in this form should be used in **modification proceedings** and are meant to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.

This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer.

You must serve the other party with an original and a copy of these interrogatories and a copy of the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), if by mail or hand delivery. You must serve an original of these interrogatories and a copy of the **Notice,** if by email. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.

After you receive the completed answers to the interrogatories, **DO NOT FILE THE ORIGINAL OR A COPY WITH THE CLERK OF THE COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425**

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there. For further information, see the instructions for **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a) and Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

Instructions for Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (03/17)

- 157 -

## Special notes

In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.

**You may want to inform the other party of the following information:** As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. **Service** of the answers must be in accordance with Florida Rule of Judicial Administration 2.516. His or her answers may be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. **DO NOT FILE THE ORIGINAL OR A COPY WITH THE CLERK OF THE CIRCUIT COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH THE REQUIREMENTS OF FLORIDA RULE OF JUDICIAL ADMINSTRATION 2.425.** The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (03/17)

- 158 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# STANDARD FAMILY LAW INTERROGATORIES
# FOR MODIFICATION PROCEEDINGS

**TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES**

I am requesting that the following standard questions be answered: [check all that apply]

| _____1 | _____2 | _____3 | _____4 | _____5 | _____6 | _____7 |
|---|---|---|---|---|---|---|
| Background Information | Education | Employment | Assets | Liabilities | Miscellaneous | Long Form Affidavit |

In addition, I am requesting that the attached {#} _____ questions be answered.

The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.

**AFTER YOU ANSWER THE INTERROGATORIES, DO NOT FILE THE ORIGINAL WITH THE CLERK OF THE COURT. ALL PERSONAL INFORMATION CONTAINED IN THE COURT FILE BECOMES PUBLIC RECORD. INSTEAD, SERVE THE ORIGINAL OF THE ANSWERS TO THE INTERROGATORIES ON THE OTHER PARTY AND FILE FORM 12.930(d), NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES, WITH THE CLERK.**

I, {name of person answering interrogatories} _____,
being sworn, certify that the following information is true:

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (03/17)

- 159 -

1. **BACKGROUND INFORMATION:**
   a. State your full legal name and any other name by which you have been known.
   b. State your present residence and telephone numbers.

2. **EDUCATION:**
   a. List all business, commercial, and professional licenses that you have obtained since the entry of the Final Judgment sought to be modified.
   b. List all of your education since the entry of the Final Judgment sought to be modified including, but not limited to, vocational or specialized training, including the following:
      (1) name and address of each educational institution.
      (2) dates of attendance.
      (3) degrees or certificates obtained or anticipated dates of same.

3. **EMPLOYMENT:**
   a. For each place of your employment or self-employment since the entry of the Final Judgment sought to be modified, state the following:
      (1) name, address, and telephone number of your employer.
      (2) dates of employment.
      (3) job title and brief description of job duties.
      (4) starting and ending salaries.
      (5) name of your direct supervisor.
      (6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

   b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity since the entry of the Final Judgment sought to be modified that was not detailed above, state for each such activity the following:
      (1) name, address, and telephone number of each activity.
      (2) dates you were connected with such activity.
      (3) position title and brief description of activities.
      (4) starting and ending compensation.
      (5) name of all persons involved in the business, commercial, or professional activity with you.
      (6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (03/17)

- 160 -

reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

    c.      If you have been unemployed at any time since the entry of the Final Judgment sought to be modified, state the dates of unemployment. If you have not been employed at any time since the entry of the Final Judgment sought to be modified, give the information requested above in question 3.a for your last period of employment.

**4. ASSETS:**

    a.      **Real Estate.** State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. For each property, state the following:

        (1)      the names and addresses of any other persons or entities holding any interest and their percentage of interest.

        (2)      the present fair market value.

    b.      **Tangible Personal Property.** List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:

        (1)      the percentage and type interest you hold.

        (2)      the names and addresses of any other persons or entities holding any interest.

        (3)      the present fair market value.

    c.      **Intangible Personal Property.** Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including but not limited to, partnership and business interests (including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (03/17)

- 161 -

owed to you by another entity or person. For each item, state the following:

(1)  the percentage and type interest you hold.

(2)  the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you

(3)  the present fair market value or the amounts you claim are owned by or owed to you, at the time of answering these interrogatories.

**You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished, then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).**

d.  **Retirement Accounts:** List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer.  For each account, state the following:

(1)  the name and last 4 digits of the account number of each account/plan and where it is located.

(2)  the type of account/plan.

(3)  the name and address of the fiduciary plan administrator/service representative.

(4)  the present fair market value of your interest in each account/plan.

(5)  whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.

(6)  the date at which you became/become eligible to receive some funds in this account/plan.

(7)  monthly benefits of the account/plan if no fair market value is ascertained.

(8)  beneficiary(ies) and/or alternate payee(s).

e.  **Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (03/17)

- 162 -

person, or in any other name, give the following:
(1)     name and address of each institution.
(2)     name in which the account is or was maintained.
(3)     last 4 digits of account numbers.
(4)     name of each person authorized to make withdrawals from the accounts.
(5)     highest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
(6)     lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.

**You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.  DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).**

f.     **Closed Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1)     name and address of each institution.
(2)     name in which the account is or was maintained.
(3)     last 4 digits of account numbers.
(4)     name of each person authorized to make withdrawals from the accounts.
(5)     date account was closed.

g.     **Trust.**  For any interest in an estate, trust, insurance policy, or annuity, state the following:
(1)     If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
   a.     identification of the estate, trust, insurance policy, or annuity.
   b.     the nature, amount, and frequency of any distributions of benefits.
   c.     the total value of the beneficiaries' interest in the benefit.
   d.     whether the benefit is vested or contingent.
(2)     If you have established any trust or are the trustee of a trust, state the following:
   a.     the date the trust was established.
   b.     the names and addresses of the trustees.
   c.     the names and addresses of the beneficiaries.
   d.     the names and addresses of the persons or entities who possess the trust documents.
   e.     each asset that is held in each trust, with its fair market value.

h.     **Name of Accountant, Bookkeeper, or Records Keeper**.  State the names, addresses, and

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (03/17)

- 163 -

telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.

5. **LIABILITIES:**

   a. **Loans, Liabilities, Debts, and Other Obligations.** For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:

   (1)     name and address of the creditor.
   (2)     name in which the obligation is or was incurred.
   (3)     last 4 digits of loan or account number, if any.
   (4)     nature of the security, if any.
   (5)     payment schedule.
   (6)     present balance and current status of your payments.
   (7)     total amount of arrearage, if any.

**You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE.   You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

   b. **Credit Cards and Charge Accounts.** For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

   (1)     name and address of the creditor.
   (2)     name in which the account is or was maintained.
   (3)     names of each person authorized to sign on the accounts.
   (4)     last 4 digits of account numbers.
   (5)     present balance and current status of your payments.
   (6)     total amount of arrearage, if any.
   (7)     highest and lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.

**You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE.  You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (03/17)

- 164 -

c. **Closed Credit Cards and Charge Accounts.**  For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, or since the entry of the Final Judgment sought to be modified, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1)     name and address of each creditor.
(2)     name in which the account is or was maintained.
(3)     last 4 digits of account numbers.
(4)     name of each person authorized to sign on the accounts.
(5)     date the balance was paid off.
(6)     amount of final balance paid off.

**You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.   DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

6.  **MISCELLANEOUS:**
    a. If you are claiming a diminished earning capacity since the entry of the Final Judgment sought to be modified as grounds to modify alimony or deviate from the child support established in your case, describe in detail how your earning capacity is lowered and state all facts upon which you rely in your claim.  If unemployed, state how, why, and when you lost your job.
    b. If you are claiming a change in mental or physical condition since the entry of the Final Judgment sought to be modified as grounds to modify alimony or change the child support established in your case, describe in detail how your mental and/or physical capacity has changed and state all facts on which you rely in your claim.  Identify the change in your mental and/or physical capacity, and state the name and address of all health care providers involved in the treatment of this mental or physical condition.
    c. If you are requesting a change in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for the minor child(ren), describe in detail the change in circumstances since the entry of the Final Judgment sought to be modified that you feel justify the requested change.  State when the change of circumstances occurred, how the change or circumstances affects the child(ren), and why it is in the best interests of the child(ren) that the Court make the requested change.  Attach your proposed parenting plan.
    d. If you do not feel the requested change in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof,  for the minor child(ren) is in their best interests, or if you feel there has not been a change in circumstances since the entry of the Final Judgment sought to be modified, describe in detail any facts since the entry of the Final Judgment sought to be modified that you feel justify the Court denying the requested change.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (03/17)

- 165 -

State what requested change, if any, in shared or sole parenting responsibility, ultimate decision-making, the time-sharing schedule, or of the parenting plan is justified or agreeable to you and why it is in the best interests of the child(ren).

7. **LONG FORM AFFIDAVIT:** If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form12.902(c), you must do so within the time to serve the answers to these interrogatories.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (03/17)

- 166 -

I certify that a copy of this document was [check **all used**]:  (   ) emailed   (   ) mailed (   ) faxed (   ) hand delivered to the person(s) listed below on *{date}* _____ .


**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Email Address(es): _____

**I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____



STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK


_____
[Print, type, or stamp commissioned name of notary or deputy clerk.]
_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____ ,
*{name of business}* _____ ,
*{address}* _____ ,
*{city}* _____ ,*{state}* _____ , *{telephone number}* _____ .

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (03/17)

- 167 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(d), NOTICE OF SERVICE OF ANSWERS TO STANDARD FAMILY LAW INTERROGATORIES
## (03/17)

## When should this form be used?

You should use this form to tell the court that you have responded to the other **party**'s request to answer certain standard questions (**interrogatories**) in writing.

This form should be typed or printed in black ink. You must indicate whether you are sending the answers to interrogatories for original and enforcement proceedings, Florida Family Law Rules of Procedure Form 12.930(b), or modification proceedings, Florida Family Law Rules of Procedure Form 12.930(c). You must also indicate whether you have additional questions that you were asked to answer. After completing this form you should **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## What should I do next?

A copy of this form and the original completed answers to the interrogatories must be mailed or hand delivered to the other party in your case. However, **file** only this form with the clerk. **DO NOT FILE THE ORIGINAL ANSWERS TO THE INTERROGATORIES OR ANY ATTACHMENTS WITH THE CLERK UNLESS THEY ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425.**

## Where can I look for more information?

Before proceeding, you should read **General Information for Self-Represented Litigants found at the beginning of these forms**. For further information see Florida Family Law Rules of Procedure Rules 12.280, 12.285, 12.340, and 12.380.

## Special notes

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(d), Notice of Service of Answers to Standard Family Law Interrogatories (03/17)

- 168 -

IN THE CIRCUIT COURT OF THE_____JUDICIAL CIRCUIT,
IN AND FOR _____COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE OF SERVICE OF ANSWERS TO
# STANDARD FAMILY LAW INTERROGATORIES

I, *{full legal name}*_____ have on *{date}*_____ served on *{name}*_____ fully completed and sworn answers to the standard family law interrogatories served on me, and additional interrogatories if requested. The interrogatories were for [check **one** only] (   ) original or enforcement proceedings (   ) modification proceedings.

**I UNDERSTAND THAT I SHOULD NOT FILE THE ANSWERS TO INTERROGATORIES WITH THE CLERK OF THE CIRCUIT COURT EXCEPT AS PROVIDED BY FLORIDA FAMILY LAW RULE OF PROCEDURE 12.340(d).**

I certify that a copy of this document was [**check all used**] (    ) e-mailed (    ) mailed (    ) faxed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Email Address(es):_____

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for:  *{choose only **one**}* (    ) Petitioner (    ) Respondent
Florida Family Law Rules of Procedure Form 12.930(d), Notice of Service of Answers to Standard Family Law Interrogatories (03/17)

- 169 -

This form was completed with the assistance of:

*{name of individual}*_____ ,

*{name of business}* _____,

*{address}*_____ ,

*{city}*_____ , *{state}* _____ , *{telephone number}*_____.

Florida Family Law Rules of Procedure Form 12.930(d), Notice of Service of Answers to Standard Family Law Interrogatories (03/17)

- 170 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.975, NOTICE OF COMPLIANCE WHEN CONSTITUTIONAL CHALLENGE IS BROUGHT
## (03/17)
### When should this form be used?

You should use this form to provide notice of a constitutional challenge as required by section 86.091, Florida Statutes. This form is to be used when the Attorney General or the State Attorney is not a named **party** to the action, but must be served solely in order to comply with the notice requirements set forth in section 86.091, Florida Statutes.

This form should be typed or printed in black ink. After completing this form, you should <u>file</u> the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

### What should I do next?

A copy of this form must be e-mailed, mailed, or hand delivered to any other party/parties in your case. Please note that if the notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. This is a technical area of the law; if you have any question about it, you should consult a lawyer.

### Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see Florida Family Law Rules of Procedure 12.071 and section 86.091, Florida Statutes.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.975, Notice of Compliance When Constitutional Challenge is Brought (03/17)

- 171 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
                Petitioner,
and

_____,
                Respondent.

# NOTICE OF COMPLIANCE WHEN CONSTITUTIONAL CHALLENGE IS BROUGHT

(   ) Petitioner (    ) Respondent files this notice of compliance with section 86.091, Florida Statutes, and hereby gives notice of compliance with Florida Family Law Rule of Procedure 12.071, with respect to the constitutional challenge brought pursuant to _____ (    ) Florida Statute (    ) charter (    ) ordinance or (    ) franchise challenged _____. The undersigned complied by serving the:

(    ) Attorney General for the state of Florida or (    ) State Attorney for the _____ Judicial Circuit with a copy of the pleading or motion challenging _____ (    ) Florida Statute (    ) charter (    ) ordinance or (    ) franchise challenged_____, by (    ) certified or (    ) registered mail on *{date}*_____.

I hereby certify that a copy of this document was [choose only **one**] (    ) e-mailed (    ) mailed (    ) faxed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name:_____
Address: _____
City, State, Zip: _____
Fax Number: _____
E-mail Address(es): _____

_____
Signature of Party or his/her Attorney:
Printed Name:  _____
Address:  _____
City, State, Zip:  _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____
Florida Bar Number: _____

Florida Family Law Rules of Procedure Form 12.975, Notice of Compliance When Constitutional Challenge is Brought (03/17)

- 172 -

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW**:

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:

*{name of individual}* _____ ,

*{name of business}* _____ ,

 *{address}* _____ ,

*{city}* _____ , *{state}* _____ , *{telephone number}* _____ .

Florida Family Law Rules of Procedure Form 12.975, Notice of Compliance When Constitutional Challenge is Brought (03/17)

- 173 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.999, FINAL DISPOSITION FORM (03/17)

## When should this form be used?

This form is filed by the **petitioner** or **respondent** for the use of the **clerk of the court** for the purpose of reporting judicial workload data under section 25.075, Florida Statutes. When your case is completed, the petitioner or respondent must complete this form and file it with the clerk.

## What should I do next?

This form must be typed or printed in black ink. After completing and signing this form, you should then **file** it and keep a copy for your records.

A copy of this form must be e-mailed, mailed, or hand delivered to the other party(ies) in your case.

## Instructions for completing this form

**I.     Case Style.** Enter the name of the court, the case number assigned at the time of the filing of the petition, counterpetition, or motion, the name of the judge assigned, and the names of the petitioner and respondent.

**II.     Means of Final Disposition.** Place an "x" on the appropriate line before the major category and the appropriate subcategory, if applicable. The following are the definitions of the disposition categories.

A.     Dismissed Before **Hearing** or **Trial.** The case is settled, voluntarily dismissed, or otherwise disposed of before a hearing or trial is held.

B.     Dismissed Under Settlement, Before Hearing or Trial. Before hearing or trial, the case is voluntarily dismissed by the petitioner, respondent, or movant after a settlement.

C.     Dismissal Under Mediated Settlement, Before Hearing or Trial. The case is voluntarily dismissed by the petitioner or respondent after a settlement is reached with mediation before a hearing or trial is held.

D.     Other, Before Hearing or Trial. The case is dismissed before a hearing or trial in an action that does not fall into one of the other disposition categories on this form.

E.     Dismissal Before Hearing or Trial. The case is dismissed by a judge voluntarily after a hearing or trial is held.

F.     Dismissed Under a Settlement, After Hearing or Trial. The case is voluntarily dismissed by the petitioner, respondent, or movant after a settlement is reached without mediation after a hearing or trial is held.

G.     Dismissal Under a Mediated Settlement, After Hearing or Trial. The case is voluntarily dismissed by the petitioner, respondent, or movant after a settlement is reached with mediation after a hearing or trial.

H.		Other, After Hearing or Trial. The case is dismissed after hearing in an action that does not fall into the categories listed on this form.

I.		Disposed by **Default.** A respondent chooses not to or fails to contest the petitioner's allegations and a judgment against the respondent is entered by the court.

J.		Disposed by Judge. A judgment or disposition is reached by the judge in a case that is not dismissed and in which no trial has been held. Includes stipulations by the parties, conditional judgments, summary judgment after hearing, and any manner in which a judgment is entered, excluding cases disposed of by default as in category I. above.

K.		Disposed by Nonjury Trial. The case is disposed as a result of a contested trial in which there is no jury and in which the judge determines both the issues of fact and the law in the case.

L.		Disposed by Jury Trial. Any part of the case is disposed as a result of a jury trial (considered the beginning of a jury trial to be when the jurors and alternates are selected and sworn).

M.		Other. The case is consolidated, submitted to mediation or arbitration, transferred, or otherwise disposed of by any other means not listed in categories (A) to (L).

## Where can I look for more information?

Before proceeding, you should read **General Information for Self-Represented Litigants** found at the beginning of these forms. The words that are in **bold underline** in these instructions are defined there.

# FINAL DISPOSITION FORM

**I.      Case Style**

*{Name of Court}* _____

*{Petitioner}* _____          *{Case number}*_____

                                                                                    *{Judge}* _____

*{Respondent}* _____

**II.      Means of Final Disposition**

Place an "x" on the line for the major category and one subcategory, f applicable only.

_____          Dismissed before hearing/trial
_____          Dismissed pursuant to settlement, before hearing or trial
_____          Dismissed under a mediated settlement before hearing or trial
_____          Other, before hearing or trial

_____          Dismissed after hearing or trial
_____          Dismissed pursuant to a settlement, after hearing or trial
_____          Dismissed pursuant to a mediated settlement, after hearing or trial
_____          Other after hearing or trial

_____          Disposed by default

_____          Disposed by judge

_____          Disposed by nonjury trial

_____          Disposed by jury trial

_____          Other *{specify}* _____.

Date: _____

_____
Signature of Attorney or Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail address(es): _____
Fax number: _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent

Florida Family Law Rules of Procedure Form 12.999, Final Disposition Form (03/17)

This form was completed with the assistance of:
*{name of individual}* _____
_____,
*{name of business}*_____
_____,
*{address}* _____
_____,
*{city}* _____, *{state}* _____, *{telephone number}* _____
_____.